**Hearing Date:  July 1, 2026, at 10:00 a.m.**
**Objection Deadline:  June 24, 2026**

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY SOLOMON SIMPSON, | Case No. 26-10359 (LGB) |
| Debtor. | |

**DEBTOR'S MOTION TO EXTEND THE PERIODS DURING WHICH
THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN
<u>AND TO OBTAIN ACCEPTANCE THEREOF</u>**

Jeffrey Solomon Simpson, the debtor and debtor in possession herein (the "Debtor"), by

his counsel, as and for his motion to extend the periods during which the Debtor has the

exclusive right to file a plan and to obtain acceptance thereof (the "Motion"), respectfully sets

forth and represents:

<u>**Introduction**</u>

1.      On February 19, 2026 (the "Petition Date"), the Debtor filed a voluntary petition

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

As a result, the Debtor became a debtor in possession, pursuant to section 1101(1) of the

4920-0873-7970 v.1

Bankruptcy Code, and has continued in possession of his property, pursuant to section 1107 of the Bankruptcy Code.  No trustee or committee has been appointed.

### Jurisdiction and Venue

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

3.      The Debtor seeks an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the periods during which the Debtor has the exclusive right to file a plan and to obtain acceptance thereof by 120 days to October 17, 2026 and December 16, 2026, respectively, without prejudice to requests for further extensions.  A proposed order granting the relief requested is attached hereto as Exhibit A.

### Basis for Relief Requested

4.       Section 1121(b) of the Bankruptcy Code affords a chapter 11 debtor the exclusive right to file a plan until 120 days after the order for relief.  If a debtor has filed a plan within such period, then, pursuant to section 1121(c)(3) of the Bankruptcy Code, such exclusivity continues until 180 days after the order for relief to permit the plan to gain acceptance by the impaired classes.  In a voluntary bankruptcy case, such as this one, section 301(b) of the Bankruptcy Code provides that the order for relief coincides with the filing of the petition.

5.      Section 1121(d)(1) of the Bankruptcy Code authorizes the Court to increase or reduce the 120-day and 180-day exclusive periods for cause.   Cause is not defined in the statute,

4920-0873-7970 v.1

and courts generally consider the following factors in making a determination whether to

increase or reduce the exclusive periods:

(1)  the size and complexity of the case;

(2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(3)  the existence of good faith progress toward reorganization;

(4)  the fact that the debtor is paying its bills as they become due;

(5)  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(6) whether the debtor has made progress in negotiations with its creditors;

(7) the amount of time that has elapsed in the case;

(8)  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(9)  whether an unresolved contingency exists.

*In re Mooney House, LLC*, Case No. 24-11294 (DSJ), 2025 WL 994230, at *2 (Bankr. S.D.N.Y.

Apr. 1, 2025); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re*

*Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).  The determination of

cause is fact specific and the Court has broad discretion in extending or terminating exclusivity.

*Mooney House*, 2025 WL 994230, at *2; *Borders*, 460 B.R. at 821-22; *Adelphia*, 352 B.R. at

586.

6.      In the present case, the above factors support the Debtor's requested extension.

Although the Debtor's case is not large by the standard of a mega case, it is extremely complex,

based on all the adversary proceedings and litigated motions of which the Court is familiar and

3

4920-0873-7970 v.1

need not be recounted here.  For similar reasons, there is a need for additional time for the Debtor to negotiate a plan of reorganization and prepare adequate information.  Although the Debtor cannot attest to the good faith of other parties in interest, there has been at least one attempt at global settlement negotiations, which did not bear fruit.  The Debtor is not behind in his bills.[1]  In light of the provisions of sections 1129(a)(15) (providing for the value of property to be distributed under the plan to be not less than the projected disposable income of the debtor for five years) and section 1129(b) (providing for the ability of an individual debtor to confirm a plan notwithstanding the dissent of a class of unsecured creditors by retaining property included in the estate under section 1115), there are reasonable prospects for a viable plan.   This Motion is being filed within the initial 120-day period of exclusivity provided by section 1121(b), so not much time has elapsed in the case.  Finally, there is at least one major unresolved contingency in the case, namely, the amount of insurance proceeds available to the Debtor from a policy with Great American Insurance Inc., which has been the subject of significant litigation.  For these reasons, the Debtor merits an extension of the periods in which he has the exclusive right to file and plan and to obtain acceptance thereof.

7.	The requested extensions of 120 days of the two periods are within the maximum time allowed under section 1121(d)(2) of 18 months and 20 months from the date of the order for relief, respectively.

### Notice

8.	The Debtor intends to provide notice of this application to the United States Trustee, the 20 largest creditors as set forth on Official Form 104 as filed with the Petition, and

---

[1] Although extensive professional fees for Debtor's counsel have been incurred, no application for the allowance of such fees has been filed, and in any event, there is a guarantee of such fees secured by a mortgage, which was disclosed in connection with the Debtor's application to retain bankruptcy counsel.

4

4920-0873-7970 v.1

all persons who have filed a notice of appearance in this case.  It is respectfully submitted that notice to such persons constitutes good and sufficient notice of this application.

### Proposed Order

9.    A proposed order granting the relief requested in attached hereto as Exhibit A.

### No Prior Request

10.    No prior request for the relief sought in this application has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant an order extending the periods during which the Debtor has the exclusive right to file a plan and to obtain acceptance thereof by 120 days to October 17, 2026 and December 16, 2026, respectively, without prejudice to requests for further extensions, and that the Court the Debtor grant such other and further relief as is just.

Dated:  New York, New York
        June 12, 2026

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

By: _/s/ Alec P. Ostrow_____
        Alec P. Ostrow
        299 Park Avenue
        New York, New York 10171
        (212) 888-3033
        aostrow@beckerglynn.com

*Counsel for Debtor and Debtor in Possession*

5

4920-0873-7970 v.1