**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

                                            Chapter 11

JEFFREY SOLOMON SIMPSON,

                                       Case No. 26-10359 (LGB)

                     Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned Debtor and Debtor in Possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, his estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on

1

February 19, 2026 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before the Bar Date of July 31, 2026; and it is further

ORDERED, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before August 18, 2026 (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)     Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408;

(c)     Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d)     Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not

available; (iii) be in the English language; and, (iv) be denominated in United States currency; and it is

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)    Any person or entity that has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)    Any holder of a claim that heretofore has been allowed by Order of this Court;

(d)    Any person or entity whose claim has been paid in full by any of the Debtors;

(e)    Any holder of a claim for which specific deadlines have previously been fixed by this Court; or

(f)    Any holder of a claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be

treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

(a)  The United States Trustee;

(b)  Counsel to each official committee;

(c)  All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)  All persons or entities that have filed claims;

(e)  All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)  All parties to executory contracts and unexpired leases of the Debtor;

(g)  All parties to litigation with the Debtor;

(h)  The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)  Such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated:  New York, New York
        June __, 2026

_____
UNITED STATES BANKRUPTCY JUDGE

**[FORM OF NOTICE OF BAR DATE]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

                                        Chapter 11

JEFFREY SOLOMON SIMPSON,

                                      Case No. 26-10359 (LGB)

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF
CLAIM ON OR BEFORE  JULY 31, 2026**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST JEFFREY
SOLOMON SIMPSON:**

The United States Bankruptcy Court for the Southern District of New York has entered

an Order establishing **July 31, 2026** (the "Bar Date") as the last date for each person or entity

(including individuals, partnerships, corporations, joint ventures, trusts and governmental units)

to file a proof of claim against the Debtor listed above (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all

claims against the Debtors that arose prior to February 19, 2026, the date on which the

Debtor commenced the case under chapter 11 of the United States Bankruptcy Code, except

for claims listed in Section 4 below that are specifically excluded from the Bar  Date filing

requirement.  Governmental units may have until August 18, 2026, the date that is

one hundred eighty (180) days after the order for relief, to file proofs of claim.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to February 19, 2026 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### 2.    WHAT TO FILE

Your filed proof of claim must conform substantially to Official Form No. 410; a case specific proof of claim form accompanies this notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not  an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as  to why the documents are not available.

**Your proof of claim form must NOT contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before July 31, 2026.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 614**
> **New York, New York 10004-1408**

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**4.    CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

(a)    Any claim that has already been asserted in a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)    Any claim that previously been allowed by Order of the Court;

(d)    Any claim that has been paid in full by the Debtor;

(e)    Any claim for which a different deadline has previously been fixed by this Court; or

(f)    Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect

to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S' CASE ON ACCOUNT OF SUCH CLAIM.

**7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to

Electronic Court Records ("PACER") are required to access this information and can be obtained

through the PACER Service Center at http://www.pacer.gov.  Copies of the Schedules may also be

examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of

the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York

10004-1408. Copies of the Debtor's Schedules may also be obtained by written request to

Debtor's counsel at the address and telephone number set forth below:


Becker, Glynn, Muffly, Chassin & Hosinski LLP
299 Park Avenue
New York, New York 10171
Attn:  Alec P. Ostrow
(212) 888-3033


**A holder of a possible claim against the Debtor should consult an attorney**

**regarding any matters not covered by this notice, such as whether the holder should file a**

**proof of claim.**


Dated:  New York, New York                                    **BY ORDER OF THE COURT**
           June ____, 2026


Becker, Glynn, Muffly, Chassin & Hosinski LLP
299 Park Avenue
New York, New York 10171
Attn:  Alec P. Ostrow
(212) 888-3033

7