Hearing Date:  July 1, 2026, at 10:00 a.m.
Objection Deadline:  June 24, 2026

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY SOLOMON SIMPSON, | Case No. 26-10359 (LGB) |
| Debtor. | |

**DEBTOR'S LIMITED OBJECTION TO MOTION OF 146 89 STREET FUNDING FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY IS NOT IN EFFECT WITH RESPECT TO THE MOVANTS' INTEREST IN PROPERTY COMMONLY KNOWN AS 146 EAST 89TH STREET NEW YORK, NEW YORK OR ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY**

Jeffrey Solomon Simpson, the debtor and debtor in possession herein (the "Debtor"), by his counsel, as and for his limited objection (the "Limited Objection") to the motion (the "Motion") of 146 89 Street Funding LLC (the "Movant") for an order, confirming that the provisions of the automatic stay, pursuant to 11 U.S.C. § 362(a), are not in effect with respect to the Movants in interest in real properties commonly known as 146 East 89th Street, New York, New York, or alternatively, for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), respectfully sets forth and represents:

4919-5237-0615 v.1

1.      The Debtor does not object to permitting the Movant to complete a foreclosure of the subject property, provided that the Debtor's liabilities do not increase as a result of the foreclosure.  The Debtor is a guarantor of the mortgage, and is a named defendant in the foreclosure action, the complaint of which is Exhibit 1 to the Motion.  The Motion does not include a proposed order granting the relief sought by the Movant.  The Debtor opposes any relief that allows a nonbankruptcy court to determine any aspect of the Debtor's personal liability or the amount of any debt.  The Motion provides no basis for such relief.  The automatic stay obviously applies to an action against the Debtor based on a claim that arose before the filing of the petition.  11 U.S.C. § 362(a).  The grounds for relief from the stay asserted in the Motion, lack of adequate protection and lack of equity in property not necessary for an effective reorganization, *id.* § 362(d)(1)-(2), do not address stay relief regarding the determination of the Debtor's personal liability or the amount of any debt.

2.      A limited joinder in the Motion was filed by Eric M. Huebscher as Receiver.  The limited joinder attaches an unsigned proposed stipulation with the Movant that provides for the Receiver to issue a deed in lieu of foreclosure and includes an unsigned release of guaranty. There is a one-paragraph explanation of the Receiver's efforts to sell the property, which supposedly justifies the proposed unsigned stipulation.  In an amended complaint in a separate adversary proceeding, *Simpson v. Huebscher (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01013 (LGB), the Debtor has sought the termination of the receivership and an accounting from the Receiver.

3.      The Receiver's limited joinder raises substantial questions about what the disposition of the underlying property will be if relief from the stay is granted.  The Motion itself is silent about this proposed stipulation and the proposed release of guaranty.  Contrary to the

2

4919-5237-0615 v.1

notion of a release of guaranty, on June 1, 2026, the Movant filed proof of claim number 11 in the Debtor's case in the amount of $5,870,266.30.  The Debtor opposes any relief prior to a complete, transparent, and justifiable explanation of the proposed disposition of the property, including whether the parties intend to execute, modify, or disavow the proposed stipulation and release of guaranty, and, in particular, whether the Debtor's guaranty will actually be released and the Movant's proof of claim withdrawn.

4.      The Debtor is concerned that investors in the real estate project may assert claims against him based on the conduct of others, such as the Movant or the Receiver, or Jared Chassen with respect to a proposed refinancing of the property that had been arranged by the Debtor but did not come to fruition.  This Court has entered an order, dated June 23, 2026, setting a bar date of July 31, 2026 [ECF Doc. 93].  It is respectfully submitted that there is no urgency to the granting of relief to the Movant until the expiration of the bar date and a review of the filed claims to determine whether any investors have asserted claims against the Debtor and what, if any, conditions or requirements should be imposed on any relief granted by this Court as a result of such claims.  In this regard, the Debtor observes that, with regard to the alleged lack of adequate protection, the Movant has not made an appropriate showing of a decline in value of the underlying real property from the date of the Debtor's petition.  *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988); *Off. Comm. of Unsecured Creditors v. UMB Bank,  N.A. (In re Residential Capital, LLC)*, 501 B.R. 549, 589 (Bankr. S.D.N.Y. 2013).  It is respectfully submitted that there is little prejudice to the Movant in postponing the relief requested for approximately one month to await the expiration of the bar date.

4919-5237-0615 v.1

WHEREFORE, the Debtor respectfully requests that the Motion be denied without prejudice or adjourned until the passage of the bar date, and a complete, transparent, and justifiable explanation of the proposed disposition of the property, including whether the parties intend to execute, modify, or disavow the proposed stipulation and release of guaranty, and, in particular, whether the Debtor's guaranty will actually be released and the Movant's proof of claim withdrawn, and that the Court the Debtor grant such other and further relief as is just.

Dated:  New York, New York
      June 24, 2026

                    BECKER, GLYNN, MUFFLY,
                    CHASSIN & HOSINSKI LLP


                    By: */s/ Alec P. Ostrow*
                        Alec P. Ostrow
                        299 Park Avenue
                        New York, New York 10171
                        (212) 888-3033
                        aostrow@beckerglynn.com

                    *Counsel for Debtor and Debtor in Possession*

4

4919-5237-0615 v.1