KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000
Sean C. Southard, Esq.
ssouthard@klestadt.com

Hearing Date: July 1, 2026
Time: 10:00 a.m.

-and-

SCHWARTZ LAW PLLC
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| JEFFREY SOLOMON SIMPSON, | : | Case No.  26-10359 (LGB) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

### JARED CHASSEN'S STATEMENT OF SUPPORT OF LIMITED JOINDER OF ERIC M. HUEBSCHER IN MOTION OF 146 E 89 STREET FUNDING LLC FOR RELEIF FROM STAY

Jared Chassen ("Chassen"), by and through his undersigned counsel, respectfully submits the following statement in support of the limited joinder of Eric M. Huebscher as Receiver in the motion of 146 89 Funding LLC (the "Lender") (ECF No. 78) (the "Limited Joinder").

1.      The Receiver and the Lender seek relief from the automatic stay afforded the debtor Jeffrey Solomon Simpson (the "Debtor") by 11 U.S.C. §362(a) to authorize and permit the Lender and the Receiver to seek approval in the state court of their proposed stipulation of settlement (the "Stipulation") by which the Receiver will execute and deliver to the Lender a

deed in lieu of foreclosure for the real property owned by 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC and 146 E 89 Borrower 3 LLC (the "Borrowers") located at 146 East 89th Street, New York, New York (the "89th Street Property").

2.       The Borrowers—the owners of the 89th Street Property—are managed by JJ Arch LLC ("JJ Arch") through the court-appointed Receiver, Eric M. Huebscher. *Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) (the "State Court Action").[1]

3.       In June 2022, when the Borrowers obtained a mortgage to purchase the 89th Street Property (the "Mortgage"), Simpson and Chassen entered full recourse personal guaranties of the debt. NYSCEF Doc. Nos. 1185.

4.       The 89th Street Property has been subject of a stop-work order since May 2023 and is the subject of numerous Department of Buildings ("DOB") violations. *See* NYSCEF Doc. Nos. 1194, Certified DOB Records; NYSCEF Doc. No. 1195, ECB Violations; NYSCEF Doc. No. 1196, ECB Violations; NYSCEF Doc. No. 1197, DOB Now Printout; NYSCEF Doc. No. 1198, Certified DOB Records. The Borrowers defaulted on the mortgage in early 2024. NYSCEF Doc. No. 1213, First Foreclosure Complaint.

5.        Simpson and Chassen are guarantor defendants in the pending foreclosure action by the Lender seeking to foreclose on the Mortgage and will be liable to pay any deficiency at the conclusion of the foreclosure.

6.       As of April 30, 2026, the outstanding indebtedness on the 89th Street Property Mortgage is $6,047,599.40. *See* Lender Attorney Certification in Support of the Lender's Motion, ¶ 21.

---

[1] NYSCEF Doc. Nos. 1179, 1180, 1181, 1182, 1183, 1184, 1185.

7.      After multiple extensive marketings since March 2025 with national brokerages, no one has offered to pay more than $4.5 million for the 89th Street Property. *See* Limited Joinder at ¶ 6. Even that offer was contingent on the Receiver clearing the stop work-order and all Department of Building violations. *Id.*

8.      Thus, the 89th Street Property is underwater by at least $1.5 million, with tens of thousands of dollars of default interest continuing to accrue per month.

9.      The Receiver and the Lender have reached an agreement whereby the Receiver would execute a deed in lieu of foreclosure subject to the approval of the state court in the State Court Action. ECF No. 103. The Lender, as part of the agreement, will release both Simpson and Chassen of their full recourse guarantor liability. *Id.* For Simpson, this would massively reduce creditor claims against the bankruptcy estate, as it would extinguish any deficiency claim by the Lender against Simpson.

10.     Despite the benefits to his estate, and with limited elaboration, Simpson opposes the Limited Joinder. He contends that the Court should deny it because he has asserted a cause of action that seeks to remove the Receiver in the adversary proceeding captioned *Simpson v. Huebscher* (In re Simpson), Case No. 26-10359 (LGB), Adversary No. 26-01013 (LGB) (the "Adversary Proceeding"). Debtor's Objection at ¶ 2. The Amended Complaint in that proceeding seeks to vacate the receivership in connection with different entities, 1640 Motors LLC and 1640 Montauk LLC, on the grounds that under an August 2023 Agreement, Chassen was allegedly supposed to convey JJ Arch's interests in 1640 Motors and 1640 Montauk to Simpson's family entity, YJ Simco LLC. The Borrowers and the 89th Steet Property are not entities included in the August 2023 Agreement. *See* NYSCEF Doc. No. 509.

