**Hearing Date:  July 8, 2026, at 10:00 a.m.**
**Objection Deadline:  July 1, 2026**

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY SOLOMON SIMPSON, | Case No. 26-10359 (LGB) |
| Debtor. | |

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF
JARED CHASSEN FOR ENTRY OF AN ORDER MODIFYING THE
AUTOMATIC STAY AS NECESSARY TO PERMIT THE STATE
COURT ACTION TO PROCEED BEFORE THE SUPREME
<u>COURT OF THE STATE OF NEW YORK</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

Preliminary Statement........................................................................................................... 1

Statement of the Case............................................................................................................ 1

Argument ............................................................................................................................... 3

    I        THE COURT SHOULD PRESERVE THE DEBTOR'S
FUNDAMENTAL PROTECTION OF THE AUTOMATIC STAY
AT THIS STAGE OF THE CASE, ESPECIALLY PRIOR TO
THE EXPIRATION OF THE BAR DATE, AND AVOID
PIECEMEAL LITIGATION IN MULTIPLE COURTS ..................................... 3

    II       THE SONNAX FACTORS WEIGH HEAVILY AGAINST
LIFTING THE AUTOMATIC STAY.................................................................... 6

    III      THE RULINGS OF JUDGES FURMAN AND VARGAS
CONCERNED REMOVAL, NOT STAY RELIEF, AND THE
RULING OF JUDGE MASTANDO CONCERNED JJ ARCH,
AND, AS SUCH, ARE INAPPLICABLE TO THE PRESENT
MOTION................................................................................................................ 9

    IV      THE COURT SHOULD NOT PERMIT THE RECEIVER (OR
ANYONE ELSE) TO "PIGGY BACK" MR. CHASSEN'S LIFT-
STAY MOTION, AND IN ANY EVENT, THE RECEIVER'S
REQUEST SHOULD BE DENIED .................................................................... 10

Conclusion .......................................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Cases**

*Cal. Pub. Emp. Ret. Sys. v. Worldcom, Inc.*,
   368 F.3d 86 (2d Cir. 2004) ...................................................................................... 11

*Celotex Corp. v. Edwards*,
   514 U.S. 300 (1995)................................................................................................. 11

*Commercial Union Ins. Co. v. Johns-Manville Corp.*
   *(In re Johns-Manville Corp.)*, 31 B.R. 965 (S.D.N.Y. 1983) ...................................... 6

*E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*,
   157 F.3d 169 (2d Cir. 1998) ...................................................................................... 3

*In re Congregation Birchos Yosef*,
   535 B.R. 629 (Bankr. S.D.N.Y. 2015), *appeal dismissed*, No. 15-CV-6408, 2016 WL
   5394755 (S.D.N.Y. Sept. 27, 2016), *aff'd*, 699 F. App'x 91 (2d Cir. 2017)..................... 3

*In re JJ Arch LLC*, Case No.  24-10381 (JPM),
   2024 WL 2928033 (Bankr. S.D.N.Y. June 10, 2024)............................................9-10

*In re Keene Corp.*,
   171 B.R. 180 (Bankr. S.D.N.Y. 1994)....................................................................... 7

*In re Ocean Rig UDW Inc.*,
   585 B.R. 31 (S.D.N.Y. 2018), *aff'd*, 764 F. App'x 46 (2d Cir. 2019) ....................... 5

*In re Quigley Co., Inc.*,
   391 B.R. 695 (Bankr. S.D.N.Y. 2008)....................................................................... 5

*Kane v. Johns-Manville Corp.*,
   843 F.2d 636 (2d Cir. 1988) ..................................................................................... 5

*Mazzeo v. Lenhart (In re Mazzeo)*,
   167 F.3d 139 (2d Cir. 1999) ..................................................................................... 7

*Simpson v. Chassen*, No. 25-CV-04004 (JAV),
   2026 WL 1584643 (S.D.N.Y. June 3, 2026) ............................................................ 9

*Simpson v. Chassen*, No. 25-CV-4004 (JF),
   2025 WL 1784931 (S.D.N.Y. June 27, 2025) ........................................................... 9

*Simpson v. Chassen*, Index No. 158055/2023,
   NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026) ......................................... 5

