# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------- X

146 89 STREET FUNDING LLC,

        Plaintiff,

        -against-

146 E 89 BORROWER 1 LLC; 146 E 89
BORROWER 2 LLC; 146 E 89 BORROWER 3 LLC;
JEFFREY SIMPSON; JARED CHASSEN; NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD; ALBA CARTING DEMOLITION INC.
A/K/A ALBA CARTING & DEMOLITION INC.;
CONSTRUCTION SERVICES SOLUTIONS LLC
A/K/A CONSTRUCTION SERVICES AND
SOLUTIONS LLC; ARCH BUILDERS LLC A/K/A
ARCH BUILDERS NEW YORK LLC; CITY OF
NEW YORK DEPARTMENT OF FINANCE; and
JOHN DOE #1 through JOHN DOE #99,

        Defendants.

------------------------------------- X

**STIPULATION OF
SETTLEMENT**

Index No. 850401/2025

This STIPULATION OF SETTLEMENT ("Stipulation"), is made by and among (i) plaintiff 146 89 Street Funding LLC ("Plaintiff"); and (ii) defendants 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC and 146 E 89 Borrower 3 LLC (collectively, the "Borrowers"), by and through Eric M. Huebscher, not individually but solely in his capacity as the court-appointed receiver (the "Receiver") of the Borrowers and the Property (defined below). The foregoing parties are hereunder sometimes collectively referred to as the "Parties", and individually as a "Party".

**RECITALS**

A.    On January 11, 2024, 146 89 Funding LLC commenced an action to foreclose a certain mortgage against the property owned by Borrowers and known as 146 East 89th Street, New York, New York (Block 1517, Lot 149) (the "Property") entitled *146 89 Funding LLC v*

*146 E 89 Borrower I LLC, et al.*, Index No. 850010/2024 (Supreme Court, New York County) (the "850010/2024 Action").  On August 5, 2025, the 850010/2024 Action was discontinued without prejudice.

B.	On September 12, 2025, Plaintiff commenced this action seeking to foreclose a certain mortgage against the Property.

C.	On December 10, 2025, Plaintiff filed a motion (the "Motion") for appointment of a referee to compute the amount due to plaintiff under its note and mortgage and to grant a default judgment. (NYSCEF Doc. Nos. 27 – 37).

D.	On April 30, 2026, the New York County Supreme Court approved a stipulation adjourning the Motion on consent until June 30, 2026 (NYSCEF Doc. No. 42).  The stipulation, among other things, stated the Parties were engaged in settlement discussions and reached a settlement understanding, subject to an agreed, approved Stipulation of Settlement and related documentation. (Id. par.3).

E.	In an action in the Supreme Court, New York County, captioned *Jeffrey Simpson v. Jarred Chassen, et al.*, Index No. 158055/2023 (the "State Court Action"), an Order was issued by the Honorable Joel M. Cohen, dated March 11, 2025, pursuant to which the Receiver was appointed temporary receiver over, among others, the Borrowers and the Property.

F.	In order to avoid the expense, delay, and uncertainty of litigation, the Parties have agreed to resolve their differences among themselves on the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned Parties hereby stipulate and agree as follows:

2

1.      The Receiver shall execute and deliver to Plaintiff a deed in lieu of foreclosure for the Property (the "Deed in Lieu"), pursuant to which the Borrowers will convey all of their right, title and interest in and to the Property to Plaintiff or its designee.

2.      The Plaintiff and the Receiver shall agree on the calculation of the New York City and the New York State transfer taxes owing on the transfer of the Property to Plaintiff or its designee. The Plaintiff will transfer the agreed total amount of the transfer taxes (the "Transfer Taxes Amount") to the Receiver, who shall deposit the Transfer Taxes Amount in his receivership trust bank account and pay the Transfer Taxes Amount to the Plaintiff's title insurance company. The Plaintiff's title insurance company shall pay the Transfer Taxes Amount in full upon delivery of the Deed in Lieu to the Office of the County Clerk for recording.

3.      Additionally, Plaintiff, promptly after the delivery of the Deed in Lieu to the Office of the County Clerk for Recording, will pay the Receiver (a) 0.5% of the amount or value assigned to the property for purposes of calculating the transfer taxes as the Receiver's commission on this Deed in Lieu settlement transaction and (b) $15,000 to the Receiver for the legal fees of the Receiver's counsel for work on this Deed in Lieu settlement transaction. Both of these amounts will remain in the Receiver's receivership trust bank account pending applications to the appropriate court to approve the commission and fees.

4.      Plaintiff or its designee shall accept the Deed in Lieu and take title to the Property in as-is physical order and condition, subject to all taxes and encumbrances (except for the transfer taxes identified in paragraph 2 hereof), including but not limited to all real estate taxes and mechanic's liens on the Property.

