UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                          Chapter 11

    Jeffrey Solomon Simpson,            Case No. 26-10359

                       *Debtor*.

---------------------------------------------------------

## AMENDED ORDER REGARDING CHASSEN LIFT STAY MOTION

**WHEREAS**, on June 16, 2026, Jared Chassen ("Chassen") filed a motion [ECF 87] (the "Chassen Motion") seeking an order modifying the automatic stay, along with a declaration of Allen Schwartz, Esq. in support of the Chassen Motion [ECF 88]; and

**WHEREAS**, on June 18, 2026, Eric Huebscher, the temporary receiver (the "Receiver") appointed by the Supreme Court of the State of New York (the "State Court") filed a limited joinder to the Chassen Motion [ECF 99] (the "Limited Joinder"); and

**WHEREAS**, on July 1, 2026, the Debtor filed an opposition to the Chassen Motion [ECF 111] and a supporting declaration of the Debtor [ECF 112]; and

**WHEREAS**, on July 6, 2026, replies to the Debtor's objection to the Chassen Motion were filed by the Receiver [ECF 118] and Chassen [ECF 119]; and

**WHEREAS**, on July 8, 2026, the Court held a hearing (the "Hearing") to consider the Chassen Motion and the Limited Joinder and the motion to clarify the automatic stay, for relief from the automatic stay and for partial abstention from hearing adversary proceeding 26-01046 filed by 608941 NJ Inc., and, after reviewing the relevant materials and considering oral argument made by counsel for all moving parties, issues the instant ruling for the reasons stated on the record of the Hearing.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the automatic stay is modified to permit the Receiver to take the

following actions in connection with his State Court appointment, and the Receiver is authorized to: (i) seek and collect reimbursement in State Court for the Receiver's expenses incurred for services performed for the entities over which he was appointed temporary receiver; (ii) seek and collect reimbursement in State Court for services rendered by the Receiver's counsel in connection with the same; (iii) pay all taxes associated with the properties over which the Receiver was appointed; (iv) retain an accountant to address possible tax issues associated with the properties over which the Receiver was appointed; and (v) retain, or expand the retention of, a real estate broker to take all actions to market the real property located at 1640 Montauk Highway, Water Mill, NY 11976 and owned by 1640 Montauk LLC; and it is further

**ORDERED**, that the remaining relief sought in the Chassen Motion is DENIED without prejudice to refile a motion seeking such relief no earlier than 60 days from the date of this Order's entry; and it is further

**ORDERED**, that, for the avoidance of doubt, the Receiver shall not sell the real property located at 1640 Montauk Highway, Water Mill, NY 11976 and owned by 1640 Montauk LLC, or any personal property located thereon, or take any action to enforce provisions in the order of the State Court with respect to the auction of the personal property located thereon, without further order of this Court; and it is further

**ORDERED**, that the relief granted herein with respect to the modification of the automatic stay shall be immediately effective upon the entry of this Order, and the automatic 14-day stay under Bankruptcy Rule 4001(a)(4) shall not apply to such relief; and it is further

**ORDERED**, that this Court retains jurisdiction over all matters related to or arising out of the implementation or execution of this Order.

Dated: New York, New York
July 9, 2026

/s/ Lisa G. Beckerman
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE