

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

<u>**VIA ECF**</u>                                                                              July 13, 2026

Honorable Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re: Letter Regarding Jeffrey Simpson's Letter Requesting Criminal Investigation at ECF No. 120**

Dear Judge Beckerman:

I write on behalf of Jared Chassen to respectfully object to the forwarding of Jeffrey Simpson's letter dated July 6, 2026 (the "<u>Letter</u>") filed on the docket at ECF No. 120-1 to the Office of the United States Attorney for the Southern District of New York and the Office of the New York Attorney General.[1]

Mr. Chassen objects to the Court's forwarding Mr. Simpson's Letter for at least three reasons. <u>First</u>, Mr. Chassen believes it could be perceived as a reward for Mr. Simpson's vexatious litigation conduct and could incentivize further similar conduct. <u>Second</u>, although perhaps not the Court's intent, it could make it appear that the Court supports Mr. Simpson's baseless and unsupported accusations of criminal misconduct by his adversaries in connection with the state court civil litigation he is enjoined by federal court order from removing here. Notably, the Court is adjudicating adversary proceedings between Mr. Simpson and the same adversaries he is baselessly accusing of engaging in criminal conduct. <u>Third</u>, the Letter itself contains no evidence suggesting any illegal conduct and is rife with conspiracy theories.[2]

---

[1] *See* <u>Exhibit 1</u>, July 8, 2026 email from the Court.

[2] Entering a joint defense agreement to memorialize a legal privilege is not criminal, working together with another partner to oust an allegedly mentally unstable and fraud-committing third partner pursuant to the express terms of their operating agreements is not criminal, and allegedly seeking to hire law firms that have former judges on their litigation rosters is not criminal. In contrast, it appears that Mr. Simpson committed perjury at the very outset of this proceeding. *See e.g.,* ECF No. 19, Official Form 106 A/B at pg. 89, 107 (swearing YJ Simco LLC is the 100 percent owner of JJ Arch LLC when in prior proceedings he repeatedly swore YJ Simco had nothing to do with JJ Arch). In the *YJ Simco* bankruptcy proceeding, this Court even warned Mr. Simpson that it might have to report him for potentially violating 18 U.S.C § 157 if he made sworn statements that YJ Simco was the 100% owner of JJ Arch. *See In re YJ Simco*, 25-

In the Letter, Mr. Simpson claims that the Court "agreed, during [the Court's] interceding during my deposition on June 5, 2026, to write a letter recommending a criminal investigation." ECF No. 120-1. In fact, the Court did not tell Mr. Simpson at that June 5, 2026 deposition (the "Deposition")—in a contested adversary proceeding involving Mr. Chassen—that it was "recommending a criminal investigation" of his adversaries. Rather, the transcript makes clear that the Court offered to transmit whatever Mr. Simpson wished to transmit to encourage him to return to the Deposition after he stormed out of it and merely told him that "[w]hat I'm allowed to do is send anything you want to put on the public docket to the department -- to the AUSA unless it's a bankruptcy crime. That's about what I can do. Or the attorney general." *See* Exhibit 2, June 5, 2026 Dep. Tr. at 136:2-7.[3] And this exchange with Mr. Simpson (*id.* at 117:5-168:13) occurred when Mr. Simpson behaved so egregiously that his own attorney, Mr. Alec Ostrow, refused to defend Mr. Simpson's conduct to the Court. *Id.* at 121:23-122:8.

By any measure, Mr. Simpson's behavior at the Deposition is and was outrageous. It was consistent with "his vexatious conduct in state court" that, in part, led U.S. District Judge Furman to sanction him last year and bar him from removing his state court litigation with Mr. Chassen to federal court ever again without the District Court's prior permission. *Simpson v Chassen*, 25-CV-4004 (JMF), 2025 WL 1784931, at *2 (S.D.N.Y. June 27, 2025).[4] Indeed, Mr. Simpson's contemptuous behavior towards the state court, and his use of the federal courts as a vehicle to collaterally attack the state court, is unprecedented. *See Simpson v. Chassen*, 1:25-cv-04004 (JAV) (S.D.N.Y.), ECF Nos. 7, 8, 77, 78 (detailing and citing to correspondence and record). As U.S. District Judge Vargas recently found, given this record, rewarding Mr. Simpson and allowing him to remove the State Court Action which he is litigating with Mr. Chassen to Bankruptcy Court would "reward Simpson" and "make a mockery of the Court." *Simpson v Chassen*, 25-CV-04004 (JAV), 2026 WL 1584643, at *2 (S.D.N.Y. June 3, 2026).[5]

