# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
JEFFREY SIMPSON,                                          :
                                                          :
                                   Plaintiff,             :           25-CV-04004 (JAV)
                                                          :
                  -v-                                     :           MEMORANDUM OPINION
                                                          :               AND ORDER
JARED CHASSEN, et al.,                                    :
                                                          :
                                   Defendants.            :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

This matter has been closed since July 30, 2025, after Judge Furman remanded it to state court and granted attorneys' fees against Plaintiff Jeffrey Simpson for frivolously attempting to remove and delay his case on multiple occasions. *See* ECF Nos. 21, 31 ("Anti-Removal Order" or "Order"), 42. In doing so, Judge Furman "enjoin[ed] Simpson from future removal of this case to federal court without this Court's prior permission." Sanctions Order at 2.

On February 24, 2026, Simpson notified the Court that he had filed for personal bankruptcy. ECF No. 67. Now before the Court is Simpson's contested motion to "construe[e] [the Anti-Removal Order] as not applicable to him in his capacity as debtor in possession" or to vacate the Order such that he may remove his state action pursuant to 28 U.S.C. § 1452(a). ECF No. 70 ("Mot."). The Court will do neither, as doing so would be futile, given that Plaintiff's removal would be subject to both mandatory abstention, upon timely motion, pursuant to Section 1334(c)(2) of the Bankruptcy Code, and permissive abstention, pursuant to Section 1334(c)(1). *See* 28 U.S.C. § 1334(c). Simpson's motion is **DENIED**.

## DISCUSSION

Section 1334(b) provides that the district courts shall have original but not exclusive

jurisdiction of proceeding "arising under" title 11, "arising in" title 11, or "related to" cases under title 11.  28 U.S.C. § 1334(b).  "Proceedings 'arising under' the Bankruptcy Code are those that clearly invoke substantive rights created by federal bankruptcy law.  Proceedings 'arising in' a bankruptcy case are those claims that are not based on any right expressly created by the Bankruptcy Code, but nevertheless, would have no existence outside of the bankruptcy." *In re Robert Plan Corp.*, 777 F.3d 594, 596–97 (2d Cir. 2015) (cleaned up).  "A proceeding is 'related to' a case under Title 11 if the outcome of the litigation might have any conceivable effect on the bankruptcy estate, or has any significant connection with the bankrupt estate." *Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, No. 15-CV-3474 (SAS), 2015 WL 5257003, at *6 (S.D.N.Y. Sept. 9, 2015) (cleaned up).

Nowhere in Simpson's state court complaint—which was filed three years ago and brings claims, *inter alia*, for breach of contract, breach of fiduciary duty, conversion, and tortious interference—does the word "bankruptcy" appear.  *See Simpson et al. v. Chassen et al.*, No. 158055/2023, Doc. No. 1 (N.Y. Sup. Ct. N.Y. County Aug. 15, 2023).  Accordingly, Simpson's action cannot "aris[e] under" or "in" the Bankruptcy Code.  *See also JJ Arch LLC*, No. 24-10381 (JPM), 2024 WL 2933427 (Bankr. S.D.N.Y. June 10, 2024) (holding that State Court Action was not core proceeding and that mandatory abstention applied).  At most, then, Simpson's bankruptcy relates to his state court action insofar as it bears on the assets at issue in his suit.

A federal court can abstain from adjudicating a matter falling within the federal court's bankruptcy jurisdiction.  Depending upon the nature of the federal court's exercise of jurisdiction, abstention may be permissive or mandatory.  Federal courts may elect to abstain from adjudicating a core bankruptcy proceeding, that is, a proceeding which arises under or arising in title 11, where doing so would be consistent with the interests of justice, comity with

State courts, or respect for State law.  28 U.S.C. § 1334(c)(1).  But upon a "timely motion" brought in an action that asserts only State law causes of action, a court is *required* to abstain if "related to" jurisdiction is the only possible source of federal jurisdiction, an action is brought in State court on such claims, and a State court could timely hear the claims.  28 U.S.C. § 1334(c)(2).  Simpson's chapter 11 filing is only "related to" his state court case, which preceded his purported bankruptcy by a matter of years.  A federal bankruptcy court has already found, in a well-reasoned remand opinion, New York Supreme Court Judge Cohen to be capable of "timely adjudication" of the state court matter, and the Court sees nothing about Simpson's personal bankruptcy in the record to disturb that conclusion.  *In re JJ Arch LLC.*, 2024 WL 2933427, at *12.

In particular, as the state court has been handling this matter for a number of years, the presiding Judge is fully familiar with the issues presented, and trial has been scheduled for July 2026, NYSCEF Doc. No. 2167, there can be little doubt that it could be timely adjudicated in State Court.   Indeed, as Judge Furman previously found, any delays in the adjudication of the State Court Action were the result of Simpson's "three baseless attempts to remove [the State Court Action] to federal court" and his "repeated and frivolous efforts to delay state court proceedings . . ."  ECF 31 at 2-3.  Accordingly, mandatory abstention would render a carveout from the Anti-Removal Order futile in this context.

For similar reasons, the Court finds that permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) would also be appropriate.  "The two inquiries are essentially the same and are often analyzed together."  *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011).  Relevant factors include:

> (1) the effect on the efficient administration of the bankruptcy estate;
> (2) the extent to which issues of state law predominate; (3) the

> difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Id.* These factors weigh strongly in favor of abstention and remand. This action will have minimal effect on the administration of the bankruptcy estate. State law issues clearly predominate, as the only causes of action asserted in the complaint are for breach of contract, breach of fiduciary duty, conversion, and the like. "The interests of comity are promoted by allowing the claims to remain where the plaintiffs elected to bring them, *i .e.* state court." *Buechner v. Avery*, No. 05-CV-2074 (PKC), 2005 WL 3789110, at *6 (S.D.N.Y. July 8, 2005). Additionally, "the state action does not turn on any issue that is now being litigated in Bankruptcy Court." *Id.* Plaintiffs' right to a jury trial would be protected in the Commercial Division, while the Bankruptcy Court is unable to preside over a jury trial absent the consent of all parties. *Id.* Most saliently, factor seven cries out for permissive abstention—to reward Simpson's repeated "baseless attempts to remove [the State Court Action] to federal court" and his "repeated and frivolous efforts to delay state court proceedings," ECF 31 at 2-3, to say nothing of his threats to file for personal bankruptcy to thwart state court jurisdiction, ECF No. 78-1 at 1, would make a mockery of the Court.

### CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 70.

SO ORDERED.

Dated: June 3, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge