<u>By First Class Mail and Filed on the Docket Without Exhibits</u>
July 14, 2026

José Maldonado, Esq.
Chief Deputy Attorney General for the Criminal Justice Division
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005-1400

Amanda Houle, Esq.
Chief, Criminal Division
Office of the United States Attorney for the Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Re: <u>*In re Jeffrey Solomon Simpson*, Case No. 26-10359 (LGB)</u>

Dear Mr. Maldonado and Ms. Houle:

I am the United States Bankruptcy Judge presiding in the above-captioned Chapter 11 case
of Mr. Jeffrey Solomon Simpson. I was also the presiding judge in a related bankruptcy
case, *In re YJ Simco LLC*, Case No. 25-10437, an entity owned in part by Mr. Simpson, which
bankruptcy case was eventually dismissed.

During both the *YJ Simco LLC* bankruptcy case and Mr. Simpson's Chapter 11 case, Mr.
Simpson has repeatedly alleged in Court and in filings on the docket that there has been
alleged criminal conduct by various parties with whom Mr. Simpson had business dealings.
Such parties are litigants in pending civil actions involving Mr. Simpson in the New York
State Supreme Court, which are currently stayed due to Mr. Simpson's bankruptcy case.
Mr. Simpson has alleged that criminal conduct has occurred, no investigation has been
conducted by any authorized law enforcement agency, and thus, there has been no justice.
Mr. Simpson has also alleged on the record that there have been bankruptcy crimes
committed in cases before this Court (*JJ Arch LLC*, Case No. 24-10381(JPM), *YJ Simco LLC*
and Mr. Simpson's Chapter 11 case).[1]

---

[1] The Court notes that, while there has been some inconsistent testimony, the Court has not observed
conduct that rises to the level of Bankruptcy Crimes (as defined in Chapter 9 of Title 18 of the United States
Code).

Mr. Simpson has repeatedly asked me to investigate the alleged criminal conduct. I have explained to him multiple times on the record that the United States Bankruptcy Court cannot conduct any such investigation and that any investigation of alleged criminal conduct would need to be conducted by an authorized law enforcement agency, including the New York State Attorney General's Office and the United States Attorney for the Southern District of New York, as applicable.

I requested that Mr. Simpson prepare a letter setting forth the reasons as to why an investigation is necessary and appropriate. I told Mr. Simpson that I would forward such a letter to the appropriate person at the New York State Attorney General's Office and the Office of the United States Attorney for the Southern District of New York. His letter (under the cover of a letter from his bankruptcy counsel) is attached as Exhibit A to this letter and was filed on the docket in his bankruptcy case [ECF No. 120]. Mr. Simpson's bankruptcy counsel's contact information is included in his letter.

Mr. Jared Chassen, one of the parties in the state court civil actions who has also appeared in Mr. Simpson's bankruptcy case, requested at a hearing that I also include a letter from him regarding the alleged criminal conduct, and I agreed to do so. Mr. Chassen's counsel's letter is attached as Exhibit B to this letter and was filed on the docket in Mr. Simpson's bankruptcy case [ECF No. 125]. Another litigant in the state court civil actions, counsel for 608941 NJ Inc., also filed a letter regarding the alleged criminal conduct on the docket in Mr. Simpson's bankruptcy case [ECF No. 126 ], and I have included that letter as Exhibit C to this letter.

Thank you very much for your consideration.

Judge Lisa G. Beckerman,
United States Bankruptcy Judge,
United States Bankruptcy Court for the Southern District of New York
212-668-2870

**Exhibit A**

**Exhibit B**

Exhibit C