UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:                                                                                    Case No. 26-10359-lgb

Jeffrey Solomon Simpson,                                              Chapter 11

                                            Debtor.

-------------------------------------------------------------- x

## ORDER CONFIRMING AUTOMATIC STAY IS NOT IN EFFECT AS TO MOVANTS' PROPERTY

UPON the joint motion, filed May 6, 2026 [ECF No. 60] (the "Motion") of NEW YORK 555, LLC ("New York 555") and PARK 2 AVE 1055, LLC (the "Park 2", together with New York 555, the "Creditors"), for entry of an Order confirming the automatic stay imposed by 11 U.S.C. § 362(a) as to Creditors' respective interests in: (A) the real properties located at 1055 Park Avenue, Unit 1, New York, NY 10028 and 1055 Park Avenue, Unit PH, New York, NY 10028 (collectively, the "Real Properties"); and (B) the membership interests in 1055 Park Ave 1 LLC and 1055 Park Ave PH LLC (the "Membership Interests" together with the Real Properties, the "Property"), is not in effect as to the Property so as to allow the Creditors to exercise their rights with respect to the Property; and a hearing on the Motion having been held on July 1, 2026 (the "Hearing"), at which appeared Shauna M. DeLuca, Esq., for the Creditors and Alec P. Ostrow, Esq., for the Debtor; and it appearing that due and sufficient notice of the Motion and the Hearing thereon having been given to all necessary parties in accordance with the Federal Rules of Bankruptcy Procedure, as evidenced by the proof of service filed with this Court [ECF No. 63]; and opposition to the Motion having been filed by the Debtor (the "Objection") [ECF No. 74]; and after due consideration of the Motion and all evidence submitted in support thereof, and for all the reasons set forth on the record at the Hearing, the transcript of which is incorporated herein by reference, this Court having determined that the Creditors met their burden of proving that the

filing of the instant case did not impose the automatic stay under 11 U.S.C. § 362(a) as to the

Property, and there being good and just cause for the relief granted herein; now, therefore, it is

hereby

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that the Court confirms that, as of the date that the Debtor filed this Petition

on February 19, 2026, the Property was not property of the Debtor's bankruptcy estate and,

accordingly, the commencement of this Chapter 11 case did not give rise to the automatic stay

under 11 U.S.C. § 362(a) with respect to the Property; and it is further

**ORDERED**, that the automatic stay imposed by 11 U.S.C. § 362(a) is not, and has not

been at any time during the pendency of this bankruptcy case, in effect with respect to the Property,

and Creditor and Owner may exercise their respective rights and remedies with respect to the

Property without violating the automatic stay; and it is further

**ORDERED**, that this Court shall retain jurisdiction over this Order to, among other things,

interpret and enforce the terms and provisions hereof and determine any controversies, suits, and

disputes, if any, that may arise in connection with the relief granted herein.

Dated:       July 23, 2026
             New York, New York

*/s/ Lisa G. Beckerman*
**HONORABLE LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

2