

**Martin G. Bunin**
Counsel

Direct Dial: 646.329.1982
Direct Fax: 646.329.1992
mbunin@farrellfritz.com

622 Third Avenue
New York, NY 10017
www.farrellfritz.com

Our File No.
35477-123

July 30, 2026

<u>VIA ECF</u>
Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton U.S. Custom House
New York, New York 10004

**Re: In re Jeffrey Solomon Simpson,**
  <u>**Chapter 11 case no. 26-10359(LGB)**</u>

Dear Judge Beckerman:

We represent Eric M. Huebscher, in his capacity as court-appointed receiver (the "Receiver") in the state court action (the "State Court Action") entitled *Jeffrey Simpson, et al v Jared Chassen, et al.,* Index No. 158055/2023 (Supreme Court, County of New York: Commercial Division).

On June 25, 2026, Jared Chassen ("Chassen") moved to modify the automatic stay to permit the State Court Action to proceed before the Supreme Court of the State of New York (ECF Nos. 87-89). The Receiver filed a limited joinder to Chassen's motion (ECF No. 99) insofar as it sought an order allowing the Receiver to continue to perform and complete his duties and tasks as Receiver in the State Court Action. This Court, on July 9, 2026, after a hearing, entered an order (the "Order") which, among other things, permits the Receiver to take certain specified actions "in connection with his State Court appointment" (Order, ECF Doc. No. 122, p.2). It authorized the Receiver to:

" (i) seek and collect reimbursement in State Court for the Receiver's expenses incurred for services performed for the entities over which he was appointed temporary receiver; (ii) seek and collect reimbursement in State Court for services rendered by the Receiver's counsel in connection with the same; (iii) pay all taxes associated with the properties over which the Receiver was appointed; (iv) retain an accountant to address possible tax issues associated with the properties over which the Receiver was appointed; and (v) retain, or expand the retention of, a real estate broker to take all actions to market the real property located at 1640 Montauk Highway, Water Mill, NY 11976 and owned by 1640 Montauk LLC. . . ." (Id.).

Pursuant to the Order, the State Court restored my firm's fee application to its calendar and scheduled it for a hearing (NYSCEF Doc. No. 2390), and the Receiver filed an application for reimbursement of his expenses (NYSCEF Doc. No. 2392), which the State Court approved (NYSCEF Doc. No. 2401). Additionally, pursuant to the Order, the Receiver, on July 25, 2026, filed an application in the State Court Action to approve the retention of a real estate broker to market the JJ Arch Controlled Property located at 1640 Montauk Highway, Water Mill, New York (the "1640 Montauk Property"). The application (NYSCEF Doc. Nos. 2404-2406) is attached to this letter as **Exhibit A**. Yesterday, the State Court entered an order, endorsed on the application, ruling that the approval of a real estate broker's retention "falls outside the scope of the stay modification" granted by this Court (NYSCEF Doc. No. 2409). The State Court, in its endorsed order, which is attached to this letter as **Exhibit B**, ruled as follows:

"The Court construes the bankruptcy court's order as effecting a limited modification of the automatic stay of this "State Court" proceeding to be confined to items (i) and (ii) (NYSCEF 2388 [Bankr. Ct. Order dated July 9, 2026] at 2). The remaining enumerated provisions, including item (v) make no reference to – and provide no basis for – action in the state court proceedings. Accordingly, the requested relief falls outside the scope of the stay modification."

Items (i) and (ii) of the Order specifically reference seeking reimbursement of the Receiver's expenses and his counsel's fees "in State Court", while item (v) pertaining to the retention of real estate brokers does not specifically reference seeking approval in State Court.

The Receiver believes that this Court, in the Order modifying the stay, intended to permit the Receiver to seek approval for the retention of a real estate broker for the 1640 Montauk Property in the State Court Action. The Receiver also believes that this Court intended to permit the Receiver to seek the approval for the retention of an accountant to address possible tax issues associated with the receivership properties in the State Court Action.

The Receiver respectfully requests that this Court amend the Order to explicitly permit him to seek the approval of the State Court to retain a real estate broker for the 1640 Montauk Property and to retain an accountant to address tax issues. A proposed, amended order is attached to this letter as **Exhibit C** together with a red line showing the proposed revisions to the Order. In the first Ordered paragraph on page 2 of the proposed order, I propose to change "no earlier than 60 days from the date of this Order's entry", which refers to the July 9, 2026 date of entry of the

original order, to "no earlier than September 8, 2026", which is the 60th day after the July 9 entry date with an extra day due to the Labor Day holiday, which falls on September 7.

   Thank you for considering this request.

          Respectfully submitted,

         */s/ Martin G. Bunin*
          Martin G. Bunin

MGB/llf

To: All counsel of record

FF\51014317.2