<u>**Exhibit A**</u>



July 21, 2026

**VIA NYSCEF**
Hon. Joel M. Cohen
Supreme Court, NY County
60 Centre Street, Room 655
New York, NY 10007

Re:    **Jeffrey Simpson v. Jared Chassen, *et al.*, Index No. 158055/2023**

**RECEIVER'S APPLICATION FOR AN ORDER APPROVING RETENTION OF
JONES LANG LASALLE AS REAL ESTATE
BROKER FOR THE JJ ARCH CONTROLLED PROPERTY LOCATED AT
1640 MONTAUK HIGHWAY, WATER MILL, NEW YORK**

Dear Justice Cohen:

Pursuant to this Court's Order dated March 11, 2025 (NYSCEF Doc. No. 1360) (the "Receivership Order"),[1] I was appointed receiver (the "Receiver") over: (1) JJ Arch's managerial and membership interests in the JJ Arch Controlled Entities; (2) the JJ Arch Controlled Properties; and (3) JJ Arch's bank accounts, records, and funds, and the JJ Arch Controlled Entities' funds, assets properties, records, and bank accounts.

Pursuant to the Receivership Order, I have the power, with the authorization of the Court, to engage and employ persons in my discretion to assist me in carrying out my duties and responsibilities as Receiver.

As the Receiver, I am authorized to, among other things, manage, rent, lease, sell or develop the JJ Arch Controlled Properties, and take any other steps reasonably necessary to maximize the remaining equity belonging to the JJ Arch Controlled Entities.

I respectfully submit this application (this "Application") for entry of an Order, in the form annexed hereto as **Exhibit 1**, approving the retention of Jones Lang LaSalle ("JLL") as my real estate broker for the JJ Arch Controlled Property located at 1640 Montauk Highway, Water Mill, New York (the "1640 Montauk Property") for the period May 29, 2026 through November 28, 2026. I seek the retroactive approval of JLL's retention to May 29, 2026 because plaintiff Jeffrey Simpson's filing of his bankruptcy petition on February 19, 2026 resulted in the stay of this action (Court Notice, NYSCEF Doc. No. 2369) until the bankruptcy court entered its order modifying the automatic stay on July 9, 2026 authorizing me, among other things, to retain, or expand the retention of, a real estate broker to market the 1640 Montauk Property (ECF Doc. No.122, p. 2).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Receivership Order.

Hon. Joel M. Cohen
July 21, 2026
Page 2



Huebscher & Co.
FINANCIAL AND MANAGEMENT CONSULTING

Accordingly, I seek entry of an Order authorizing the retention of Daniel Flynn of JLL, who is eligible for appointment as a real estate broker to a receiver (Fiduciary ID 107647), to market the 1640 Montauk Property pursuant to the listing agreement annexed hereto as **Exhibit 2**.

One prior application seeking the relief requested in this Application has been made to this Court. On August 1, 2025, I filed an application to authorize the retention of Daniel Flynn of JLL and Michael M. Stachnik of Hampton Properties as my real estate brokers to market the 1640 Montauk Property. The Court approved that prior application and the listing agreement annexed to it on August 8, 2025 (NYSCEF Doc. No.1764). The approved listing agreement with Hampton Properties and JLL was effective from July 24, 2025 through March 31, 2026 (*see* prior listing agreement, NYSCEF Doc. No. 1763, p.1). I make this application to permit JLL to continue and complete the marketing of the 1640 Montauk Property. Hampton Properties and Michael M. Stachnik do not have any claim for a commission pursuant to the prior approved listing agreement.

I thank the Court for its time and attention to this matter.

Respectfully submitted,

By: _____
Eric M. Huebscher
Not Individually But Solely in His
Capacity as Receiver

Cc:     All appearing parties via NYSCEF

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------x

JEFFREY SIMPSON, INDIVIDUALLY AND :     Index No. 158055/2023
DERIVATIVELY, AS MANAGING MEMBER OF :
ARCH LLC, SUING DERIVATIVELY AS MANAGING :
MEMBER OF ARCH REAL ESTATE HOLDINGS LLC, :
JJ ARCH LLC, :

                Plaintiff, :

:

       - against - :

:

JARED CHASSEN, FIRST REPUBLIC BANK, YJ SIMCO :
LLC, ARCH REAL ESTATE HOLDINGS LLC, :

:

            Defendants. :

