# Exhibit B



**Huebscher & Co.**
FINANCIAL AND MANAGEMENT CONSULTING

July 21, 2026

**VIA NYSCEF**
Hon. Joel M. Cohen
Supreme Court, NY County
60 Centre Street, Room 655
New York, NY 10007

Re:   **Jeffrey Simpson v. Jared Chassen, *et al.*, Index No. 158055/2023**

**RECEIVER'S APPLICATION FOR AN ORDER APPROVING RETENTION OF
JONES LANG LASALLE AS REAL ESTATE
BROKER FOR THE JJ ARCH CONTROLLED PROPERTY LOCATED AT
1640 MONTAUK HIGHWAY, WATER MILL, NEW YORK**

Dear Justice Cohen:

Pursuant to this Court's Order dated March 11, 2025 (NYSCEF Doc. No. 1360) (the "Receivership Order"),[1] I was appointed receiver (the "Receiver") over: (1) JJ Arch's managerial and membership interests in the JJ Arch Controlled Entities; (2) the JJ Arch Controlled Properties; and (3) JJ Arch's bank accounts, records, and funds, and the JJ Arch Controlled Entities' funds, assets properties, records, and bank accounts.

Pursuant to the Receivership Order, I have the power, with the authorization of the Court, to engage and employ persons in my discretion to assist me in carrying out my duties and responsibilities as Receiver.

As the Receiver, I am authorized to, among other things, manage, rent, lease, sell or develop the JJ Arch Controlled Properties, and take any other steps reasonably necessary to maximize the remaining equity belonging to the JJ Arch Controlled Entities.

I respectfully submit this application (this "Application") for entry of an Order, in the form annexed hereto as **Exhibit 1,** approving the retention of Jones Lang LaSalle ("JLL") as my real estate broker for the JJ Arch Controlled Property located at 1640 Montauk Highway, Water Mill, New York (the "1640 Montauk Property") for the period May 29, 2026 through November 28, 2026. I seek the retroactive approval of JLL's retention to May 29, 2026 because plaintiff Jeffrey Simpson's filing of his bankruptcy petition on February 19, 2026 resulted in the stay of this action (Court Notice, NYSCEF Doc. No. 2369) until the bankruptcy court entered its order modifying the automatic stay on July 9, 2026 authorizing me, among other things, to retain, or expand the retention of, a real estate broker to market the 1640 Montauk Property (ECF Doc. No.122, p. 2).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Receivership Order.

Hon. Joel M. Cohen
July 21, 2026
Page 2



Huebscher & Co.
FINANCIAL AND MANAGEMENT CONSULTING

Accordingly, I seek entry of an Order authorizing the retention of Daniel Flynn of JLL, who is eligible for appointment as a real estate broker to a receiver (Fiduciary ID 107647), to market the 1640 Montauk Property pursuant to the listing agreement annexed hereto as **Exhibit 2**.

One prior application seeking the relief requested in this Application has been made to this Court. On August 1, 2025, I filed an application to authorize the retention of Daniel Flynn of JLL and Michael M. Stachnik of Hampton Properties as my real estate brokers to market the 1640 Montauk Property. The Court approved that prior application and the listing agreement annexed to it on August 8, 2025 (NYSCEF Doc. No.1764). The approved listing agreement with Hampton Properties and JLL was effective from July 24, 2025 through March 31, 2026 (*see* prior listing agreement, NYSCEF Doc. No. 1763, p.1). I make this application to permit JLL to continue and complete the marketing of the 1640 Montauk Property. Hampton Properties and Michael M. Stachnik do not have any claim for a commission pursuant to the prior approved listing agreement.

I thank the Court for its time and attention to this matter.

Respectfully submitted,

By: _____
Eric M. Huebscher
Not Individually But Solely in His
Capacity as Receiver

Cc:    All appearing parties via NYSCEF

---

The Court construes the bankruptcy court's order as effecting a limited modification of the automatic stay of this "State Court" proceeding to be confined to items (i) and (ii) (NYSCEF 2388 [Bankr. Ct. Order dated July 9, 2026] at 2). The remaining enumerated provisions, including item (v), make no reference to—and provide no basis for—action in the state court proceedings. Accordingly, the requested relief falls outside the scope of the stay modification.

_____      7/21/26
Hon. Joel M. Cohen, J.S.C.        Date

---

FF\15779233.1          office 646.584.3141      fax 212.202.3503
301 East 87th Street, New York, NY 10128  www.HuebscherConsulting.com