**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

In re: Chapter 11

Jeffrey Solomon Simpson, Case No. 26-10359-LGB

Debtor.

---------------------------------------------------------X

Jeffrey Solomon Simpson, Adversary No. 26-01013

Plaintiff,

v.

Eric Huebscher, *as Receiver of Certain Assets of JJ Arch*,

Defendant.

---------------------------------------------------------X

Great American Insurance Company, Adversary No. 26-01015

Plaintiff,

v.

Arch Real Estate Holdings, LLC, Jeffrey Simpson, Jaren Chassen, Wiggin And Dana LLP, Griffin LLP, and Offit Kurman PA.,

Defendants.

---------------------------------------------------------X

Eric M. Huebscher, *as Receiver* Adversary No. 26-01045

Plaintiff,

v.

Jeffrey Solomon Simpson,

Defendant.

---------------------------------------------------------X

608941 NJ Inc. Adversary No. 26-01046

Plaintiff,

v.

Jeffrey Solomon Simpson,

Defendant.

---------------------------------------------------------X

**CEASE AND DESIST ORDER CONCERNING IMPROPER EMAIL CORRESPONDENCE <u>TO PARTIES AND THE COURT WITHOUT USE OF COUNSEL BY THE DEBTOR</u>**

**WHEREAS**, on February 19, 2026, Jeffrey Solomon Simpson, a debtor and debtor-in-possession ("Simpson" or the "Debtor" or the "Plaintiff"), filed a Chapter 11 voluntary petition (Main Case ECF No. 1) (the "Main Case"); and

**WHEREAS**, on February 20, 2026, the Debtor commenced an adversary proceeding (Adv. Pro. Case No. 26-01013) (the "Adversary Proceeding")[1] against Defendant Eric Huebscher, temporary receiver ("Huebscher" or the "Receiver") appointed by the Supreme Court of New York County (the "State Court") through their complaint (Adv. Pro. ECF No. 1) and also filed *Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 2); and

**WHEREAS**, on March 20, 2026, the Debtor filed an *Application of Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor as of the Date of the Petition* (Main Case ECF No. 29) (the "Retention Application"); and

---

[1] The Court notes the following additional adversary proceedings have been commenced in connection with the Main Case: Adv. Pro. No. 26-01015 (*Great Am. Ins. Co. v. Arch Real Est. Holdings LLC*) Adv. Pro. No. 26-01045 (*Huebscher v. Simpson*); and Adv. Pro. No. 26-01046 (*608941 N.J. Inc. v. Simpson*). This order is effective in connection with all these adversary proceedings and any future adversary proceedings commenced which involve the Debtor while the Main Case is pending and effective.

**WHEREAS**, on March 25, 2026, the Court entered an *Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 22) (the "Injunction Order"); and

**WHEREAS**, on April 3, 2026, the Debtor filed a *Reply Declaration of Alec P. Ostrow in Further Support of the Retention Application* (Main Case ECF No. 41) (the "Ostrow Declaration") as well as a *Reply Declaration of the Debtor in Further Support of the Retention Application* (Main Case ECF No. 42) (the "Jeffrey Simpson Declaration"); and

**WHEREAS**, on April 7, 2026, the Debtor filed a *Supplemental Declaration in Support of the Retention Application* (Main Case ECF No. 48) (the "Supplemental Declaration"); and

**WHEREAS**, on May 4, 2026, the Debtor filed a *Supplemental Statement in Support of the Retention Application* containing the *Declaration of Yael Simpson* attached as Exhibit 1 (Main Case ECF No. 55) (the "Yael Simpson Declaration"); and

**WHEREAS**, on April 8 and May 7, 2026, the Court held a hearing (the "Retention Application Hearing") with respect to the Retention Application, reviewed the Ostrow, Supplemental, Jeffrey Simpson, and Yael Simpson Declarations, and considered the evidence and arguments of counsel. At the Retention Application Hearing, the Court issued a ruling on the record that the Retention Application would be approved and the Court expressly overruled the objections.[2] The Court informed the Debtor at the Retention Application Hearing that, since the Debtor was now represented by counsel, the Debtor should not personally email the Court or any parties represented by counsel or their counsel in the Main Case or in any adversary proceeding involving the Debtor while the Main Case is pending; and

---

[2] Objections to the Retention Application include the following: 608941 NJ Inc. ("Oak") and Jared Chassen ("Chassen", and together with Debtor and the Receiver, the "Parties") filed a *Joint Objection of Oak and Chassen to the Retention Application* (Main Case ECF No. 39); the United States Trustee's (the "UST") *Limited Objection of the UST to the Retention Application* (Main Case ECF No. 44); Arch Real Estate Holdings LLC's ("AREH") *Statement and Reservation of Rights of AREH Concerning the Retention Application* (Main Case ECF No. 45); and Adam Leitman Bailey, PC's ("ALB") *Objection of ALB to Retention Application* (Main Case ECF No. 46).

