UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Jeffrey Solomon Simpson, | Case No. 26-10359 |
| *Debtor*. | |

------------------------------------------------------------

**SECOND AMENDED ORDER REGARDING CHASSEN LIFT STAY MOTION**

**WHEREAS**, on June 16, 2026, Jared Chassen ("Chassen") filed a motion [ECF 87] (the "Chassen Motion") seeking an order modifying the automatic stay, along with a declaration of Allen Schwartz, Esq. in support of the Chassen Motion [ECF 88]; and

**WHEREAS**, on June 18, 2026, Eric Huebscher, the temporary receiver (the "Receiver") appointed by the Supreme Court of the State of New York (the "State Court") filed a limited joinder to the Chassen Motion [ECF 99] (the "Limited Joinder"); and

**WHEREAS**, on July 1, 2026, the Debtor filed an opposition to the Chassen Motion [ECF 111] and a supporting declaration of the Debtor [ECF 112]; and

**WHEREAS**, on July 6, 2026, replies to the Debtor's objection to the Chassen Motion were filed by the Receiver [ECF 118] and Chassen [ECF 119]; and

**WHEREAS**, on July 8, 2026, the Court held a hearing to consider the Chassen Motion and the Limited Joinder and the motion to clarify the automatic stay, for relief from the automatic stay and for partial abstention from hearing adversary proceeding 26-01046 filed by 608941 NJ Inc., and, after reviewing the relevant materials and considering oral argument made by counsel for all moving parties, issued the Amended Order [ECF 122] (the "Order") on July 9, 2026; and

**WHEREAS**, on July 30, 2026, the Receiver filed a letter [ECF 135] (the "Letter") titled *Motion to Amend the Order to Permit Receiver to Seek the Approval of the State Court to Retain a Real Estate Broker and an Accountant*, requesting that this Court amend the Order to "explicitly permit him to seek approval of the State Court to retain a real estate broker…and to retain an

accountant."; and

**WHEREAS**, on July 31, 2026, the Debtor filed an objection [ECF 137] to the Receiver's letter, asserting that the relief requested in the Letter requires a motion providing 14-day notice and that the Receiver had failed to provide such notice; and

**WHEREAS**, as of the entry of the Order on July 9, 2026, this Court intended that the automatic stay be lifted to, *inter alia*, permit the Receiver to take certain required actions in connection with his State Court appointment, including without limitation to seek the approval of the State Court to retain a real estate broker and an accountant for the functions stated in the Order; and

**WHEREAS**, pursuant to Fed. R. Civ. P. 60(a), made applicable by Fed. R. Bankr. P. 9024, "the [C]ourt may correct…a mistake arising from oversight" relating to its orders, and "may do so on a motion or on its own, with or without notice."; and

**WHEREAS**, on August 4, 2026, the Court held a status conference with respect to a matter in a pending adversary proceeding (the "Status Conference"), at which the Receiver and counsel for each of the Receiver and the Debtor appeared; and

**WHEREAS**, after careful consideration and due deliberation, and for the reasons given by the Court on the record of the Status Conference, the Court finds it prudent to issue this Second Amended Order to effectuate the correction of a mistake arising from the oversight and implementation of the Order.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the automatic stay is modified to permit the Receiver to take the following actions in connection with his State Court appointment, and the Receiver is authorized to: (i) seek and collect reimbursement in State Court for the Receiver's expenses incurred for services performed for the entities over which he was appointed temporary receiver; (ii) seek and

collect reimbursement in State Court for services rendered by the Receiver's counsel in connection with the same; (iii) pay all taxes associated with the properties over which the Receiver was appointed; (iv) seek approval in State Court to retain an accountant to address possible tax issues associated with the properties over which the Receiver was appointed; and (v) seek approval in State Court to retain, or expand the retention of, a real estate broker to take all actions to market the real property located at 1640 Montauk Highway, Water Mill, NY 11976 and owned by 1640 Montauk LLC; and it is further

**ORDERED**, that the remaining relief sought in the Chassen Motion is DENIED without prejudice to refile a motion seeking such relief no earlier than September 8, 2026; and it is further

**ORDERED**, that, for the avoidance of doubt, the Receiver shall not sell the real property located at 1640 Montauk Highway, Water Mill, NY 11976 and owned by 1640 Montauk LLC, or any personal property located thereon, or take any action to enforce provisions in the order of the State Court with respect to the auction of the personal property located thereon, without further order of this Court; and it is further

**ORDERED**, that the relief granted herein with respect to the modification of the automatic stay shall be immediately effective upon the entry of this Order, and the automatic 14-day stay under Bankruptcy Rule 4001(a)(4) shall not apply to such relief; and it is further

**ORDERED**, that this Court retains jurisdiction over all matters related to or arising out of the implementation or execution of this Order.

Dated: New York, New York
August 5, 2026

***/s/ Lisa G. Beckerman***
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE