BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson,
as Debtor and Debtor in Possession, Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>GREAT AMERICAN INSURANCE COMPANY, ARCH REAL ESTATE HOLDINGS, LLC, JARED CHASSEN, WIGGIN AND DANA LLP, GRIFFIN LLP, OFFIT KURMAN PA, and JOHN DOES 1-10,<br><br>Defendants. | Adversary No.<br><br>**<u>COMPLAINT</u>** |

Plaintiff Jeffrey Solomon Simpson (the “Debtor”), as Debtor and Debtor in Possession, complaining of the defendants, respectfully sets forth and alleges:

## Introduction

1. This adversary proceeding is commenced by the Debtor and Debtor in Possession to compel a turnover of property of the estate, namely that portion of the proceeds of insurance policy held by the principal defendant, Great American Insurance Company, that represent covered claims for insurance by the Debtor. In this adversary proceeding, the Debtor does not seek recovery against any of the defendants for any other claim the Debtor may have against any such defendant under any other applicable law, and the Debtor reserves the right to assert any such claim. Because the other named defendants have made claims to such insurance proceeds, they are parties required to be joined if feasible. Because other unnamed persons may make claims to such insurance proceeds defendants John Does 1-10 are added.

## Jurisdiction and Venue

2. This adversary proceeding is commenced in connection with the Debtor's chapter 11 bankruptcy case pending in this district, case no. 26-10359. The Debtor filed his voluntary chapter 11 petition with this Court on February 19, 2026.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of final orders or a final judgment by the bankruptcy court.

## Parties

6. Plaintiff is the Debtor and the debtor in possession in this bankruptcy case. On the filing of the Debtor's voluntary chapter 11 petition, the Debtor became a debtor in possession, pursuant to sections 1101(1) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code"). No separate trustee or examiner has been appointed.

7. Defendant Great American Insurance Company ("Great American") is an insurance corporation existing under the laws of the State of Ohio.

8. Defendant Arch Real Estate Holdings, LLC ("AREH") is a limited liability company with a place of business in the State of New York.

9. Defendant Jared Chassen in an individual residing in the State of New York.

10. Defendant Wiggin and Dana LLP is a law firm with a place of business in the State of New York.

11. Defendant Griffin LLP is a law firm with a place of business in the State of New York.

12. Defendant Offit Kurman PA is a law firm with a place of business in the State of New York.

13. Defendants John Does 1-10 are unknown persons who may have an interest in the insurance proceeds that are the subject matter of this adversary proceeding.[1]

---

[1] JJ Arch LLC and YJ Simco LLC are not named as defendants even though JJ Arch LLC intervened in the Insurance Interpleader Action, defined below, claiming an entitlement to insurance coverage, and in the YJ Simco LLC bankruptcy case, the Debtor took the position that YJ Simco LLC was similarly entitled to insurance coverage. The reason these affiliates of the Debtor are not named as defendants is that their claims, like those of the law firms named as defendants, are derivative to those of the Debtor, and as a result of the Debtor's individual chapter 11 filing, as set forth below, the Debtor has the sole and exclusive right to prosecute derivate claims. In the event, that it is determined that any of the law firms named as a defendant has a right to the insurance proceeds that are the subject of this adversary proceeding, the Debtor intends to amend the complaint to name JJ Arch LLC and YJ Simco LLC as similarly situated claimants.

## Factual Background

14. Great American issued an insurance policy to AREH, Asset Management Liability Policy, with **Policy Period**[2] of April 18, 2023 to April 18, 2024, and an aggregate limit of liability of $3 million, policy number PEPE246619 (the "Policy"). A copy of the Policy is annexed hereto as Exhibit A.

15. AREH is the **Named Insured** under the Policy.

16. The definition of **Insured Person** in Section III.J(1) of the Policy means "any natural person who was, is or shall become a director, officer, general partner, manager, managing member, management committee member, equivalent executive or employee (including any part-time, seasonal, temporary or leased employees) of an **Insured Organization**."

17. The definition of **Insured Organization** in Section III.I of the Policy means "the **Named Insured** and any **Operating Entity**. **Insured Organization** shall not include any **Portfolio Company**."

18. The Debtor is an **Insured Person** under the Policy for several reasons under the Policy, including those set forth in the letter from counsel for Great American to Alan R. Lyons, dated November 22, 2023, a copy of which is annexed hereto as Exhibit B..

19. Defendant Jared Chassen at the beginning of the **Policy Period** was an **Insured Person** under the Policy, but his actions beginning in August of 2023, as set forth below, have caused him to lose the status of an **Insured Person** under the Policy.

20. Defendant Wiggin and Dana LLP is not an **Insured Person** under the Policy.

21. Defendant Griffin LLP is not an **Insured Person** under the Policy.

---

[2] Unless otherwise specified, capitalized terms in **Bold** font have the meaning set forth in the Policy.

22. Defendant Offit Kurman PA is not an **Insured Person** under the Policy.

23. The Debtor has covered claims for coverage under the Policy for **Loss**, including **Costs of Defense**, by virtue of being subjected to litigation claims in excess of the aggregate policy limit of $3 million in various lawsuits, including, without limitation, an action entitled *Simpson v. Chassen*, in the Supreme Court of the State of New York, County of New York, Index No. 158055/2023 (the "Primary State Action").

24. Great American has extended the Debtor coverage in the Primary State Action.

25. As a result of coverage extended by Great American, the amount aggregate remaining limit of liability is $2,105,999.29 (the "Stake").

26. In light of competing claims to the Stake, Great American commenced an insurance interpleader action entitled *Great American Insurance Company v. Arch Real Estate Holdings, LLC*, in the Supreme Court of the State of New York, County of New York, Index No. 653208/2024 (the "Insurance Interpleader Action").[3]

27. In its complaint the Insurance Interpleader Action, Great American alleged that the Debtor made claims for coverage under the Policy for, among other things, tort claims asserted against him in the Primary State Action and **Costs of Defense**, and the Debtor admitted such allegations.

28. In its complaint in the Insurance Interpleader Action, Great American alleged that defendant Jared Chassen made claims for coverage under the Policy for, among other things, tort

[3] The Insurance Interpleader Action has been removed and remanded on three occasions. Most recently, after the Insurance Interpleader Action was removed and referred to this Court, in response to motions to abstain or remand, this Court issued proposed findings of fact and conclusions of law in *Great American Insurance Company v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF No. 28 (Bankr. S.D.N.Y. May 14, 2026), remanding the Insurance Interpleader Action to state court, but subject to the automatic stay. These findings were adopted by the district court in *Great American Insurance Company v. Arch Real Estate Holdings, LLC (In re Simpson)*, No. 26-CV-04833 (JAV), Doc. No. 5 (S.D.N.Y. June 23, 2026).

claims asserted against him the Primary State Action and **Costs of Defense**, and Jared Chassen admitted such allegations.

29. In the Insurance Interpleader Action, defendant Wiggin and Dana LLP alleged a claim for coverage under the Policy in the amount of $368,270.34 for attorneys' fees incurred by JJ Arch LLC at the request of the Debtor.

30. In its complaint in the Insurance Interpleader Action, Great American alleged that defendant Griffin LLP incurred attorney's fees for its representation of JJ Arch LLC that are potentially covered by the Policy, and Griffin LLC admitted such allegation.

31. In the Insurance Interpleader Action, defendant Offit Kurman PA alleged a claim for coverage under the Policy in the amount of $133,037.69 for attorneys' fees incurred by the Debtor. Defendant Offit Kurman PA has also filed proof of claim number 21 in the Debtor's bankruptcy case in the amount of $249,095.34, which includes the $133,037.69 sought in the Insurance Interpleader Action.

32. In the Insurance Interpleader Action, defendant AREH asserted counterclaims against Great American, but such counterclaims did not include a claim to the Stake.

33. In the Insurance Interpleader Action, Great American alleged and defendant Jared Chassen admitted that defendant Jared Chassen had sought coverage for at least $500,000 in **Costs of Defense**. In addition, in the Insurance Interpleader Action, defendant Jared Chassen asserted counterclaims against Great American, but such counterclaims did not include a claim to the Stake.

34. The Order of Payment provision of the Policy, Section IX.P, provides:

> In the event of **Loss** arising from a covered **Claim** for which payment is due under the provisions of this Policy, then the **Insurer** shall in all events:

> (1) first, pay **Loss** for which coverage is provided under Insuring Agreement A of this Policy; then
>
> (2) only after payment of **Loss** has been made pursuant to Insuring Agreement A of this Policy, with respect to whatever remaining amount of the Limit of Liability is available after such payment, the **Insurer** shall pay such other **Loss** for which coverage is provided under any other applicable Insuring Agreements in Section I of this Policy.
>
> The **Financial Insolvency** of any **Insured** shall not relieve the **Insurer** of any of its obligations to prioritize payment of covered **Loss** under this Policy.

35. The Order of Payment provision of the Policy creates a priority for any covered Claim under Insuring Agreement A.

36. Insuring Agreement A of the Policy, Section I.A, provides:

> Except for **Loss** which the **Insurer** pays pursuant to Sections I.B or I.C of this Policy, the **Insurer** will pay on behalf of the **Insured Persons** all Loss which the **Insured Persons** become legally obligated to pay as a result of a **Claim** first made during the **Policy Period** or **Discovery Period**, if applicable, for a **Wrongful Act.**

37. As a result, the **Insured Persons** who are covered in Insuring Agreement A have a priority over entities which are insured under Insuring Agreement B, Section I.B of the Policy, such as AREH, the **Named Insured.**

38. As a result, the claim to the Stake of defendant AREH, if any, is of a lower priority than the Debtor's claim to the Stake.

39. The claims to the Stake of the law firms, defendants Wiggin and Dana LLP, Griffin LLP, and Offit Kurman PA, are based their claims on the Debtor's right to coverage under the policy, since such defendants are not themselves **Insured Persons** under the Policy.

40. The claims to the Stake of defendant Jared Chassen are not valid for several reasons. First, he was terminated from any position in an **Insured Organization** for cause

beginning in August 2023, thereby ceasing to be an **Insured Person**, when he participated with 608941 NJ Inc. ("Oak"), with which he had a Common Interest, Joint Prosecution and Joint Defense Agreement, made on August 6, 2023, but effective as of August 3, 2023, in a scheme to remove the Debtor from his position at AREH, by among other things, improperly having the Debtor removed from access to AREH's bank accounts and electronic records. Second, he was terminated from any position in an **Insured Organization** for cause beginning in August 2023, thereby ceasing to be an **Insured Person**, when he failed to make required Capital Contributions under the JJ Arch Operating Agreement, and as result, lost his economic interests and managerial status in JJ Arch affiliates including the **Insured Organizations** under the Policy.

41. Upon information and belief, defendant Jared Chassen received payment for the same legal bills for which he sought coverage under the Policy from Oak, or an affiliate of Oak.

42. The claims to the Stake of defendant Jared Chassen are also not valid because of the conditions, exclusions, definitions, conditions precedent, and limitations of the Policy, including, but not limited to, (a) the definition of **Costs of Defense** in Section III.B. of the Policy, (b) the definition of **Loss** in Section III.N of the Policy, (c) the exclusion brought about or contributed to by any **Insureds** for gaining any personal profit, financial advantage or remuneration to which they were not legally entitled in Section IV.D.1 of the Policy, (d) the **Costs of Defense and Settlement** provisions of Section VII.D of the Policy, (e) the **Other Insurance Provisions** of Section IX of the Policy, and (f) the **Representations and Severability** provisions in Section IX.Q of the Policy.

**Claim for Relief – Turnover of Property of the Estate –**
**<u>11 U.S.C. § 542</u>**

43. The Debtor repeats and realleges the allegations in paragraphs 1 through 42 of this complaint as if set forth at length herein.

44. The filing of the Debtor's bankruptcy petition created an estate, pursuant to section 541(a)(1) of the Bankruptcy Code, which consists in part of "all legal and equitable interests of the debtor in property as of the commencement of the case" and property is in the bankruptcy estate, pursuant to section 541(a) of the Bankruptcy Code, irrespective of "wherever [such property] is located and by whomever held."

45. The Debtor's claim to coverage under the policy are property of the Debtor's estate, and exceed the amount of the Stake.

46. In addition, by operation of law, the Debtor, as debtor in possession, has the exclusive right to claims against the Stake that were made prior to bankruptcy by the law firms whose claims were derivative of the Debtor's status as an **Insured Person**, and such exclusive right is property of the Debtor's estate.

47. Great American is in possession of the Stake.

48. Great American has no claim of its own to the Stake.

49. The Debtor's claim to the Stake is superior to the other defendants' claims to the Stake, because the Debtor's claim has priority over AREH's claim pursuant to the Order of Payment provision of the Policy, the Debtor has the exclusive right to pursue the law firms' derivate claims, and Jared Chassen's claim to the Stake fail because he has lost his status as an **Insured Person** under the Policy or because of the conditions, exclusions, definitions, conditions precedent, and limitations of the Policy.



4905-9329-6060 v.1

50. As a result, the Debtor is entitled to judgment directing Great American to turn over the Stake to the Debtor as Debtor in Possession, pursuant to section 542(a) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully prays for a judgment directing Great American to turnover the Stake to the Debtor as Debtor in Possession, granting the Debtor his costs and disbursements of this adversary proceeding, and granting the Debtor such other and further relief as is just.

Dated: New York, New York
August 20, 2026

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP

By: _/s/ Alec P. Ostrow___
Alec P. Ostrow
aostrow@beckerglynn.com
299 Park Avenue
New York, New York 10171
(212) 888-3033

*Attorneys for Jeffrey Solomon Simpson, as Debtor and Debtor in Possession, Plaintiff*