**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Jeffrey Solomon Simpson, | Case No. 26-10359-LGB |
| Debtor. | |

---------------------------------------------------------X

| | |
|---|---|
| Jeffrey Solomon Simpson, | Adversary No. 26-01013 |
| Plaintiff, | |
| v. | |
| Eric Huebscher, *as Receiver of Certain Assets of JJ Arch*, | |
| Defendant. | |

---------------------------------------------------------X

| | |
|---|---|
| Great American Insurance Company, | Adversary No. 26-01015 |
| Plaintiff, | |
| v. | |
| Arch Real Estate Holdings, LLC, Jeffrey Simpson, Jaren Chassen, Wiggin And Dana LLP, Griffin LLP, and Offit Kurman PA., | |
| Defendants. | |

---------------------------------------------------------X

| | |
|---|---|
| Eric M. Huebscher, *as Receiver* | Adversary No. 26-01045 |
| Plaintiff, | |
| v. | |
| Jeffrey Solomon Simpson, | |
| Defendant. | |

---------------------------------------------------------X

608941 NJ Inc. Adversary No. 26-01046

Plaintiff,

v.

Jeffrey Solomon Simpson,

Defendant.

---------------------------------------------------------X

Jeffrey Solomon Simpson, Adversary No. 26-01079

Plaintiff,

v.

Great American Insurance Company, Arch Real Estate Holdings, LLC, Jared Chassen, Wiggin and Dana LLP, Griffin LLP, Offit Kurman PA, John Does 1-10

Defendants.

---------------------------------------------------------X

**ORDER SANCTIONING DEBTOR FOR VIOLATING CEASE AND DESIST ORDER CONCERNING IMPROPER EMAIL CORRESPONDENCE TO PARTIES AND THE COURT WITHOUT USE OF COUNSEL BY THE DEBTOR**

**WHEREAS**, on February 19, 2026, Jeffrey Solomon Simpson, a debtor and debtor-in-possession ("Simpson" or the "Debtor"), filed a Chapter 11 voluntary petition (ECF No. 1) (the "Chapter 11 Case" or "Main Case")[1]; and

**WHEREAS**, on February 20, 2026, the Debtor commenced an adversary proceeding (Adv. Pro. Case No. 26-01013) (the "Adversary Proceeding") against Defendant Eric Huebscher,

---

[1] The Court notes the following additional adversary proceedings have been commenced in connection with the Chapter 11 Case: Adv. Pro. No. 26-01013 (*Simpson v. Huebscher*); Adv. Pro. No. 26-01015 (*Great Am. Ins. Co. v. Arch Real Est. Holdings LLC*) Adv. Pro. No. 26-01045 (*Huebscher v. Simpson*); Adv. Pro. No. 26-01046 (*608941 N.J. Inc. v. Simpson*); and Adv. Pro. No. 26-01079 (*Simpson v. Great Am. Ins. Co.*). This order is effective in connection with all these adversary proceedings and any future adversary proceedings commenced which involve the Debtor while the Chapter 11 Case is pending and effective.

temporary receiver ("Huebscher" or the "Receiver") appointed by the Supreme Court of New York County (the "State Court") through their complaint (Adv. Pro. ECF No. 1) and also filed *Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 2); and

**WHEREAS**, on March 20, 2026, the Debtor filed an *Application of Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor as of the Date of the Petition* (Main Case ECF No. 29) (the "Retention Application"); and

**WHEREAS**, on March 25, 2026, the Court entered an *Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 22) (the "Injunction Order"); and

**WHEREAS**, on April 3, 2026, the Debtor filed a *Reply Declaration of Alec P. Ostrow in Further Support of the Retention Application* (Main Case ECF No. 41) (the "Ostrow Declaration") as well as a *Reply Declaration of the Debtor in Further Support of the Retention Application* (Main Case ECF No. 42) (the "Jeffrey Simpson Declaration"); and

**WHEREAS**, on April 7, 2026, the Debtor filed a *Supplemental Declaration in Support of the Retention Application* (Main Case ECF No. 48) (the "Supplemental Declaration"); and

**WHEREAS**, on May 4, 2026, the Debtor filed a *Supplemental Statement in Support of the Retention Application* containing the *Declaration of Yael Simpson* attached as Exhibit 1 (Main Case ECF No. 55) (the "Yael Simpson Declaration"); and

**WHEREAS**, on April 8 and May 7, 2026, the Court held a hearing (the "Retention Application Hearing") with respect to the Retention Application, reviewed the Ostrow, Supplemental, Jeffrey Simpson, and Yael Simpson Declarations, and considered the evidence and arguments of counsel. At the Retention Application Hearing, the Court issued a ruling on the

record that the Retention Application would be approved and the Court expressly overruled the objections.[2] The Court informed the Debtor at the Retention Application Hearing that, since the Debtor was now represented by counsel, the Debtor should not personally email the Court or any parties represented by counsel or their counsel in the Main Case or in any adversary proceeding involving the Debtor while the Main Case is pending; and

**WHEREAS**, on April 23, 2026, the Debtor filed *Debtor's List of Personal Property Pursuant to Order Granting In Part and Denying In Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 31) attached as Exhibit A (the "Property List") to determine which personal property items located at the 1640 Montauk Highway, Water Mill, New York 11976 (the "Premises") belong to the Debtor and its estate in connection with the Injunction Order; and

**WHEREAS**, on April 28, 2026, the Debtor filed an amended complaint (Adv. Pro. ECF No. 33) incorporating Chassen as a defendant in the Adversary Proceeding; and

**WHEREAS**, on May 8, 2026, the Court entered an *Order Authorizing Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to the Debtor* (Main Case ECF No. 61); and

**WHEREAS**, on June 10 and June 25, 2026, the Court held a hearing (the "Hearing") with respect to the Property List and Injunction Order and heard the testimony of the witnesses, reviewed the evidence admitted at the Hearing, and considered the arguments of counsel; and

[2] Objections to the Retention Application include the following: 608941 NJ Inc. ("Oak") and Jared Chassen ("Chassen", and together with Debtor and the Receiver, the "Parties") filed a *Joint Objection of Oak and Chassen to the Retention Application* (Main Case ECF No. 39); the United States Trustee's (the "UST") *Limited Objection of the UST to the Retention Application* (Main Case ECF No. 44); Arch Real Estate Holdings LLC's ("AREH") *Statement and Reservation of Rights of AREH Concerning the Retention Application* (Main Case ECF No. 45); and Adam Leitman Bailey, PC's ("ALB") *Objection of ALB to Retention Application* (Main Case ECF No. 46).

**WHEREAS**, on July 20, 2026, the Court entered a *Decision Determining Plaintiff's Ownership of Certain Personal Property* (Adv. Pro. ECF No. 55) setting forth its findings of fact and conclusions of law regarding which items on the Property List belonged to the Debtor's estate as personal property and requesting the Debtor and the Receiver along with their respective counsel to appear at a status conference held on Zoom on July 23, 2026 (the "First Status Conference") to meet and confer on how to best accomplish removal of the Debtor's personal property items from the Premises; and

**WHEREAS**, on July 23, 2026, the Court held the First Status Conference where the Debtor, the Receiver, and their respective counsel appeared and discussed how best to remove the personal property items that the Court ruled belong to the Plaintiff which are located at the Premises and constitute property of the Debtor and the Debtor's estate. The Court reminded the Debtor that he is represented by counsel and that any communications with the Court, parties who are represented by counsel, and their counsel in the Main Case or the Adversary Proceeding must be made by his counsel and not by him[3]; and

**WHEREAS**, on July 24, 2026, the Court entered a *Final Judgment Regarding Plaintiff's Ownership of Certain Personal Property Items* (Adv. Pro. ECF No. 56) (the "Judgment") that outlined which items from the Personal Property List belonged to the Debtor and its estate and set a deadline for August 21, 2026 at 5:00 P.M. ET (the "Deadline") for the Debtor to remove his personal property items from the Premises. Paragraph 4 of the Judgment outlined specific protocols the Debtor and the Receiver must comply with regarding communications, planning, and notice with respect to the initial visit and four subsequent visits the Debtor would need to remove

[3] The Court acknowledges that there are State Court orders addressing and ordering the Debtor to cease contact with the Receiver through inappropriate emails which pre-date the Main Case and the Adversary Proceeding. *See* State Court NYSCEF No. 1360, Paragraph 4 and *see also* NYSCEF No. 1508, Paragraph 6.

his personal property items from the Premises before the Deadline. On this day, the Debtor also directly emailed the Court, the Receiver, the Receiver's counsel, the Debtor's own counsel, and New York Supreme Court Judge Joel M. Cohen ("Judge Cohen," and together with the Court, the Receiver, the Receiver's counsel, and Debtor's own counsel, the "Initial Email Parties") regarding concerns over certain property items after the First Status Conference; and

**WHEREAS**, on July 25, 2026, the Court learned that the Debtor directly sent at least three emails to the Initial Email Parties without proper use of counsel, discussing the Debtor's belief that the Judgment did not state that the Debtor must communicate through his counsel when emailing the Receiver; and

**WHEREAS**, on July 26, 2026, the Court learned that the Debtor sent at least one email directly to the Initial Email Parties, sending a photo of signed original title for the 1996 Land Rover Discovery White; and

**WHEREAS**, on July 27, 2026, the Court held a status conference on Zoom (the "Second Status Conference") where the Debtor, the Receiver, and their respective counsel appeared to discuss concerns with respect to the procedures outlined in Paragraph 4 of the Judgment. Before and after the Second Status Conference, the Court learned that the Debtor directly sent at least seven emails to the Initial Email Parties along with Chassen, Allen Schwartz ("Schwartz") and Sean Southard, counsel for Chassen ("Southard" and together with the Initial Email Parties, Chassen, and Schwartz, the "Email Parties"); and

**WHEREAS**, because the Debtor continued to send emails to the Email Parties, on July 31, 2026, the Court entered a *Cease and Desist Order Concerning Improper Email Correspondence to Parties Without Use of Counsel by the Debtor* (ECF No. 136) (the "Cease-and-Desist Order") ordering the Debtor refrain from sending any email correspondence to the Court and to any parties

represented by counsel in the Chapter 11 Case, the Adversary Proceeding, or any other current or future adversary proceedings involving the Debtor while the Chapter 11 Case is pending, and their counsel, including the Parties and their respective counsel. The Cease-and-Desist Order did not restrict the counsel for the Debtor's email correspondence; and

**WHEREAS**, Paragraph 2 of the Cease-and-Desist Order outlines that the Debtor may email the Receiver solely for the purpose scheduling visits to the Premises to take possession of personal property items of the Debtor located on the Premises in accordance with the Judgment, and that any such email correspondence must not be abusive in any way, and the topics in such email correspondence must be limited to logistics regarding scheduling visits to the Premises to take possession of the Debtor's personal property in accordance with the terms of the Judgment, including Paragraph 4 of the Judgment; and

**WHEREAS**, on August 12, 2026, the Court received at least one email sent directly by the Debtor to the Email Parties, among others, without the use of the Debtor's own counsel and was not limited to appropriate discussion with the Receiver as highlighted in Paragraph 2 of the Cease-and-Desist Order; and

**WHEREAS**, on August 13, 2026, the Court received at least five emails sent directly by the Debtor to the Email Parties, among others, without the use of the Debtor's own counsel and was not limited to appropriate discussion with the Receiver as highlighted in Paragraph 2 of the Cease-and-Desist Order. Accordingly, the Court entered an *Order to Show Cause* (ECF No. 142) in the Chapter 11 Case, as well as all adversary proceedings in connection with the Chapter 11 Case, scheduling an in-person hearing for August 20, 2026 (the "August 20 Hearing") regarding the Debtor's improper email communications to the Court and other parties without use of their counsel in violation of the Cease-and-Desist Order; and

**WHEREAS**, Paragraph 3 of the Cease-and-Desist Order contemplates that the Court expressly reserved the right to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if the Cease-and-Desist Order is violated; and

**WHEREAS**, on August 18, 2026, counsel for the Receiver emailed to the Court and filed in the Adversary Proceeding a *Letter to Judge Lisa G. Beckerman regarding Cease & Desist Order, dated August 18, 2026* (Adv. Pro. ECF No. 67) (the "August 18 Letter") which highlighted additional emails sent by the Debtor directly to the Receiver without use of the Debtor's counsel and not following the limitations set in Paragraph 2 of the Cease-and-Desist Order. In these emails, the Court was not copied as an email recipient; and

**WHEREAS**, between the entry of the Cease-and-Desist Order and the August 20 Hearing, the Debtor improperly sent at least 45 emails (the "Emails") to the Court directly without using his counsel and called the Court directly twice without using his counsel as well. The Court filed notice of the Debtor's improper telephone calls to Chambers and email communications on the docket as the following: *Notice of Ex Parte Communication Received from Debtor* (ECF No. 143); *Notice of Additional Emails Sent by the Debtor* (ECF No. 144) (collectively, the "August 14 Notice"); and the *Notice of Additional Emails and Ex Parte Communication by the Debtor* (ECF No. 150) (the "August 19 Notice")[4]; and

**WHEREAS**, at the August 20 Hearing, the Debtor and his counsel, among others, were present at the August 20 Hearing where the Court discussed its concerns with the Debtor concerning the Emails, the August 14 Notice, the August 18 Letter, and the August 19 Notice, and

---

[4] The Court notes for transparency that at least three emails of the 45 total Emails from the Debtor were sent after entry of the August 19 Notice, two of which were on the morning prior to the August 20 Hearing and are therefore currently not filed on the docket.

asked the Debtor to explain how these actions were not violations of the Cease-and-Desist Order[5]. On the record, the Debtor admitted to being in violation of the Cease-and-Desist Order through his Emails and the phone calls mentioned in the August 14 Notice and the August 19 Notice, but raised some concerns as to the Cease-and-Desist Order not being clear to him with respect to other forms of communications and how the Debtor felt unable to respond to correspondence initiated by other parties sent directly to him.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. The Debtor is found to have violated the Cease-and-Desist Order through his Emails to the Court and his emails listed in the August 18 Email. The Debtor's direct phone calls to the Court in the August 14 Notice and the August 19 Notice were also improper *ex parte* communications. The Debtor failed to show sufficient cause as to why these actions did not violate the Cease-and-Desist Order through their own admittance at the August 20 Hearing.

2. The Court sanctions the Debtor $50 per email for 40 of the Emails sent, totaling $2,000.00 for his violation and contempt of the Cease-and-Desist Order. The monetary sanctions shall be paid to the Clerk of the Court within **ninety (90) days** from the date of the entry of this Order. The Court also sanctions the Debtor further by requiring him to (a) complete an anger management course which has been approved by the New York state courts in Manhattan and is at least twelve hours in duration, and (b) file a certificate of completion of such anger management course with the Court by no later than **September 30, 2026**.

3. If the Debtor finds the Cease-and-Desist Order to be unclear, counsel for the Debtor may make a request of the Court in a writing filed on the docket that the Court clarify a provision or provisions in the Cease-and-Desist Order.

[5] As stated on the record at the August 20 Hearing, the Court chose not to sanction the Debtor for five of the 45 Emails sent in consideration of its ruling.

4. The Court expressly reserves the right to continue to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if there are further violations of the Cease-and-Desist Order by the Debtor or non-compliance with this order.

5. This Court shall retain jurisdiction to enforce or interpret the terms of this order.

Dated: New York, New York
August 24, 2026

***/s/ Lisa G. Beckerman***
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE