**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

In re: Chapter 11

Jeffrey Solomon Simpson, Case No. 26-10359-LGB

Debtor.

---------------------------------------------------------X

Jeffrey Solomon Simpson, Adversary No. 26-01013

Plaintiff,

v.

Eric Huebscher, *as Receiver of Certain Assets of JJ Arch*,

Defendant.

---------------------------------------------------------X

Great American Insurance Company, Adversary No. 26-01015

Plaintiff,

v.

Arch Real Estate Holdings, LLC, Jeffrey Simpson, Jaren Chassen, Wiggin And Dana LLP, Griffin LLP, and Offit Kurman PA.,

Defendants.

---------------------------------------------------------X

Eric M. Huebscher, *as Receiver* Adversary No. 26-01045

Plaintiff,

v.

Jeffrey Solomon Simpson,

Defendant.

---------------------------------------------------------X

608941 NJ Inc. Adversary No. 26-01046

Plaintiff,

v.

Jeffrey Solomon Simpson,

Defendant.

---------------------------------------------------------X

Jeffrey Solomon Simpson, Adversary No. 26-01079

Plaintiff,

v.

Great American Insurance Company, Arch Real Estate Holdings, LLC, Jared Chassen, Wiggin and Dana LLP, Griffin LLP, Offit Kurman PA, John Does 1-10

Defendants.

---------------------------------------------------------X

**ORDER SANCTIONING DEBTOR FOR FURTHER VIOLATING CEASE AND DESIST ORDER CONCERNING IMPROPER EMAIL CORRESPONDENCE TO PARTIES AND THE COURT WITHOUT USE OF COUNSEL BY THE DEBTOR**

**WHEREAS**, on February 19, 2026, Jeffrey Solomon Simpson, a debtor and debtor-in-possession ("Simpson" or the "Debtor"), filed a Chapter 11 voluntary petition (ECF No. 1) (the "Chapter 11 Case" or "Main Case")[1]; and

**WHEREAS**, on February 20, 2026, the Debtor commenced an adversary proceeding (Adv. Pro. Case No. 26-01013) (the "Adversary Proceeding") against Defendant Eric Huebscher,

[1] The Court notes the following additional adversary proceedings have been commenced in connection with the Chapter 11 Case: Adv. Pro. No. 26-01013 (*Simpson v. Huebscher*); Adv. Pro. No. 26-01015 (*Great Am. Ins. Co. v. Arch Real Est. Holdings LLC*); Adv. Pro. No. 26-01045 (*Huebscher v. Simpson*); Adv. Pro. No. 26-01046 (*608941 N.J. Inc. v. Simpson*); and Adv. Pro. No. 26-01079 (*Simpson v. Great Am. Ins. Co.*). This order is effective in connection with all these adversary proceedings and any future adversary proceedings commenced which involve the Debtor while the Chapter 11 Case is pending and effective.

temporary receiver ("Huebscher" or the "Receiver") appointed by the Supreme Court of New York County (the "State Court") through their complaint (Adv. Pro. ECF No. 1) and also filed *Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 2); and

**WHEREAS**, on March 20, 2026, the Debtor filed an *Application of Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor as of the Date of the Petition* (Main Case ECF No. 29) (the "Retention Application"); and

**WHEREAS**, on March 25, 2026, the Court entered an *Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 22) (the "Injunction Order"); and

**WHEREAS**, on April 3, 2026, the Debtor filed a *Reply Declaration of Alec P. Ostrow in Further Support of the Retention Application* (Main Case ECF No. 41) (the "Ostrow Declaration") as well as a *Reply Declaration of the Debtor in Further Support of the Retention Application* (Main Case ECF No. 42) (the "Jeffrey Simpson Declaration"); and

**WHEREAS**, on April 7, 2026, the Debtor filed a *Supplemental Declaration in Support of the Retention Application* (Main Case ECF No. 48) (the "Supplemental Declaration"); and

**WHEREAS**, on May 4, 2026, the Debtor filed a *Supplemental Statement in Support of the Retention Application* containing the *Declaration of Yael Simpson* attached as Exhibit 1 (Main Case ECF No. 55) (the "Yael Simpson Declaration"); and

**WHEREAS**, on April 8 and May 7, 2026, the Court held a hearing (the "Retention Application Hearing") with respect to the Retention Application, reviewed the Ostrow, Supplemental, Jeffrey Simpson, and Yael Simpson Declarations, and considered the evidence and arguments of counsel. At the Retention Application Hearing, the Court issued a ruling on the

record that the Retention Application would be approved and the Court expressly overruled the objections.[2] The Court informed the Debtor at the Retention Application Hearing that, since the Debtor was now represented by counsel, the Debtor should not personally email the Court or any parties represented by counsel or their counsel in the Main Case or in any adversary proceeding involving the Debtor while the Main Case is pending; and

**WHEREAS**, on April 23, 2026, the Debtor filed *Debtor's List of Personal Property Pursuant to Order Granting In Part and Denying In Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* (Adv. Pro. ECF No. 31) attached as Exhibit A (the "Property List") to determine which personal property items located at the 1640 Montauk Highway, Water Mill, New York 11976 (the "Premises") belong to the Debtor and its estate in connection with the Injunction Order; and

**WHEREAS**, on April 28, 2026, the Debtor filed an amended complaint (Adv. Pro. ECF No. 33) incorporating Chassen as a defendant in the Adversary Proceeding; and

**WHEREAS**, on May 8, 2026, the Court entered an *Order Authorizing Debtor to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to the Debtor* (Main Case ECF No. 61); and

**WHEREAS**, on June 10 and June 25, 2026, the Court held a hearing (the "Hearing") with respect to the Property List and Injunction Order and heard the testimony of the witnesses, reviewed the evidence admitted at the Hearing, and considered the arguments of counsel; and

---

[2] Objections to the Retention Application include the following: 608941 NJ Inc. ("Oak") and Jared Chassen ("Chassen", and together with Debtor and the Receiver, the "Parties") filed a *Joint Objection of Oak and Chassen to the Retention Application* (Main Case ECF No. 39); the United States Trustee's (the "UST") *Limited Objection of the UST to the Retention Application* (Main Case ECF No. 44); Arch Real Estate Holdings LLC's ("AREH") *Statement and Reservation of Rights of AREH Concerning the Retention Application* (Main Case ECF No. 45); and Adam Leitman Bailey, PC's ("ALB") *Objection of ALB to Retention Application* (Main Case ECF No. 46).

**WHEREAS**, on July 20, 2026, the Court entered a *Decision Determining Plaintiff's Ownership of Certain Personal Property* (Adv. Pro. ECF No. 55) setting forth its findings of fact and conclusions of law regarding which items on the Property List belonged to the Debtor's estate as personal property and requesting the Debtor and the Receiver along with their respective counsel to appear at a status conference held on Zoom on July 23, 2026 (the "First Status Conference") to meet and confer on how to best accomplish removal of the Debtor's personal property items from the Premises; and

**WHEREAS**, on July 23, 2026, the Court held the First Status Conference where the Debtor, the Receiver, and their respective counsel appeared and discussed how best to remove the personal property items that the Court ruled belong to the Plaintiff which are located at the Premises and constitute property of the Debtor and the Debtor's estate. The Court reminded the Debtor that he is represented by counsel and that any communications with the Court, parties who are represented by counsel, and their counsel in the Main Case or the Adversary Proceeding must be made by his counsel and not by him[3]; and

**WHEREAS**, on July 24, 2026, the Court entered a *Final Judgment Regarding Plaintiff's Ownership of Certain Personal Property Items* (Adv. Pro. ECF No. 56) (the "Judgment") that outlined which items from the Personal Property List belonged to the Debtor and its estate and set a deadline for August 21, 2026 at 5:00 P.M. ET (the "Deadline") for the Debtor to remove his personal property items from the Premises. Paragraph 4 of the Judgment outlined specific protocols the Debtor and the Receiver must comply with regarding communications, planning, and notice with respect to the initial visit and four subsequent visits the Debtor would need to remove

[3] The Court acknowledges that there are State Court orders addressing and ordering the Debtor to cease contact with the Receiver through inappropriate emails which pre-date the Main Case and the Adversary Proceeding. *See* State Court NYSCEF No. 1360, Paragraph 4; *see also* State Court NYSCEF No. 1508, Paragraph 6.

his personal property items from the Premises before the Deadline. On this day, the Debtor also directly emailed the Court, the Receiver, the Receiver's counsel, the Debtor's own counsel, and New York Supreme Court Judge Joel M. Cohen ("Judge Cohen," and together with the Court, the Receiver, the Receiver's counsel, and Debtor's own counsel, the "Initial Email Parties") regarding concerns over certain property items after the First Status Conference; and

**WHEREAS**, on July 25, 2026, the Court learned that the Debtor directly sent at least three emails to the Initial Email Parties without proper use of counsel, discussing the Debtor's belief that the Judgment did not state that the Debtor must communicate through his counsel when emailing the Receiver; and

**WHEREAS**, on July 26, 2026, the Court learned that the Debtor sent at least one email directly to the Initial Email Parties, sending a photo of signed original title for the 1996 Land Rover Discovery White; and

**WHEREAS**, on July 27, 2026, the Court held a status conference on Zoom (the "Second Status Conference") where the Debtor, the Receiver, and their respective counsel appeared to discuss concerns with respect to the procedures outlined in Paragraph 4 of the Judgment. Before and after the Second Status Conference, the Court learned that the Debtor directly sent at least seven emails to the Initial Email Parties along with Chassen, Allen Schwartz ("Schwartz") and Sean Southard, counsel for Chassen ("Southard" and together with the Initial Email Parties, Chassen, and Schwartz, the "Email Parties"); and

**WHEREAS**, because the Debtor continued to send emails to the Email Parties, on July 31, 2026, the Court entered a *Cease and Desist Order Concerning Improper Email Correspondence to Parties Without Use of Counsel by the Debtor* (Main Case ECF No. 136) (the "Cease-and-Desist Order") ordering the Debtor refrain from sending any email correspondence to the Court and to

any parties represented by counsel in the Chapter 11 Case, the Adversary Proceeding, or any other current or future adversary proceedings involving the Debtor while the Chapter 11 Case is pending, and their counsel, including the Parties and their respective counsel. The Cease-and-Desist Order did not restrict the counsel for the Debtor's email correspondence; and

**WHEREAS**, Paragraph 2 of the Cease-and-Desist Order outlines that the Debtor may email the Receiver solely for the purpose scheduling visits to the Premises to take possession of personal property items of the Debtor located on the Premises in accordance with the Judgment, and that any such email correspondence must not be abusive in any way, and the topics in such email correspondence must be limited to logistics regarding scheduling visits to the Premises to take possession of the Debtor's personal property in accordance with the terms of the Judgment, including Paragraph 4 of the Judgment; and

**WHEREAS**, on August 12, 2026, the Court received at least one email sent directly by the Debtor to the Email Parties, among others, without the use of the Debtor's own counsel and was not limited to appropriate discussion with the Receiver as highlighted in Paragraph 2 of the Cease-and-Desist Order; and

**WHEREAS**, on August 13, 2026, the Court received at least five emails sent directly by the Debtor to the Email Parties, among others, without the use of the Debtor's own counsel and was not limited to appropriate discussion with the Receiver as highlighted in Paragraph 2 of the Cease-and-Desist Order. Accordingly, the Court entered an *Order to Show Cause* (Main Case ECF No. 142) in the Chapter 11 Case, as well as all adversary proceedings in connection with the Chapter 11 Case, scheduling an in-person hearing for August 20, 2026 (the "August 20 Hearing") regarding the Debtor's improper email communications to the Court and other parties without use of their counsel in violation of the Cease-and-Desist Order; and

**WHEREAS**, Paragraph 3 of the Cease-and-Desist Order contemplates that the Court expressly reserved the right to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if the Cease-and-Desist Order is violated; and

**WHEREAS**, on August 18, 2026, counsel for the Receiver emailed to the Court and filed in the Adversary Proceeding a *Letter to Judge Lisa G. Beckerman regarding Cease & Desist Order, dated August 18, 2026* (Adv. Pro. ECF No. 67) (the "August 18 Letter") which highlighted additional emails sent by the Debtor directly to the Receiver without use of the Debtor's counsel and not following the limitations set in Paragraph 2 of the Cease-and-Desist Order. In these emails, the Court was not copied as an email recipient; and

**WHEREAS**, on August 19, 2026, the Debtor filed a *Status Report of the Debtor Regarding First Visit to Premises for Retrieval of Personal Property Items Pursuant to Final Judgment* (Adv. Pro. ECF No. 70) (the "First Status Report") which requested a status conference to discuss, among other concerns, an extension to the Deadline outlined in Paragraph 3 of the Judgment and concerns regarding the Debtor's first visit to the Premises on August 11, 2026 (the "Initial Visit"); and

**WHEREAS**, between the entry of the Cease-and-Desist Order and the August 20 Hearing, the Debtor improperly sent at least 45 emails (the "Emails") to the Court directly without using his counsel and called the Court directly twice without using his counsel as well. The Court filed notice of the Debtor's improper telephone calls to Chambers and email communications on the docket as the following: *Notice of Ex Parte Communication Received from Debtor* (Main Case ECF No. 143); *Notice of Additional Emails Sent by the Debtor* (Main Case ECF No. 144)

(collectively, the "August 14 Notice"); and the *Notice of Additional Emails and Ex Parte Communication by the Debtor* (Main Case ECF No. 150) (the "August 19 Notice")[4]; and

**WHEREAS**, at the August 20 Hearing, the Debtor and his counsel, among others, were present at the August 20 Hearing where the Court discussed its concerns with the Debtor concerning the Emails, the August 14 Notice, the August 18 Letter, and the August 19 Notice, and asked the Debtor to explain how these actions were not violations of the Cease-and-Desist Order[5]. On the record, the Debtor admitted to being in violation of the Cease-and-Desist Order through his Emails and the phone calls mentioned in the August 14 Notice and the August 19 Notice, but raised some concerns as to the Cease-and-Desist Order not being clear to him with respect to other forms of communications and how the Debtor felt unable to respond to correspondence initiated by other parties sent directly to him. Also at the August 20 Hearing, a status conference was held pursuant to the First Status Report where the Hearing Parties agreed to extend the Deadline to September 4, 2026. Also on this day, the Court entered an *Order Amending Paragraph 3 of the Final Judgment Regarding Plaintiff's Ownership of Certain Personal Property Items* (Adv. Pro. ECF No. 71), extending the Deadline listed in Paragraph 3 of the Judgment from August 21, 2026 at 5:00 P.M. ET to September 4, 2026 at 5:00 P.M. ET (the "First Amended Deadline"); and

**WHEREAS**, on August 21, 2026, the Court entered an *Order Scheduling Status Conference* (Adv. Pro. ECF No. 72) (the "August 21 Scheduling Order") to schedule a status conference for August 26, 2026 (the "August 26 Status Conference") to discuss the concerns raised by the Debtor in the First Status Report concerning the Initial Visit and ordered counsel for the

---

[4] The Court notes for transparency that at least three emails of the 45 total Emails from the Debtor were sent after entry of the August 19 Notice, two of which were on the morning prior to the August 20 Hearing and are therefore currently not filed on the docket.

[5] As stated on the record at the August 20 Hearing, the Court chose not to sanction the Debtor for five of the 45 Emails sent in consideration of its ruling.

Receiver to turn over all video or photographic documentation taken during the Initial Visit to the Premises to the Court as well as to the Debtor and the Debtor's counsel sufficiently in advance of the August 26 Status Conference to enable the parties to review the video in advance of the status conference, with the limitation that the Debtor is precluded from sharing, distributing and/or forwarding the video to any other person and that the Debtor and the Debtor's counsel may only utilize the video in connection with matters pending before this Court, unless the Court authorizes other usage by the Debtor and the Debtor's counsel. On that same day, counsel for the Debtor emailed the Court with a link for the full video recorded at the Initial Visit of approximately 3 hours and 48 minutes, with counsel for the Receiver copied to the email; and

**WHEREAS**, on August 24, 2026, the Court entered an *Order Sanctioning Debtor for Violating Cease-and-Desist Order Concerning Improper Email Correspondence to Parties and the Court Without Use of Counsel by the Debtor* (Main Case ECF No. 152) (the "Sanctions Order") sanctioning the Debtor for $50 per email for 40 out of 45 of the emails sent by the Debtor improperly without use of their counsel for failing to show at the August 20 Hearing why their actions did not violate the Cease-and-Desist Order through their own admittance to be paid within 90 days from the date of the entry of the Sanctions Order. The Sanctions Order also sanctioned the Debtor further by requiring him to (a) complete an anger management course which has been approved by the New York state courts in Manhattan and is at least twelve hours in duration, and (b) file a certificate of completion of such anger management course with the Court by no later than September 30, 2026. In the Sanctions Order, the Court expressly reserved the right to continue to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if there are further violations of the Cease-and-Desist Order by the Debtor or non-compliance with the Sanctions Order. Also on this day, less than 24 hours after entry of the Sanctions Order, counsel

for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated August 24, 2026* (Adv. Pro. ECF No. 75) (the "August 24 Letter"). The August 24 Letter attached five additional emails from the Debtor in violation of the Cease-and-Desist Order, including two emails that the Court was not copied on as a recipient; and

**WHEREAS**, at the August 26 Status Conference, with the Debtor, counsel for the Debtor, the Receiver, counsel for the Receiver, and counsel for Chassen present (collectively, the "Status Conference Parties"), the Court raised concerns that it would not be possible for the Debtor to sufficiently move all of the property of the Premises with the time remaining before the First Amended Deadline due to the nature of the property remaining as well as the condition of the premises documented on the Initial Visit. Since the Status Conference Parties present at the August 26 Status Conference could not reach a consensus on how to move forward with removing the Debtor's personal property items off the Premises at the time of the August 26 Status Conference, the Court stated on the record it would be further extending the deadline for the Debtor if the Status Conference Parties could not come to a consensus a few days before the First Amended Deadline; and

**WHEREAS**, on September 1, 2026, the Debtor filed a *Status Report of Jeffrey Solomon Simpson Regarding Second Visit to Rever Motors Premises for Retrieval of Personal Property Items Pursuant to Final Judgment* (Adv. Pro. ECF No. 76) (the "Second Status Report") which described the Debtor's visit to the Premises on August 28, 2026 (the "Second Visit") involving the personal property items the Debtor was able to remove from the Premises and requested that counsel for the Receiver turn over all video or photographic documentation taken during the Second Visit to the Premises to the Court as well as to the Debtor and the Debtor's counsel with the same limitations outlined in the August 21 Scheduling Order. Also on this day, counsel for the

Debtor emailed the Court with counsel for the Receiver copied informing the Court that the Status Conference Parties were unable to reach an agreement on proceeding further to implement future visits to the Premises and asked the Court to enter an order further extending the First Amended Deadline. Also on this day, the Court entered the *Order Further Amending the Final Judgment Regarding Plaintiff's Ownership of Certain Personal Property Items* (Adv. Pro. ECF No. 77) which further amended the First Amended Deadline from September 4, 2026 at 5:00 P.M. ET to September 23, 2026 at 5:00 P.M. ET (the "Second Amended Deadline"), allowed the Debtor to not be limited to four-hour visits to the Premises. The Second Amended Deadline was entered without prejudice for the Debtor to seek further extension of the Second Amended Deadline should there be sufficient cause and asked counsel for the Receiver to turn over all video or photographic documentation taken during the Second Visit to the Premises to the Court as well as to the Debtor and the Debtor's counsel to enable the parties to review the video, with the limitation that the Debtor is precluded from sharing, distributing and/or forwarding the video to any other person and that the Debtor and the Debtor's counsel may only utilize the video in connection with matters pending before this Court, unless the Court authorizes other usage by the Debtor and the Debtor's counsel; and

**WHEREAS**, on September 8, 2026, counsel for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated September 4, 2026* (Adv. Pro. ECF No. 78) (the "September 4 Letter"). The September 4 Letter attached two additional emails from the Debtor in violation of the Cease-and-Desist Order, including one email that the Court was not copied on as a recipient; and

**WHEREAS**, on September 9, 2026, counsel for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated September 9, 2026* (Adv. Pro. ECF No.

79) (the "September 9 Letter"). The September 9 Letter attached one additional email from the Debtor in violation of the Cease-and-Desist Order that the Court was not copied on as a recipient; and

**WHEREAS**, on September 10, 2026, the Court entered a *Notice of Additional Emails and Ex Parte Communication by the Debtor as of September 9, 2026* (Main Case ECF No. 159) (the "September 9 Notice"). The September 9 Notice notified all parties that since entry of the Sanctions Order, the Debtor improperly sent at least seven more emails to the Court directly without using their counsel. Four out of seven of those emails were contained in the September 9 Letter while the remaining three were attached to the September 9 Notice as Exhibit 1. Also on this day, the Court entered an *Order to Show Cause* (Main Case ECF No. 160) in the Chapter 11 Case, as well as all adversary proceedings in connection with the Chapter 11 Case, scheduling an in-person hearing for September 18, 2026 (the "September 18 Hearing") regarding the Debtor's continued improper email communications to the Court and other parties without use of their counsel in further violation of the Cease-and-Desist Order. Also on this day, counsel for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated September 10, 2026* (Adv. Pro. ECF No. 84) (the "September 10 Letter"). The September 10 Letter attached one additional email from the Debtor in violation of the Cease-and-Desist Order that the Court was copied on as a recipient; and

**WHEREAS**, on September 14, 2026, counsel for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated September 14, 2026* (Adv. Pro. ECF No. 86) (the "September 14 Letter"). The September 14 Letter attached one additional email from the Debtor in violation of the Cease-and-Desist Order that the Court was copied on as a recipient; and

**WHEREAS**, on September 15, 2026, counsel for the Receiver filed a *Letter to Judge Lisa G. Beckerman Regarding Cease-and-Desist Order, dated September 15, 2026* (Adv. Pro. ECF No. 87) (the "September 15 Letter"). The September 15 Letter attached three additional emails from the Debtor in violation of the Cease-and-Desist Order, including one email that the Court was not copied on as a recipient; and

**WHEREAS**, on September 16, 2026, counsel for Chassen filed a *Letter to Court Regarding Jeffrey Simpson's Threatening Emails* (Adv. Pro. ECF No. 88) (the "September 16 Letter"). The September 16 Letter attached four additional emails from the Debtor in violation of the Cease-and-Desist Order that the Court was copied on as a recipient. Also on this day, the Court entered a *Notice of Additional Emails and Ex Parte Communication by the Debtor as of September 16, 2026* (Main Case ECF No. 165) (the "September 16 Notice"). The September 16 Notice notified all parties that since entry of the September 9 Notice, the Debtor improperly sent at least ten more emails to the Court directly without using their counsel. Four out of ten of those emails were contained in the September 10 Letter, the September 14 Letter, and the September 15 Letter, while the remaining six were attached to the September 16 Notice as Exhibit 1; and

**WHEREAS**, on September 17, 2026, counsel for the Receiver filed a *Letter to Judge Beckerman Concerning Timeline Regarding the Identification and Removal of Debtor's Personal Property, dated September 17, 2026* (Adv. Pro. ECF No. 90) (the "September 17 Letter"). The September 17 Letter details the timeline of the interactions between the Debtor, their counsel, the Receiver, and the Receiver's counsel from entry of the Judgment to the time the September 17 Letter was written. The September 17 Letter also states the auctioneer needs access to the premises one week prior to the scheduled auction for October 13 through October 15. At the time of entry

of this order, the Debtor has not sought to extend the Second Amended Deadline through use of their counsel; and

**WHEREAS**, between the entry of the Sanctions Order and the September 18 Hearing, the Debtor improperly sent at least 20 additional emails to the Court directly without using his counsel, along with 5 emails the Court was not copied on through the Receiver's August 24 Letter, the Receiver's September 4 Letter, the Receiver's September 9 Letter, and the Receiver's September 15 Letter, for a total of 26 new additional emails (the "New Emails") violating the Cease-and-Desist Order from the initial batch of 45 emails; and

**WHEREAS**, at the September 18 Hearing, the Debtor and his counsel, among others, were present at the August 20 Hearing where the Court discussed its concerns with counsel for the Debtor with respect to any actions they have taken in an attempt to prevent their client from further violating the Cease-and-Desist Order, and also with the Debtor concerning the New Emails, all the letters filed by counsel for the Receiver after entry of the Sanctions Order, the September 9 Notice, and the September 16 Notice, and asked the Debtor to explain how these actions were not violations of the Cease-and-Desist Order.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. The Debtor is found to have violated the Cease-and-Desist Order through the New Emails to the Court filed on the docket in the September 9 Notice, the September 16 Notice, and all letters filed by the Receiver after entry of the Sanctions Order. All of the New Emails either constitute improper *ex parte* communications and improper correspondence with the Court and all parties involved or, with respect to emails to the Receiver, violate the limitations concerning direct correspondence with the Receiver. The Debtor failed to show sufficient cause as to why these actions did not violate the Cease-and-Desist Order at the September 18 Hearing.

2. The Court sanctions the Debtor $150 per email for 26 of the New Emails sent, totaling $3,900.00 for his further violation and contempt of the Cease-and-Desist Order in addition to the $2,000 fine from the initial Sanctions Order. The monetary sanctions shall be paid to the Clerk of the Court within **ninety (90) days** from the date of the entry of this Order.

3. Because the Debtor is represented by counsel, if the Debtor wishes to request an adjournment or to file anything on the docket, counsel for the Debtor must be the one to make such request of the Court in a writing filed on the docket or to make a filing on the docket, including a motion to dismiss his Chapter 11 Case if he no longer desires the protections of the Bankruptcy Code or no longer intends to move the case forward consistent with the goals and purpose of a Chapter 11 case under the Bankruptcy Code.

4. The Court expressly reserves the right to continue to issue monetary sanctions and any other type of sanctions that the Court may deem appropriate if there are further violations of the Cease-and-Desist Order by the Debtor or non-compliance with this order.

5. This Court shall retain jurisdiction to enforce or interpret the terms of this order.

Dated: New York, New York
September 22, 2026

***/s/ Lisa G. Beckerman*****____________________**
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE