# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 26-10359 (LGB)
Adv. Case No. 26-01013 (LGB)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of:

JEFFREY SOLOMON SIMPSON,

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JEFFREY SOLOMON SIMPSON, As Debtor
and Debtor in Possession,
Plaintiff,
v.
ERIC HUEBSCHER, as Receiver of Certain
Assets of JJ Arch, and JARED CHASSEN,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Adv. Case No. 26-01015 (LGB)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GREAT AMERICAN INSURANCE COMPANY,
Plaintiff,
v.
ARCH REAL ESTATE HOLDINGS, LLC,
JEFFREY SIMPSON, JARED CHASSEN,
WIGGIN AND DANA LLP, GRIFFIN LLP, and
OFFIT KURMAN, PA,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Adv. Case No. 26-01045 (LGB)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERIC HUEBSCHER as Receiver of Certain
Assets of JJ Arch,
Plaintiff,
v.
JEFFREY SOLOMON SIMPSON, as Debtor and
Debtor in Possession
Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Adv. Case No. 26-01046 (LGB)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
608941 NJ INC.,
Plaintiff,
v.
JEFFREY SOLOMON SIMPSON, As Debtor and
Debtor in Possession,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Adv. Case No. 26-01079 (LGB)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JEFFREY SOLOMON SIMPSON, As Debtor
and Debtor in Possession,
Plaintiff,
v.
GREAT AMERICAN INSURANCE COMPANY,
ARCH REAL ESTATE HOLDINGS, LLC,
JARED CHASSEN, WIGGIN AND DANA LLP,
GRIFFIN LLP, OFFIT KURMAN PA, and
JOHN DOES 1-10,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Friday, September 18, 2026
8:30 a.m.

B E F O R E :
HON LISA G. BECKERMAN
U.S. BANKRUPTCY JUDGE

ECRO: KS



HEARING re Order to Show Cause

Transcribed by: Sonya Ledanski Hyde

A P P E A R A N C E S :

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
Attorney for Debtor
299 Park Avenue
16th Floor

BY: ALEC P. OSTROW

FARRELL FRITZ, P.C.
Attorney for Eric Huebscher, Receiver
622 Third Avenue, Suite 37200
New York, NY 10017

BY: MARTIN G. BUNIN

UNITED STATES DEPARTMENT OF JUSTICE
Attorney for the United States Trustee
One Bowling Green
New York, NY 10004

BY: DANIEL RUDEWICZ



BINDER & SCHWARTZ LLP
Attorney for 60891 NJ Inc.
140 E. 45th Street, Suite 26B
New York, NY 10017

BY: LINDSAY A. BUSH

ALSO PRESENT:
Jeffrey Solomon Simpson, Debtor



P R O C E E D I N G S

THE COURT: You may be seated. For the record, this is Judge Beckerman. Court is now in session. I'm going to read out all of the case names, and after I do that, and numbers, I'll ask for appearances.

26-01013, Simpson v. Huebscher; 26-01015, Great American Insurance Company v. Arch Real Estate Holdings; Case Number 26-01045, Huebscher v. Simpson; Case Number 26-01046, 608941 NJ Inc. v. Simpson; Case Number 26-01079, Simpson v. Great American Insurance, et al.; and Case Number 26-10359, Jeffrey Solomon Simpson.

May I have appearances of the parties?

MR. OSTROW: Good morning, Your Honor. Alec Ostrow, from Becker, Glynn, Muffly, Chassin & Hosinski, for the Debtor, sitting next to me on the right.

THE COURT: Okay. Good morning.

MR. BUNIN: Good morning, Your Honor. Marty Bunin, from Farrell Fritz, for Eric Huebscher, as receiver.

MR. RUDEWICZ: Good morning, Your Honor. Daniel Rudewicz, on behalf of the United States trustee.

THE COURT: Okay. Good morning.

MS. BUSH: Good morning, Your Honor. Lindsay Bush, from Binder & Schwartz, on behalf of Oak.

THE COURT: Good morning. Any other appearances? All right. So today we're here because of my order to show



cause. So specifically for the record, I issued a cease and desist order on July 31, 2026, which precluded the Debtor from sending emails to the Court, parties in the Chapter 11 case, and all of the related adversary proceedings who are represented by counsel and to counsel for those parties, and it did permit the Debtor to email the receiver for logistical reasons but precluded any abusive orders or threatening or inappropriate emails.

On August 20, 2026, I held a hearing and found the Debtor in contempt of my cease and desist order. On August 24, 2026, I entered an order which effectuated my findings from the contempt hearing.

Since then the Debtor has continued and repeatedly violated the cease and desist order. So on September 10, 2026, I issued another orders to cause as to why the Court should not issue further sanctions including monetary fines and/or other relief against the Debtor for the Debtor's continued failure to comply with the cease and desist order.

Since the entry of that order, meaning the entry of my last contempt order, and based on the email that has been set forth on each one of these emails that were received, the evidence demonstrates that the Debtor has sent 26 additional emails which violate the Court's cease and desist order, most of which were sent to the Court and other parties, but a few of which were just sent to the receiver

they did was in my schedules for JJ Arch, we had listed all these JJ investment entities because JJ Arch had affiliation with all of them. What they did was they ran to state court -- it was a separate action -- broke the stay and they did under JJ Arch and Chassen. It was Chassen v. Simpson and all these entities -- JJ Arch investment entities -- not the ones that Huebscher's involved in, the AREH styled ones. They got a TRO in a split second without any due process by Judge Bork.

Then they sent it immediately to Judge Mastando, and Judge Mastando dismisses the case, says this is not core. He didn't give anybody a chance to describe anything. So now, all of a sudden, everything goes the wrong way for no good reason. And when I called out Judge Cohen the day after bankruptcy -- because of course the moment the bankruptcy had some sort of anything -- they ran to Judge Cohen immediately. They started running to him, and I got in front of Cohen and revolted like I just did here with you and I went through with him, and he starts scratching his head, saying, you mean this, you mean that, you mean this. And guess what happened thereafter? Nobody ever talks about the 654 case ever again. You know why? Because I proved them wrong.

So if you studied the 654 case, I don't know the last three digits. 654219, maybe. I don't remember. Just



go to NYSCEF, look up Jeffrey Simpson, 654, started in 2024. It was all to make the JJ Arch case die its own death and that's been the game all along. And just another piece of evidence that you can look at if you'd like is her predecessor, Leslie Thorne, sent a notice --

MS. BUSH: Your Honor, I'm just going to object again.

THE COURT: Okay.

MS. BUSH: This is continuing, and this is not what this hearing was about, and --

MR. SIMPSON: Yes, it is. Your client did everything to damage me. He should be here.

THE COURT: Okay. Okay, Mr. Simpson. Excuse me. All right. Well, unfortunately, I'm going to be ending this soon myself, just because, unfortunately, I have another calendar at 10 o'clock, and I have to actually clear off my docket because I have to log in. So you all will have to vacate my premises soon. Sorry about that. I just have one of those days where my schedule is crazy.

So Mr. Simpson, I'm going to issue my order. I don't think that's going to surprise you. I will, however, send you those transcripts. I will send everybody those transcripts. I will wait to hear back from what parties tell me relating to that, and I will act in accordance with the code. I understand my responsibilities.



I note for you, though, just for what it's worth, it's something that I didn't remember myself, which was interesting. Just the level of requirements for some things are fraudulent and intentional, so it's a very high standard. It's not even if someone just --

MR. SIMPSON: I'm not worried. What these people have done, they spent over $10 million on my head, so you'll be able to see if you study it, and I know you're very smart. Your Honor can choose to study it. It has been vindictive on me since day one. All we need, by the way, is an evidentiary hearing. You can bring in five people and give their names right now and ask the right questions, and we don't need to waste six months on this because as soon as you hear from those people, you'll learn how vindictive this was.

THE COURT: Okay. I understand. All right. Mr. Simpson, I think I've made my rulings.

Mr. Bunin, what else is there for me to do?

MR. BUNIN: I just have a question, Your Honor. I would like to know, and the receiver would like to know, if it's Mr. Simpson's intention, sitting here in this courtroom today, to obey the cease and desist order, and I request that Your Honor ask him that question.

THE COURT: I probably know the answer. But I'll ask it, sure. Is it your intent to continue to obey the



cease and desist order going forward?

MR. SIMPSON: I echo what Mr. Ostrow said. I'm allowed to, by your order, ask for scheduling, which I've done on two or three occasions, and your order doesn't say that if someone comes back to me and provokes me, I can't respond to them, and that's what he's done each time. So if he behaves himself -- which he could, by the way, very easily behave himself, right -- he's the one we should be asking the question of.

So yes, scheduling, I should be able to do. That was $1,000 an hour, and he should respond nicely and respectfully like I wrote to him those times. So yeah, let your guy actually do his job and you do your job, Bunin, and we'll be fine. Let's just --

THE COURT: All right. I think we're -- I'm sorry --

MR. SIMPSON: (indiscernible) the answer you want.

THE COURT: You answered the question. Okay. You got your answer. I don't think it's going to surprise you, Mr. Bunin. All right.

MR. SIMPSON: How about protecting me from what they do to me?

THE COURT: Mr. Simpson.

MR. SIMPSON: They provoke and provoke and provoke and steal, and you just listen to it as if it's gospel

because you've known Bunin for all these years, or for whatever reason. Because it's a receiver? What's the reason? What's the reason his behavior is tolerable?

THE COURT: Mr. Simpson.

MR. SIMPSON: Did you not read the emails from Huebscher? They're disgusting. They're nasty. They're gamesmanship. They're gross.

THE COURT: Mr. Simpson. Mr. Simpson, you have receivers that were appointed by the state court.

MR. SIMPSON: Improperly.

THE COURT: Maybe (indiscernible).

MR. SIMPSON: (indiscernible) so let's study it. Let's dig in. Let's understand how we got there.

THE COURT: I did look at the three times that they were challenged in the state court. It was --

MR. SIMPSON: By the same guy who was the one that ruined me.

THE COURT: Okay. Mr. Simpson.

MR. SIMPSON: Who sent it in writing to you. He was (indiscernible) to you in an email exchange. You want to see that too? We'll send that to you.

THE COURT: Okay. Anyway, Mr. Simpson.

MR. SIMPSON: Yeah.

THE COURT: All right.

MR. SIMPSON: Nothing about it.



THE COURT: Mr. Simpson, I'm not going to do something about a state court receivership that was appointed by the state court. You're right.

MR. SIMPSON: When they stole my assets and we're here in bankruptcy? You definitely can. You definitely can.

THE COURT: Mr. Simpson.

MR. SIMPSON: There are all types of rules called clawback. They happen years later. When there's malicious fraud that happens, you can go back as long as you need. When there's fraud and malicious intent, which Chassen had malicious intent and it was fraud.

THE COURT: Okay. Then you can sue him.

MR. SIMPSON: He has been sued here. It's in front of you.

THE COURT: Again, not for --

MR. SIMPSON: But you gave him extra time.

THE COURT: That was not relating to what you're saying.

MR. SIMPSON: Receivership? Of course it was. It's related to the remaining parts of what's left of (indiscernible). Absolutely is.

THE COURT: Okay. I guess you're right. I'll take you're right for it, but I don't -- that's not what I recall that complaint saying, it's about a stay extension.



Okay. With that, I'm going to say that the hearing is now adjourned. I'll be entering my order, and I appreciate everyone coming in today, and I would appreciate it if you would not mind vacating our chambers because we have to log on and start again at 10 o'clock. So I appreciate that. Have a good rest of the day. Court is now adjourned.

MR. BUNIN: Thank you, Your Honor.

(Whereupon, at 9:47 a.m., these proceedings were concluded)



C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.



Sonya Ledanski Hyde

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: September 28, 2026