11.     Moreover, in the Adversary Proceeding, the Court already denied Simpson's request to stay the auction of items at 1640 Motors to the extent items there do not belong to Simpson personally. In other words, the Court declined to expand the automatic stay to the Receiver's conduct with respect to corporate property under receivership notwithstanding Simpson's efforts to have the bankruptcy court remove the Receiver over 1640 Motors and 1640 Montauk. Moreover, Simpson makes no showing of any likelihood of success on the merits of his claim to vacate the receivership in the Adversary Proceeding, and he was expressly denied a preliminary injunction staying the receivership as to 1640 Motors and 1640 Montauk during the pendency of that proceeding. He has not sought any injunction in the Adversary Proceeding with respect to the receivership over the Borrowers and the 89th Street Property.

12.     Simpson also contends that the Court should delay the motion until after the bar date deadline because it is possible that investors in the 89th Street Property might bring proofs of claim against Simpson for his mishandling of the 89th Street Property. The bar date is not a basis for delay and hypothetical investor claims against Simpson for mismanagement, should they be brought, have no bearing on the relief from the underwater mortgage that is available to the estate and creditors right now.[2]

13.     Simpson does not contest that the 89th Street Property is massively underwater, and that he is facing extensive claims against him from the Lender absent this proposed settlement. Simpson does not explain how delaying the resolution of this motion benefits his estate. On the contrary, it only exposes the estate to harm, harms Chassen and the Lender as

---

[2] Of course, the principal third-party investor sought to have a trustee appointed over the 89th Street Property to "sell it or take other remedial actions," but Simpson thwarted that request. NYSCEF Doc. No. 1166, Peldman Affirm. at ¶ 12. The third-party investor then supported the appointment of a temporary receiver "who would be authorized to do all the things that any managing member could do . . ." *Id.* at ¶¶ 14-18.

default interest continues to accrue and jeopardizes a deal that prevents a multi-million dollar claim against the estate and Chassen.

14. Moreover, to the extent that Simpson—through his continuing opposition for the sake of opposition—causes the settlement with the Lender to fail, Chassen will initiate a new lawsuit against him *for damages caused by his post-bankruptcy petition conduct*. Section 3.5 of the JJ Arch Operating Agreement provides that Simpson is required to indemnify Chassen from any guarantor liability to the extent "the cause of the claim on such Guaranty is directly attributable to any action" taken by Simpson. NYSCEF Doc No. 1170, JJ Arch Operating Agreement. Should Simpson cause Chassen to incur millions of dollars liability on his guaranty by scuttling this settlement, not only will Simpson have created additional creditor claims *from the Lender against his estate*, but Chassen will pursue Simpson for any claims he incurs because of such guarantor liability because of Simpson's post-bankruptcy conduct.

15. To date, Simpson has opposed every single action taken by the Receiver, even when it benefits him. *See e.g.*, NYSCEF Doc. No. 2125 (letter addressing Simpson's opposition to a deed in lieu of foreclosure with lender of another JJ Arch property where Simpson would be relieved of guarantor liability and where deal was superior to prior deal Simpson had proposed).

16. Simpson's opposition lends further support to the notion that a trustee must be appointed to administer his estate, as Simpson is showing that he cannot act in the best interests of his own estate or his creditors, and instead is single-mindedly focused on wasting estate assets to pursue his vendettas against Chassen and the Receiver.

*[remainder of page intentionally left blank]*

## CONCLUSION

17.     For the foregoing reasons, Chassen respectfully joins in support of the Limited

Joinder and respectfully requests that the Court grant the Receiver's and the Lender's request.

 Dated: June 29, 2026

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, New York 10036
ssouthard@klestadt.com

-and-

**SCHWARTZ LAW PLLC**
By:  /s/ Allen Schwartz
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*