*Simpson v. Chassen*, Index No. 158055/2023,
   NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026) ......................................... 5

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
   907 F.2d 1280 (2d Cir. 1990) ............................................................................. passim

*United States v. Noland*,
   517 U.S. 535, 538 (1996).......................................................................................... 8

**Statutes**

11 U.S.C. § 327(a) ........................................................................................................ 9
11 U.S.C. § 327(e) ........................................................................................................ 9
11 U.S.C. § 362(c)(2)(B)-(C).......................................................................................... 5
11 U.S.C. § 362(d) ...................................................................................................... 10
11 U.S.C. § 362(d)(1) .................................................................................................... 6
11 U.S.C. § 523(a)(2).................................................................................................... 4
11 U.S.C. § 523(a)(4).................................................................................................... 4

4921-3875-4233 v.1

11 U.S.C. § 523(a)(6)...................................................................................................... 4
11 U.S.C. § 1109(b)......................................................................................................8
28 U.S.C. § 157(b)(2)(B) .............................................................................................. 4
28 U.S.C. § 157(b)(2)(C) .............................................................................................. 4
28 U.S.C. § 1334(b) .................................................................................................... 11

**Rules**
Fed. R. Bankr. P. 2002 ................................................................................................ 11
Fed. R. Bankr. P. 3003(c) ............................................................................................. 4
Fed. R. Bankr. P. 4001 ................................................................................................ 10
Fed. R. Bankr. P. 9014(a) ............................................................................................ 10
Local Bankr. R. 9006-1(c) ........................................................................................... 11

**Other Authorities**
H.R. Rep. 95-595, at 46 (1977)................................................................................... 11
H.R. Rep. 95-595, at 340 (1977).................................................................................. 3

4921-3875-4233 v.1

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of Jeffrey Solomon Simpson, as Debtor and Debtor in Possession (the "Debtor"), in opposition to the motion of Jared Chassen for entry of an order modifying the automatic stay as necessary to permit the state court action to proceed before the Supreme Court of the State of New York (the "Motion"). Accompanying this memorandum of law is a declaration of the Debtor in opposition to the Motion.

**Statement of the Case**

Mr. Chassen has moved to modify the automatic stay to permit the main New York State court action, initially commenced by the Debtor, but now containing many claims and counterclaims against him, to proceed.  The motion has been made and scheduled to be heard prior to the bar date for filing claims in this bankruptcy case of July 31, 2026, and Mr. Chassen has not yet filed a proof of claim.  Such a claim would be objected to by the Debtor, and would be subject to this Court's determination as a core bankruptcy proceeding.

In this state court case, the Debtor has been removed as the managing member of Arch Real Estate Holdings LLC, had a receiver appointed for certain of JJ Arch LLC assets, and has been subjected to contempt proceedings.  It is this case where, because of actions in a related state court case, he has been deprived of insurance money to pay counsel, and has often acted *pro se*.  Indeed, this is the case that has deprived the Debtor of his major source of income, and indeed, his livelihood.  It is this case that forced the Debtor into personal bankruptcy.  The effect of the stay relief, if granted, would not only deprive the Debtor of the breathing spell afforded by

the automatic stay, but would be contrary to the fundamental purpose of bankruptcy for debtors, to obtain a fresh start, unhampered by the burden and discouragement of what has come before.

As set forth below, Mr. Chassen offers little reason to lift the stay, especially when the state court itself has stated that there should be one forum in which all matters should be determined, and that forum is this Court. Despite Mr. Chassen's contrary contention, the factors used to determine whether it is appropriate to lift the stay to litigate in another forum weigh decidedly in the Debtor's favor. Mr. Chassen's other authorities, decisions by the district court on a remand motion and a motion to modify an anti-removal injunction, did not address the automatic stay, and the decision lifting the automatic stay in the JJ Arch LLC case did not address issues pertinent to the Debtor's personal bankruptcv case, because, among other reasons, it was decided prior to the Debtor's personal bankruptcy filing.

In addition, the Receiver for certain assets of JJ Arch has filed a "joinder" in the motion to permit him to seek certain relief in the state court. This attempt to avoid his own motion to lift the stay should be rejected, and in any event, should be denied for the same reasons that apply to Mr. Chassen's motion, and because this Court has the requisite jurisdiction to consider any relief that the Receiver may request.

Mr. Chassin's motion, and the Receiver's joinder, should be denied in all respects.

2

4921-3875-4233 v.1

**Argument**

**I**

**THE COURT SHOULD PRESERVE THE DEBTOR'S FUNDAMENTAL
PROTECTION OF THE AUTOMATIC STAY AT THIS STAGE OF
THE CASE, ESPECIALLY PRIOR TO THE EXPIRATION OF
THE BAR DATE, AND AVOID PIECEMEAL LITIGATION
IN MULTIPLE COURTS.**

The automatic stay is "'one of the fundamental debtor protections provided by the bankruptcy laws,' designed to relieve 'the financial pressures that drove [debtors] into bankruptcy.'" *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. 95-595, at 340 (1977)). "It affords debtors a 'breathing spell' from the collection process and enables them to attempt a repayment or reorganization plan to satisfy existing debt." *Id.* "Indeed, the automatic stay is the debtor's primary protection during a bankruptcy case, just as the discharge is the debtor's primary protection at the end of the case." *In re Congregation Birchos Yosef*, 535 B.R. 629, 633 (Bankr. S.D.N.Y. 2015) *appeal dismissed*, No. 15-CV-6408, 2016 WL 5394755 (S.D.N.Y. Sept. 27, 2016), *aff'd*, 699 F. App'x 91 (2d Cir. 2017).

Mr. Chassen's motion seeks to allow the state court action to proceed with respect to the so-called "Governance Disputes." But Mr. Chassen defines "Governance Disputes" broadly to include "all of Chassen's counterclaims and defenses asserted in the State Court Action, the receivership appointed by the Commercial Division in the State Court Action, as well as any by any party seeking to hold Simpson in civil or criminal contempt of the Commercial Division's orders." In essence, Mr. Chassen's motion seeks to strip away from the Debtor the fundamental protections of the automatic stay, the "breathing spell" from the financial pressures that drove the Debtor into personal bankruptcy, and the ability of the Debtor to work on a reorganization plan.

3

4921-3875-4233 v.1

There is little justification for this Motion, which was made less than four months after the bankruptcy filing.

Two bankruptcy deadlines as pertains to Mr. Chassen must be mentioned at the outset of this discussion.  The first is the deadline in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure for creditors seeking to determine the dischargeability of debts under 11 U.S.C. § 523(a)(2), (4), or (6), to file a complaint to determine such dischargeability.  Unlike another lift-stay movant, 608941 NJ Inc. ("Oak"), or the Receiver who filed a joinder in Mr. Chassen's motion, Mr. Chassen did not file a complaint to determine the dischargeability of any debt potentially owed to him by the Debtor.  If the Debtor receives a discharge, litigating Mr. Chassen's counterclaims against the Debtor in the state court action would be pointless, because a ruling in Mr. Chassen's favor would not result in any enforceable debt against the Debtor, personally.

The second deadline is the one, recently set by this Court, under Rule 3003(c) of the Federal Rules of Bankruptcy Procedure, to file proofs of claim by July 31, 2026, for any creditors to file a proof of claim against the Debtor or be forever barred from voting or receiving a distribution from the Debtor's bankruptcy estate, unless their claims are scheduled in an amount with which they agree and are not designated as disputed, unliquidated, or contingent. Mr. Chassen's claim is scheduled without an amount and is designated as disputed, unliquidated, and contingent.[1]  If Mr. Chassen files a proof of claim by July 31, 2026, then not only would the objection to his claim be a core proceeding under 28 U.S.C. § 157(b)(2)(B), so would any counterclaim by the Debtor's estate.  *Id.* § 157(b)(2)(C).  If Mr. Chassen does not file a proof of claim, then there would be no point in permitting him to litigate at this time his claims against

---

[1] Schedule E/F, Part 2, claim no. 4.73, ECF Doc. 19, at page 45 of 108, *In re Simpson*, Case No. 26-10359 (LGB) (Bankr. S.D.N.Y. Mar. 5, 2026).

4

the Debtor in the state court action.  If it turns out that in the future the Debtor's bankruptcy case is dismissed, or the Debtor is denied a discharge, then, at that point, the automatic stay will automatically terminate.  11 U.S.C. § 362(c)(2)(B)-(C).  There is no need for such litigation in the state court action now.

To the extent Mr. Chassen seeks stay relief on behalf of "any party," he is asserting rights or claims belonging to other parties for which he lacks standing.  *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988); *In re Ocean Rig UDW Inc.*, 585 B.R. 31, 37 (S.D.N.Y. 2018), *aff'd*, 764 F. App'x 46 (2d Cir. 2019); *In re Quigley Co., Inc.*, 391 B.R. 695, 704 (Bankr. S.D.N.Y. 2008).

As to lifting the stay to compel the Debtor to proceed with his affirmative claims in state court, it is significant that, in response to the Debtor's chapter 11 filing, Justice Cohen stayed the state court action in its entirety.  Order, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026).  Following letters from the parties that requested and opposed reconsideration of the stay, Justice Cohen issued a court notice declining to disturb the stay, stating:

> [T]his case at this point should be included in the federal proceedings so that it can move forward . . . .  Maintaining related proceedings in a single forum (to ensure coordination and avoid inconsistent rulings) has long been the Courts preference in these interconnected matters, and at this juncture the Bankruptcy Court appears to be that forum.

Court Notice, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026).  As Justice Cohen recognized litigating intertwined issues in more than one court does not make sense from the perspective of avoiding piecemeal litigation and inconsistent results.

4921-3875-4233 v.1

As a district judge in the Southern District of New York observed over 40 years ago in a case where there was litigation in multiple forums, "it is preferable to resolve all these issues in a single forum; and that piecemeal adjudication of these issues in different forums would be counterproductive for readily apparent reasons." *Commercial Union Ins. Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 31 B.R. 965, 975 (S.D.N.Y. 1983). Permitting Mr. Chassen to litigate the co-called "Governance Disputes" in the state court action would not serve the purpose of the Bankruptcy Code, or the interests judicial efficiency or justice. Mr. Chassen's motion should therefore be denied.

## II

### THE *SONNAX* FACTORS WEIGH HEAVILY AGAINST LIFTING THE AUTOMATIC STAY.

Mr. Chassen also argues that he should be granted relief from the automatic stay to continue the state court action for "cause" under 11 U.S.C. § 362(d)(1). When relief from the stay to litigate in a non-bankruptcy court is requested, courts in the Second Circuit consider a proper weighing of the twelve factors set forth in the seminal case of *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990). These factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other

6

4921-3875-4233 v.1

proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of the litigation; (11) whether the parties are ready for trial in the other proceedings; and (12) impact of the stay on the parties and the balance of harms.

907 F.2d at 1286. Not all *Sonnax* the factors are relevant in every case, *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); and a court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

In the present case, it is clear that the *Sonnax* factors weigh heavily against relief from the stay. Relief from the stay for Mr. Chassen would only partially resolve the issues of relevance in the bankruptcy case, including the claims of the other parties to the state court action against the Debtor's estate, and any issues concerning the dischargeability of such claims for Oak and the Receiver, who have filed dischargeability complaints (first factor). As to dischargeability, the Debtor respectfully refers the Court to his contemporaneously filed memorandum of law in opposition to Oak's motion for stay relief. The state court action clearly has a direct connection with the bankruptcy case (second factor). Although the state court action does, in part, implicate the Debtor as a fiduciary, many of the claims asserted in the state court action do not. Therefore, on balance, the third factor favors maintaining the stay in place.

The state court is not a specialized tribunal; it is a court of general jurisdiction (fourth factor). As to the fifth factor, as the court is well aware,[2] there is no insurer that either is currently paying either the Debtor's defense costs or has assumed coverage of the Debtor's liability. The state court action does not primarily involve third parties, because even non-debtor defendants, such as JJ Arch LLC and Arch Real Estate Holdings LLC, were managed by the Debtor at all relevant times, and their liability or lack thereof is dependent upon on the conduct

---

[2] The Debtor's insurance issues were discussed at length in Debtor's Memorandum of Law in Opposition to Motion to Remand or Abstain, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF Doc. 19 (Bankr. S.D.N.Y. Apr. 23, 2026).

4921-3875-4233 v.1

of the Debtor (sixth factor).  As to the seventh factor, to the extent that there are valid claims against the Debtor owed to creditors who are not parties to the state court action, these creditors are prejudiced by the denial of their rights to raise and be heard on issues under 11 U.S.C. § 1109(b).  Regarding the eighth factor, it is certainly possible that a judgment against the Debtor would be subject to equitable subordination based on a finding of inequitable conduct by Mr. Chassen that resulted in an unfair advantage and would not be inconsistent with the provisions of the Bankruptcy Code.  *See United States v. Noland*, 517 U.S. 535, 538-39 (1996) (discussing the elements of equitable subordination).

As to the tenth factor, as discussed above, the state court itself has expressed a preference for maintaining proceedings in a single forum, with such forum being the bankruptcy court.  The parties are not ready for trial in the state court (eleventh factor).  Regarding the twelfth factor, as discussed below, the impact of the automatic stay is crucial to the Debtor, because, among other things, it relieves the pressure that drove him into bankruptcy, and affords him a breathing spell to enable him to propose a reorganization plan.

Crucially, concerning this twelfth factor, it is significant that because of insurance issues, the Debtor was frequently *pro se* in the state court.  He is not *pro se* in this Court.  Notably, the engagement agreement for bankruptcy counsel provides that the scope of services is for "the preparation for and filing and prosecution of a voluntary chapter 11 case . . . and all matter relating to such chapter 11 case (the 'Engagement').[3]  The Engagement does not include an undertaking to represent you . . . in any other matter."  Consequently, because bankruptcy

---

[3] The retention agreement is attached to the Disclosure of Compensation filed by Becker, Glynn, Muffly, Chassin & Hosinski LLP in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 24 (Bankr. S.D.N.Y. Mar. 5, 2026); which was also Exhibit B to the Application of Debtor and Debtor in Possession to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor and Debtor in Possession as of the Date of the Petition in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 29-2 (Bankr. S.D.N.Y. Mar. 20, 2026).

8

counsel was not engaged to represent the Debtor in state court, granting relief from the stay could very well leave the Debtor *pro se* once again.[4]

As a result, the *Sonnax* factors overwhelmingly favor the maintenance in place of the automatic stay, and the denial of Oak's motion for relief from it.

## III

### THE RULINGS OF JUDGES FURMAN AND VARGAS CONCERNED REMOVAL, NOT STAY RELIEF, AND THE RULING OF JUDGE MASTANDO CONCERNED JJ ARCH, AND, AS SUCH, ARE <u>INAPPLICABLE TO THE PRESENT MOTION.</u>

Mr. Chassen argues that stay relief should be granted on the basis of the rulings of Judges Mastando, Furman, and Vargas. This argument should be rejected. The rulings of Judges Furman and Vargas concerned removal and remand, not stay relief. *See Simpson v. Chassen*, No. 25-CV-4004 (JF), 2025 WL 1784931, at *1 (S.D.N.Y. June 27, 2025) (quoting remand order, which was granted based on the Debtor's status as plaintiff); *Simpson v. Chassen*, No. 25-CV-04004 (JAV), 2026 WL 1584643, at *2 (S.D.N.Y. June 3, 2026) (applying mandatory abstention and equitable remand authorities). Judge Mastando's automatic stay ruling was in the JJ Arch LLC bankruptcy case, prior to the Debtor's chapter 11 filing, concerned the perspective of JJ Arch, and therefore did not address any aspect of the Debtor's personal bankruptcy filing, such as the significance of the automatic stay in the Debtor's case. *See In re JJ Arch LLC*, Case

---

[4] The periodic *pro se* status of the Debtor was the result of the deprivation of insurance coverage, the circumstances of which have been previously described to this Court. *See* Debtor's Memorandum of Law in Opposition to Motion to Remand or Abstain, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF Doc. 19 (Bankr. S.D.N.Y. Apr. 23, 2026). Any counsel appearing for the Debtor and Debtor in Possession in state court would need to be retained pursuant to 11 U.S.C. § 327(a) or § 327(e). A section 327 retention for counsel who has not previously represented the Debtor requires disinterestedness. Even for counsel representing the Debtor in his individual capacity, for whom a retention order is not required, without a reliable source of compensation, it is not likely that the Debtor will be able to retain or maintain the retention of counsel. This leads to the conclusion that the Debtor would likely be litigating *pro se* in state court.

9

4921-3875-4233 v.1

No. 24-10381 (JPM), 2024 WL 2928033, at *9-11 (Bankr. S.D.N.Y. June 10, 2024).  Judge

Furman's ruling was also prior to the Debtor's chapter 11 filing, and was predicated simply upon

the Debtor's inability to use a nonbankruptcy removal statute when the Debtor was captioned as

the plaintiff.  Like Judge Mastando's ruling, Judge Furman's ruling did not address any aspect of

the Debtor's chapter 11 filing, such as the significance of the automatic stay.

Only Judge Vargas's ruling occurred after the Debtor's personal bankruptcy filing.  She

denied the Debtor's motion for relief from the anti-removal injunction issued by Judge Furman.

As a result, Judge Furman's anti-removal injunction remains in effect.  That, however, does not

mean that relief from the stay must be granted.  In particular, Judge Vargas was not asked to

address, and did not address, the *Sonnax* factors discussed above.  Nor did Judge Vargas address

the deadlines to file dischargeability complaints or proofs of claim, discussed above.

For all these reasons, the rulings of Judges Mastando, Furman, and Vargas are

inapplicable to the present motion, and do not provide a basis to grant it.


## IV

### THE COURT SHOULD NOT PERMIT THE RECEIVER (OR ANYONE ELSE) TO "PIGGY BACK" MR. CHASSEN'S LIFT-STAY MOTION, AND IN ANY <u>EVENT, THE RECEIVER'S REQUEST SHOULD BE DENIED.</u>

The Receiver has filed a "joinder" in Mr. Chassen's lift stay motion.  To the extent the

Receiver seeks relief from the stay, the Receiver must make his own motion.  He cannot obtain

relief via "piggy back" by joining someone else's motion.

Rule 4001(a) of the Federal Rules of Bankruptcy Procedure states in relevant part, "A

motion under § 362(d) for relief from the automatic stay . . . must comply with Rule 9014."  Rule

9014(a) of the Federal Rules of Bankruptcy Procedure states in relevant part:  "In a contested

10

matter not otherwise governed by these rules, relief must be requested by motion. Reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought." Local Bankruptcy Rule 9006-1(c) provides that for motions that are not discovery-related or governed by Bankruptcy Rule 2002, at least 14 days' notice must be given. The Receiver's joinder is not a motion under Rule 9014, and 14 days' notice was not given. For this reason, the Receiver's request must be denied without prejudice.

But even if the Receiver had followed the rules, or if his failure to follow the rules is excused, the Receiver's request must be denied. The *Sonnax* factors discussed above apply to the Receiver's request just as they apply to Mr. Chassen's motion. Moreover, this Court certainly has jurisdiction under 28 U.S.C. § 1334(b) to entertain any relief requested by the Receiver. Indeed, one of the purposes of the revisions of the Bankruptcy Reform Act of 1978 was to centralize litigation in the bankruptcy court. *Cal. Pub. Emp. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 96-97 (2d Cir. 2004) (citing H.R. Rep. No. 95-595, at 46 (1977)). As the Supreme Court has recognized, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). The state court clearly contemplated this Court's entertaining requests for relief from the Receiver when it stayed all the state court action in its entirety in favor of having all matters decided in one forum, with such forum being the bankruptcy court.

11

4921-3875-4233 v.1

## Conclusion

For all the forgoing reasons, the Debtor respectfully prays for an order denying Mr.

Chassen's Motion, and the Receiver's joinder in it, in all respects, and granting the Debtor such

other and further relief as is just.

Dated:  New York, New York
        July 1, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255


By: _/s/ Alec P. Ostrow_____
        Alec P. Ostrow
        aostrow@beckerglynn.com

*Attorneys for Jeffrey Solomon Simpson, as Debtor*
*and Debtor in Possession*

12