5.      The Receiver shall not further encumber the Property prior to the delivery of the Deed in Lieu.

6.      The Plaintiff, within five (5) business days after the later of (a) the delivery of the Deed in Lieu; and (b) payment by the Receiver of the transfer taxes identified in paragraph 2 hereof, shall execute and deliver a release of guaranty, in the form of the document attached hereto as **Exhibit A**, pursuant to which Plaintiff shall terminate the personal guaranty of guarantors and defendants Jeffrey Simpson and Jared Chassen (the 'Guarantors") dated as of June 28, 2022, and release and discharge Guarantors from all obligations under said guaranty.

7.      Plaintiff hereby waives, and agrees not to seek, a deficiency judgment against the Borrowers and Guarantors.

8.      Within 10 business days after the later of (a) the delivery of the Deed in Lieu to Plaintiff; and (b) payment by the Receiver of the transfer taxes identified in paragraph 2 hereof, Plaintiff shall discontinue this action against the Guarantors with prejudice.

9.      Each Party hereto agrees that this Stipulation, and any exhibits hereto, constitutes the entire agreement of the Parties as to the subject matter thereof and supersedes any and all prior agreements or understandings among them related thereto. Except as set forth herein, there are no other promises, understandings, representations, or warranties concerning the subject matter of this Stipulation, and no Party to this Stipulation has relied on any other promises, understandings, representations, or warranties in entering into this Stipulation.

10.     The terms and provisions of this Stipulation shall become binding on the Parties upon the approval of the terms and provisions of this Stipulation in the State Court Action or, alternatively, by the U.S. Bankruptcy Court for the Southern District of New York.

11.    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

12.    This Stipulation shall be governed by the laws of the State of New York in all respects.

13.    Each Party represents that the execution, delivery, and performance of this Stipulation does not conflict with, violate, or result in the breach of any agreement, instrument, order, judgment, decree, law, or governmental regulation to which that Party is subject.

14.    Each Party hereby represents and warrants that it has not assigned, encumbered or otherwise disposed of its interest in the Property.

15.    Neither this Stipulation, nor any provision hereof, shall be amended or modified except by a writing duly subscribed and executed by all the Parties hereto. This Stipulation may be executed in multiple counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures that are sent by facsimile or e-mail shall be treated as originals and shall be deemed for all purposes as constituting good and valid execution and delivery of the Stipulation by the signing Party.

17.    Each signatory hereto represents and warrants that they are duly authorized to execute this Stipulation on behalf of the Party for whom they are signing.

**WHEREFORE,** the Parties hereto have caused this Stipulation of Settlement to be signed on the dates indicated below, the Stipulation becoming effective as set forth herein.

Dated: 6/29/26

146 89 STREET FUNDING, LLC

By:_____
Name:  Doris Shen
Title:  Asset Manager

5

Dated: 06/29/2026

**146 E 89 BORROWER 1 LLC**

By:_____
Name: Eric M. Huebscher
Title: Court-Appointed Receiver

**146 E 89 BORROWER 2 LLC**

By:_____
Name: Eric M. Huebscher
Title: Court-Appointed Receiver

**146 E 89 BORROWER 3 LLC**

By:_____
Name: Eric M. Huebscher
Title: Court-Appointed Receiver

STATE OF NEW YORK       )
                                          ) ss.:
COUNTY OF NEW YORK  )

On the 29th day of June in the year 2026, before me, the undersigned, a Notary Public in and for said State, personally appeared, Doris Shen , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity as a Asset Manager of 146 89 Street Funding, LLC and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Pennsylvania
STATE OF NEW YORK       )
      TLG      Lehigh          ) ss.:
COUNTY OF NEW YORK  )
      TLG

FARIDA HAKIM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01HA0033511
QUALIFIED IN BRONX COUNTY
MY COMMISSION EXPIRES FEBRUARY 5, 2029

6

On the 29th day of June in the year 2026, before me, the undersigned, a Notary Public in and for said State, personally appeared, **Eric M. Huebscher**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her capacity as the Court-Appointed Receiver of 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC and 146 E 89 Borrower 3 LLC, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Commonwealth of Pennsylvania - Notary Seal
Tara L Golden, Notary Public
Lehigh County
My commission expires September 16, 2026
Commission Number 1197784

_Tara L. Golden_
Notary Public

Notarized remotely online using communication technology via Proof.

## RELEASE OF GUARANTY

146 89 Street Funding, as successor in interest to ConnectOne Bank, for good and valuable consideration, the receipt of which is hereby acknowledged, hereby terminates that certain Guaranty, dated as of June 28, 2022 ("Guaranty"), executed by Jeffrey Simpson and Jared Chassen (the "Guarantors") in favor of 146 89 Street Funding, with respect to the obligations of 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC and 146 E 89 Borrower 3 LLC (the "Borrowers") as evidenced by the Note and secured by the Mortgage on 146 East 89th Street, New York, New York, all in favor of 146 89 Street Funding LLC (after giving effect to the assignment of the Guaranty, the Note and the Mortgage by ConnectOne Bank to 146 89 Street Funding LLC, dated as of November 17, 2023) and 146 89 Street Funding hereby releases and discharges the Guarantors, and each of them, from all of their obligations under the Guaranty.

Dated as of June ___, 2026

**146 89 Street Funding LLC**

By:_____

Name:

Title:

8

FF\50622499.2