During the subsequent evidentiary hearings in June 2026 in the same adversary proceeding, as Mr. Simpson once again behaved egregiously on the witness stand, the Court told Mr. Simpson that it would forward his letter and asked him to prepare something in a form that the Court could send.[6]

---

10437-lgb, Jan. 14, 2026 Conf. Tr. at 11:1-2. In prior proceedings, Mr. Simpson swore YJ Simco had nothing to do with JJ Arch, not that it was its 100% owner. *See In re JJ Arch* LLC, Case No. 24-10381 (JPM) (Bankr. S.D.N.Y.), ECF No. 1, JJ Arch Bankruptcy Petition; *See JJ Arch* at ECF No. 184, JJ Arch Proposed Disclosure Statement and Plan of Reorganization; *See JJ Arch* at ECF No. 174-1, Section 341 Creditors Meeting Tr. at 54:19-21; *see also id* at p. 55; *see also Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) ("State Court Action"), NYSCEF Doc. No. 1374 at 70:7-73:19; *id.* at 140:7-11 (emphasis added); *see also id.* at 140:14-143:9. Mr. Chassen also understands that Mr. Simpson has not paid personal, corporate or payroll taxes in many years and it appears that he is the subject of DMV consumer related investigations. *See e.g.,* State Court Action, NYSCEF Doc. 1680; NYSCEF Doc. No. 1837. And of course, Mr. Simpson is the subject of a motion for criminal contempt in the State Court Action. NYSCEF Doc. No. 2072, November 18, 2025 Post-Contempt Hearing Memorandum.

[3] The adversary proceeding is captioned *Simpson v. Huebscher et. al.*, 1:26-ap-01013-lgb (Bankr. S.D.N.Y.).

[4] A copy of this Memorandum Opinion and Order is also annexed hereto as Exhibit 3.

[5] A copy of this Memorandum Opinion and Order is also annexed hereto as Exhibit 4.

[6] *See* Ex. 1. Mr. Chassen has not yet obtained a copy of the evidentiary hearing transcripts but intends to post it to the docket when he obtains it.

Though Mr. Chassen registered his objection at the evidentiary hearing by asking the Court that it do the same for him if it were to do so for Mr. Simpson, Mr. Chassen wishes to clarify that he objects to the Court sending the Letter in the first place. Even if not the Court's intent, Mr. Chassen is concerned that forwarding the Letter could be perceived as rewarding and incentivizing Mr. Simpson's vexatious behavior by allowing him to barter better behavior in exchange for meeting his demands. Mr. Chassen is also concerned that it could make it appear that the Court supports Mr. Simpson's baseless and false accusations against his adversaries in the State Court Action and who are also now litigants in adversary proceedings before this Court. If the Court believes that it still must send the Letter, Mr. Chassen respectfully asks that the Court also include this letter as filed on the docket and the exhibits attached to this letter.[7]

Sincerely,
 /s/ Allen Schwartz
Allen Schwartz, Esq.

cc: counsel of record via ECF.

---

[7] These exhibits also include the following exhibits: Exhibit 5, the Memorandum Opinion and Order of the United States Bankruptcy Court dated June 10, 2024 in the bankruptcy proceeding captioned *In re JJ Arch LLC*, 24-10381 (JPM) (Bankr. S.D.N.Y.) (reviewing and reciting record of proceedings and finding Mr. Simpson's removal was bad-faith effort to collaterally attack state court); Exhibit 6, the Memorandum Opinion and Order of the United States Bankruptcy Court dated October 11, 2024 in the bankruptcy proceeding captioned *In re JJ Arch LLC*, 24-10381 (JPM) (Bankr. S.D.N.Y.) (dismissing bankruptcy filed by Mr. Simpson on behalf of JJ Arch as bad-faith filling); Exhibit 7, the Memorandum of Law in Support of Mr. Chassen's Emergency Motion filed in the action captioned *Simpson v. Chassen*, 1:25-cv-04004 (JAV) (S.D.N.Y.); and Exhibit 8, the Memorandum of Law in Opposition to Mr. Simpson's Request for Permission to Remove filed in the action captioned *Simpson v. Chassen*, 1:25-cv-04004 (JAV) (S.D.N.Y.).