------------------------------------x

### ORDER APPROVING THE RETENTION OF JONES LANG LASALLE AS REAL ESTATE BROKER FOR THE JJ ARCH CONTROLLED PROPERTY LOCATED AT 1640 MONTAUK HIGHWAY, WATER MILL, NEW YORK

The Court having issued the Order Appointing Temporary Receiver, dated March 11, 2025,

(NYSCEF Doc. No. 1360) (the "Receivership Order"),[1] appointing Eric M. Huebscher as receiver

(the "Receiver"); and

The Receivership Order provides that the Receiver shall not appoint an attorney, agent,

appraiser, auctioneer, or accountant without prior approval of this Court, which approval may be

obtained by letter application to the Court; and

Acting as the Receiver has and will present the opportunity to market and sell the JJ Arch

Controlled Properties, and take any other steps reasonably necessary to maximize the remaining equity

belonging to the JJ Arch Controlled Entities, which will require the Receiver to seek the assistance of

one or more real estate brokers; and

The Receiver having filed an application (the "Application") seeking entry of an order

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Receivership Order.

approving the retention of Daniel Flynn of Jones Lang LaSalle ("JLL") as his real estate broker for the JJ Arch Controlled Property located at 1640 Montauk Highway, Water Mill, New York 11976, pursuant to the listing agreement annexed to the Application as **Exhibit 2** (the "Listing Agreement"); and it appearing that the relief requested in the Application is in the best interests of the receivership estate; no objections to the Application having been filed; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED THAT**:

1.      The Application is granted to the extent provided herein.

2.      The Receiver is authorized to retain Daniel Flynn of JLL, 225 Broadhollow Road, Melville, New York 11747-4822, telephone number: (516) 702-9664, e-mail address: danj.flynn@jll.com, whose name appears on the Part 36 Eligibility List (Fiduciary ID 107647), as his real estate broker for the JJ Arch Controlled Property located at 1640 Montauk Highway, Water Mill, New York 11976, effective as of May 29, 2026.

3.      The Listing Agreement is hereby approved, and JLL is entitled to receive compensation for such services as provided in the Listing Agreement.

4.      All compensation and reimbursement of expenses of JLL shall be subject to interim and/or final applications as provided for by applicable law and the Receivership Order.

Dated: _____, 2025

_____
HON. JOEL M. COHEN

2

FF\50988125.1

INDEX NO. 158055/2023

RECEIVED NYSCEF: 07/21/2026

# Exhibit 2

**EXCLUSIVE SALE LISTING AGREEMENT**

Eric Huebscher as Temporary Receiver ("Owner") hereby engages Jones Lang LaSalle Brokerage, Inc. ("JLL") as its sole and exclusive real estate broker to sell the real property and its' improvements located at 1640 Montauk Highway, Water Mill, NY (the "Property").

1.    **TERM**: The term of this Agreement begins *May 29, 2026* and ends on *November 28, 2026* (or on such earlier date that a Transaction (defined below) is consummated and JLL is paid in full).

2.    **SERVICES**:  JLL shall use commercially reasonable efforts to secure one or more satisfactory purchasers for the Property. Owner authorizes JLL to advertise the Property. JLL shall prepare marketing materials, which shall be subject to Owner's approval. JLL, with Owner and Owner's legal counsel, shall conduct all negotiations for the sale of the Property.

3.    **COOPERATION**: Owner shall refer to JLL all inquiries received by Owner regarding the Property, including the names of any prospective purchasers with whom Owner has previously discussed a Transaction. Owner shall make available to JLL such documents and information regarding the Property which, in the reasonable professional judgment of JLL, are necessary or appropriate for the proper marketing of the Property. Owner agrees to review and verify the accuracy of the rent roll for the Property, the operating expenses of the Property, and all financial and other factual data and other information included in the marketing materials or any other materials submitted to or prepared by JLL regarding the Property. JLL shall have no liability with respect to the use of data or information provided or approved by Owner.

4.    **COMMISSION; EXPENSES**: If Owner sells all or any interest in the Property, Owner shall pay JLL a commission in accordance with Exhibit A attached hereto and made a part hereof.  If the purchaser is represented by a duly licensed broker, including representatives of JLL or its affiliates ("Cooperating Broker"), Owner shall pay the Cooperating Broker as set forth on Exhibit A.  In addition, Owner shall reimburse JLL for the direct out-of-pocket costs and expenses incurred by JLL under this Agreement, not to exceed $1,000.

5.    **TECHNICAL MATTERS**: Owner represents that it has no knowledge of toxic, contaminated or hazardous substances, or defective conditions, at the Property except as Owner has informed JLL in writing. Owner authorizes JLL to transmit such information to prospective purchasers.  JLL recommends that Owner obtain legal, tax or other professional advice relating to this Agreement and the proposed sale of the Property, as well as the condition and/or legality of the Property, including, but not limited to, the Property's improvements, equipment, soil, tenancies, title, environmental, aspects and compliance with the Americans with Disabilities Act. JLL will have no obligation to investigate any such matters. In determining the financial soundness of any prospective purchaser, Owner will rely solely upon Owner's own investigation and evaluation.

6.    **OTHER CLIENTS**: Owner acknowledges that JLL may represent potential purchasers in respect of the Transaction and consents to such dual representation.  Owner acknowledges that JLL may represent a potential purchaser in securing debt and/or equity financing in respect of the Transaction and consents to such representation.

7.    **ATTORNEYS' FEES; INTEREST**: If either party institutes legal action against the other related to this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs from the non-prevailing party. Any commission not paid to JLL when due will bear interest from the date due until paid at the rate of one percent (1%) per month.

8.    **AUTHORITY**: Owner represents he has the full right, power and authority to execute this Agreement and perform Owner's obligations hereunder.

9.    **NON-DISCRIMINATION**: It is unlawful for either Owner or JLL to discriminate against any persons because of their race, color, religion, national origin, sex, handicap, family or other protected status.

10.    **SURVIVAL**: This Agreement is binding upon the parties hereto and their respective successors and assigns.  The terms "Owner" and "purchaser" include affiliates, successors, assigns and nominees.

11.    **LIMITED LIABILITY**: In no event shall any partner, shareholder, director, officer, agent, servant, employee, representative or affiliate of either party have any personal liability in connection with this Agreement.  Neither party shall be liable to the other for, and each party hereby waives any and all rights to claim against the other, any special, indirect, incidental, consequential, punitive or exemplary damages in connection with this Agreement, including, but not limited to, lost profits, even if such party has knowledge of the possibility of such damages. In no event shall JLL's liability to Owner exceed the fees paid to JLL under this Agreement.

12. **ENTIRE AGREEMENT**: This Agreement, together with the Exhibits attached hereto, constitutes the entire agreement between the parties and supersedes all prior discussions in respect of the subject matter hereof. No termination or modification of this Agreement will be effective unless made in writing and signed by both parties.

13. **OFAC**: Each party represents and warrants that it is not, and none of its subsidiaries, affiliates, majority owners or employees are, a person or entity with whom U.S. entities are restricted from doing business under regulations of the Office of Foreign Asset Control ("OFAC") of the Department of the Treasury (including those named on OFAC's Specially Designated and Blocked Persons List) or under any statute, executive order or other governmental action.

14. **COURT APPROVAL:** This Agreement, together with the Exhibit attached hereto, and the Owner's retention of JLL are subject to and conditioned on their approval by the Court in the action entitled Simpson v Chassen, et al., Index No. 158055/2023 (Supreme Court, NY County).

IN WITNESS WHEREOF, the parties have executed this Agreement as of the last date written below.

**OWNER:**

Eric Huebscher as Temporary Receiver

By: _____
Name: Eric Huebscher
Title: Temporary Receiver

Date: _____

**Address(es) for Notices:**
Huebscher & Co.
301 East 87th Street – 20E
New York, NY 10128

**JLL:**

Jones Lang LaSalle Brokerage, Inc.

By: _David J. Fly_____ 107647
Name: Daniel Flynn
Title: Vice President

Date: July 21, 2026 _____

**Address(es) for Notices:**

225 Broadhollow Road,
Suite 300
Melville, NY
11747

*With copies to*:
Jones Lang LaSalle Brokerage, Inc.
200 East Randolph Drive
Chicago, IL 60601
Attn: Regional Counsel – Michele Fellows

*David J. Flg*  **EXHIBIT A**

**COMMISSION**

TRANSACTION WITHOUT A COOPERATING BROKER:

___5_% of Gross Proceeds

TRANSACTION WITH A COOPERATING BROKER:

___2.5_% of Gross Proceeds to JLL (as listing agent)

__2.5__% of Gross Proceeds to the Cooperating Broker


As used herein, "Gross Proceeds" means the total fair market value of the gross consideration (including, without limitation, cash, notes, securities, property, obligations or mortgages assumed or taken subject to, and any other form of consideration) to be received by Owner in connection with the Transaction. Gross Proceeds shall include any portion of the purchase price placed in escrow or subject to a holdback as part of the Transaction but shall not be adjusted by any fees, prorations or closing expenses.

The commission shall be due and payable by Owner, through escrow, upon the closing of a Transaction, whether or not through the efforts of JLL, provided Owner entered into a letter of intent or definitive agreement for the Transaction during the term of this Agreement.

In addition, if Owner enters into a letter of intent or definitive agreement for a Transaction within 12 months following the expiration of this Agreement with one or more of the prospective parties contacted by JLL during the term of this Agreement (or one or more of their affiliates, successors and/or assigns), and such Transaction subsequently closes, Owner shall pay JLL the commission in accordance with this Exhibit A upon the consummation of the Transaction. JLL shall deliver to Owner a list of such prospective parties within fifteen (15) days following the expiration of this Agreement.

For purposes of this Agreement, the term "Transaction" shall include a direct or indirect transaction with respect to the Property, or any portion of the Property, or of the interests in any entity holding title to the Property, whether accomplished through a sale, merger, consolidation or otherwise; any direct or indirect transaction with respect to a partial ownership interest in the Property; or any capital investment structured as a financing, joint venture or any combination thereof.  In no event, however, shall, a Transaction be deemed to have occurred if the Transaction does not close for any reason.

FF\50960710.2



# NYSCEF Confirmation Notice

## New York County Supreme Court

The NYSCEF website has received an electronic filing on 07/21/2026 05:03 PM. Please keep this notice as a confirmation of this filing.

**158055/2023**

**JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC et al v. JARED CHASSEN et al**

**Assigned Judge: Joel M. Cohen**

## Documents Received on  07/21/2026 05:03 PM

| Doc # | Document Type |
| --- | --- |
| 2404 | LETTER / CORRESPONDENCE TO JUDGE |
| 2405 | EXHIBIT(S) 1 |
| 2406 | EXHIBIT(S) 2 |

## Filing User

MARTIN GERALD BUNIN | mbunin@farrellfritz.com | (646) 329-1982
622 3rd Ave Fl 37, New York, NY 10017-6729

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956     Website: https://www.nycourts.gov/courts/1st-judicial-district/new-york-county-clerks-office

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of  3


**158055/2023**

**JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC et al v. JARED CHASSEN et al**

**Assigned Judge: Joel M. Cohen**

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 07/21/2026 05:03 PM:

**MARTIN GERALD BUNIN - mbunin@farrellfritz.com**

**DAVID ABRAHAM GOLD - dag@mss-pllc.com**

**SAM PETER ISRAEL - admin@spi-pc.com**

**JONATHAN TODD KOEVARY - jkoevary@olshanlaw.com**

**Robert Christopher Lorenc - robert@lorenclaw.com**

**KATHERINE ELYNOR MATEO CASADO - kmateo@olshanlaw.com**

**STEPHEN B. MEISTER - sbm@mss-pllc.com**

**JEFFREY A MILLER - jmiller@westermanllp.com**

**ALEC P. OSTROW - aostrow@beckerglynn.com**

**BENJAMIN ROBERT RAJOTTE - rajb@mllg.nyc**

**ALLEN SCHWARTZ - allen@allenschwartzlaw.com**

**SEAN CHRISTOPHER SOUTHARD - ssouthard@klestadt.com**

**CHARLES WERTMAN - charles@cwertmanlaw.com**

**JESSE HOLIHAN YOUNG - jhy@msf-law.com**


**158055/2023**

**JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC et al v. JARED CHASSEN et al**

**Assigned Judge: Joel M. Cohen**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Defendant / Respondent | FIRST REPUBLIC BANK | No consent on record. |
| Defendant / Respondent | 225 HPR LLC | No consent on record. |
| Defendant / Respondent | JJ NY 550 LLC | No consent on record. |
| Defendant / Respondent | 1640 MONTAUK LLC | No consent on record. |
| Defendant / Respondent | 1640 MOTORS LLC | No consent on record. |
| Defendant / Respondent | 146 E. 89 BORROWER 1 LLC | No consent on record. |
| | Arch Real Estate Holdings LLC | No consent on record. |
| | JP Morgan Chase Bank, N.A. | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.