**WHEREAS**, on April 23, 2026, the Debtor filed *Debtor's List of Personal Property Pursuant to Order Granting In Part and Denying In Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 31) attached as Exhibit A (the "Property List") to determine which personal property items located at the 1640 Montauk Highway, Water Mill, New York 11976 (the "Premises") belong to the Debtor and its estate in connection with the Injunction Order; and

**WHEREAS**, on April 28, 2026, the Debtor filed an amended complaint (Adv. Pro. ECF No. 33) incorporating Chassen as a defendant in the Adversary Proceeding; and

**WHEREAS**, on May 8, 2026, the Court entered an *Order Authorizing Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to the Debtor* (Main Case ECF No. 61); and

**WHEREAS**, on June 10 and June 25, 2026, the Court held a hearing (the "Hearing") with respect to the Property List and Injunction Order and heard the testimony of the witnesses, reviewed the evidence admitted at the Hearing, and considered the arguments of counsel; and

**WHEREAS**, on July 20, 2026, the Court entered a *Decision Determining Plaintiff's Ownership of Certain Personal Property* (Adv. Pro. ECF No. 55) setting forth its findings of fact and conclusions of law regarding which items on the Property List belonged to the Debtor's estate as personal property and requesting the Debtor and the Receiver along with their respective counsel to appear at a status conference held on Zoom on July 23, 2026 (the "First Status Conference") to meet and confer on how to best accomplish removal of the Debtor's personal property items from the Premises; and

**WHEREAS**, on July 23, 2026, the Court held the First Status Conference where the Debtor, the Receiver, and their respective counsel appeared and discussed how best to remove the personal property items that the Court ruled belong to the Plaintiff which are located at the Premises and constitute property of the Debtor and the Debtor's estate. The Court reminded the Debtor that he is represented by counsel

and that any communications with the Court, parties who are represented by counsel, and their counsel in the Main Case or the Adversary Proceeding must be made by his counsel and not by him[3]; and

**WHEREAS**, on July 24, 2026, the Court entered a *Final Judgment Regarding Plaintiff's Ownership of Certain Personal Property Items* (Adv. Pro. ECF No. 56) (the "Judgment") that outlined which items from the Personal Property List belonged to the Debtor and its estate and set a deadline for August 21, 2026 at 5:00 P.M. ET (the "Deadline") for the Debtor to remove his personal property items from the Premises. Paragraph 4 of the Judgment outlined specific protocols the Debtor and the Receiver must comply with regarding communications, planning, and notice with respect to the initial visit and four subsequent visits the Debtor would need to remove his personal property items from the Premises before the Deadline. On this day, the Debtor also directly emailed the Court, the Receiver, the Receiver's counsel, the Debtor's own counsel, and New York Supreme Court Judge Joel M. Cohen ("Judge Cohen," and together with the Court, the Receiver, the Receiver's counsel, and Debtor's own counsel, the "Initial Email Parties") regarding concerns over certain property items after the First Status Conference; and

**WHEREAS**, on July 25, 2026, the Court learned that the Debtor directly sent at least three emails to the Initial Email Parties without proper use of counsel, discussing the Debtor's belief that the Judgment did not state that the Debtor must communicate through his counsel when emailing the Receiver; and

**WHEREAS**, on July 26, 2026, the Court learned that the Debtor sent at least one email directly to the Initial Email Parties, sending a photo of signed original title for the 1996 Land Rover Discovery White; and

[3] The Court acknowledges that there are State Court orders addressing and ordering the Debtor to cease contact with the Receiver through inappropriate emails which pre-date the Main Case and the Adversary Proceeding. *See* State Court NYSCEF No. 1360, Paragraph 4 and *see also* NYSCEF No. 1508, Paragraph 6.

**WHEREAS**, on July 27, 2026, the Court held a status conference on Zoom (the "Second Status Conference") where the Debtor, the Receiver, and their respective counsel appeared to discuss concerns with respect to the procedures outlined in Paragraph 4 of the Judgment. Before and after the Second Status Conference, the Court learned that the Debtor directly sent at least seven emails to the Initial Email Parties along with Chassen, Allen Schwartz ("Schwartz") and Sean Southard, counsel for Chassen ("Southard" and together with the Initial Email Parties, Chassen, and Schwartz, the "Email Parties"); and

**WHEREAS**, on July 28, 2026, Schwartz filed a letter to the Court in the Main Case (Main Case ECF No. 133) (the "First Letter") requesting that the Court enter a cease and desist order against the Debtor due to the Debtor's, as the First Letter describes, "ongoing barrage of abusive emails to Mr. Chassen and his counsel, to the Receiver in defiance of the state court's bar on direct emails to, and harassment of, the Receiver." The emails are attached to the First Letter as Exhibit 1. The Court also learned that the Debtor directly sent at least eight emails to the Email Parties; and

**WHEREAS**, on July 29, 2026, Schwartz filed a second letter to the Court in the Main Case (Main Case ECF No. 134) attaching the Debtor's response to the First Letter and pleading to the Court to order the Debtor to cease and desist sending emails directly to the Email Parties. The Court also learned that on that day, the Debtor directly sent at least seven emails to the Email Parties; and

**WHEREAS**, the Court has considered the request made by certain Parties for a cease-and-desist order in light of the Court's previous statements to Mr. Simpson about direct email communications and Mr. Simpson's numerous direct emails sent to the Email Parties despite the Court's cautioning that such direct email communication must cease.

**NOW, THEREFORE**, it is hereby **ORDERED** that:

1. The Debtor shall refrain from sending any email correspondence to the Court and to any parties represented by counsel in the Main Case, the Adversary Proceeding, or any other current or future adversary proceedings involving the Debtor while the Main Case is pending, and their counsel, including the Parties and their respective counsel. This order does not restrict the counsel for the Debtor's email correspondence.
2. Notwithstanding paragraph one of this order, the Debtor may email the Receiver solely for the purpose scheduling visits to the Premises to take possession of personal property items of the Debtor located on the Premises in accordance with the Judgment, provided, that counsel for the Receiver and counsel for the Debtor are copied on all such email correspondence, any such email correspondence must not be abusive in any way, and the topics in such email correspondence must be limited to logistics regarding scheduling visits to the Premises to take possession of the Debtor's personal property in accordance with the terms of the Judgment, including Paragraph 4 of the Judgment.
3. The Court expressly reserves the right to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if this order is violated.
4. This Court shall retain jurisdiction to enforce or interpret the terms of this order.

Dated: New York, New York
July 31, 2026

***/s/ Lisa G. Beckerman*** ____________________
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE