BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Jeffrey Solomon Simpson,*
*as Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, and JARED CHASSEN,<br><br>Defendants. | Adversary No. 26-01013 (LGB) |
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY SIMPSON, JAREN CHASSEN, WIGGIN AND DANA LLP, GRIFFIN LLP, And OFFIT KURMAN P.A.<br><br>Defendants. | Adversary No. 26-01015 (LGB) |

| | |
|---|---|
| ERIC HUEBSCHER, as Receiver,<br>Plaintiff,<br><br>- against -<br><br>JEFFREY SOLOMON SIMPSON,<br>Defendant. | Adversary No. 26-01045 (LGB) |
| 608941 NJ INC.,<br>Plaintiff,<br><br>- against -<br><br>JEFFREY SOLOMON SIMPSON,<br>Defendant. | Adversary No. 26-01046 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br>Plaintiff,<br><br>- against -<br><br>GREAT AMERICAN INSURANCE COMPANY, ARCH REAL ESTATE HOLDINGS, LLC, JARED CHASSEN, WIGGIN AND DANA, LLP, GRIFFIN LLP, OFFIT KURMAN PA, and JOHN DOES 1-10,<br>Defendants. | Adversary No. 26-01079 (LGB) |

| | |
|---|---|
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB) |

**MOTION OF BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP TO WITHDRAW AS COUNSEL FOR JEFFREY SOLOMON SIMPSON, AS DEBTOR AND DEBTOR IN POSSESSION IN MAIN CASE AND ALL RELATED ADVERSARY PROCEEDINGS**

The motion (the "Motion") of Becker, Glynn, Muffly, Chassin & Hosinski LLP ("Becker Glynn") to withdraw as counsel for Jeffrey Solomon Simpson (the "Debtor"), as debtor and debtor in possession in the main case and all related adversary proceedings, pursuant to Local Bankruptcy Rule 2090-1(e), and for preliminary relief pending the hearing and determination of the Motion, respectfully sets forth and represents:

1. On February 19, 2026, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. As a result, the Debtor became a debtor in possession, pursuant to section 1101(1) of the Bankruptcy Code, and continued in possession of his property pursuant to section 1107 of the Bankruptcy Code. No trustee or committee has been appointed.

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Becker Glynn seeks and order, pursuant to Local Bankruptcy Rule 2090-1(e), authorizing it to withdraw as counsel for the Debtor, as debtor and debtor in possession, in the main case and all related adversary proceedings, and for preliminary relief pending the hearing and determination of the Motion, such as an extension of the deadlines in pending matters concerning the Debtor, or alternatively, for preliminary relief to enable the Debtor to act as his own counsel.

4. Becker Glynn was authorized to be retained by the Debtor, pursuant to section 327(a) of the Bankruptcy Code, as of the date of the Debtor's chapter 11 petition, by order entered May 8, 2026 (the "Retention Order") [Main Case ECF Doc. 61]. The Retention Order further provides that, "Becker Glynn shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e)."

5. Since the date of the Debtor's chapter 11 petition, Becker Glynn has represented the Debtor, as debtor and debtor in possession, in the above-captioned main bankruptcy case, and in the six above-captioned adversary proceedings. The undersigned counsel, Alec P. Ostrow, has been the sole lawyer at Becker Glynn who has appeared for the Debtor.

6. Local Bankruptcy Rule 2090-1(e) requires leave of court for cause shown for an attorney to withdraw as counsel. This court looks to the New York Rules of Professional Conduct in determining motions for leave to withdraw. *In re Wiener*, Case No. 18-13042 (JLG), 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019).

7. Good cause exists for Becker Glynn's withdrawal on two separate grounds under the New York Rules of Professional Conduct. <u>First</u>, Rule 1.16(a)(4) requires that an attorney withdraw if the attorney has been discharged. <u>Second</u>, Rule 1.16(c) of the Rules of Professional

Conduct of the State of New York provides grounds for permissive withdraw of counsel including:

> (4) the client insists upon taking action with which the lawyer has a fundamental disagreement;
>
> . . .
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out[.]

7. Becker Glynn is required to withdraw under the first ground, because the Debtor has discharged Mr. Ostrow, and thus Becker Glynn, as his counsel. Attached as Exhibit A is an email that the Debtor sent to the Court and others including adversary parties, on October 21, 2026. That email contains many statements with which Becker Glynn profoundly disagrees. Nevertheless, it contains the phrase "there will be no more Mr. Ostrow in this case." That statement, together with other statements that the Debtor has made both publicly and privately to Mr. Ostrow make clear that the Debtor has discharged Becker Glynn as his counsel. "When a client discharges a firm from its employment, and the firm accepts such discharge, the court should grant a motion to withdraw except under the most compelling circumstances." *Wasserstein v. 11 Apple LLC (In re WB Bridge Hotel LLC)*, 656 B.R. 733, 743 (Bankr. S.D.N.Y. 2024) (quoting *Wiener*, 2019 WL 2575012, at *4 (internal quotation and citations omitted)). In the present case, the client has discharged Becker Glynn, and Becker Glynn has accepted such discharge. It is respectfully submitted that there are no compelling circumstances to deny the motion to withdraw.

8. Good cause exists for permissive withdrawal under Rule 1.16(c)(4) and (7), even if Becker Glynn has not been discharged. With respect to Rule 1.16(c)(7), there has been an irreparable breakdown in the attorney-client relationship. Exhibit A, together with other

statements that the Debtor has made both publicly and privately to Mr. Ostrow, establish that the relationship has broken down beyond repair. Significantly, on October 22, 2026, the Debtor failed to cooperate in the prosecution of his complaint for an injunction and his motion for a preliminary injunction in adversary proceeding no. 26-01097 (LGB), by failing to attend his own noticed deposition against Mr. Ostrow's advice. This failure has rendered the representation unreasonably difficult, if not impossible, for Mr. Ostrow to carry out. Such a breakdown justifies permissive withdrawal in accordance with both of the cited grounds in Rule 1.16(c). *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 388 (Bankr. S.D.N.Y. 2024).

9. With respect to Rule 1.16(c)(4), the Debtor has repeatedly taken actions with which Mr. Ostrow profoundly disagrees and against the advice of counsel. The Debtor has unilaterally contacted opposing counsel and adversaries, as well as this Court and other courts, without prior consultation with or approval by Becker Glynn, and despite Becker Glynn's requests and advice to the contrary, thus undermining Becker Glynn's ability to represent the Debtor effectively. Indeed, several examples of the Debtor's conduct in this regard, specifically emails sent by the Debtor, have been the subject of the following orders entered by the Court in the main case and in the adversary proceedings that were pending at the time of the issuance of the orders:

- Cease and Desist Order Concerning Improper Email Correspondence to Parties and the Court Without Use of Counsel by the Debtor, dated July 31, 2026 [Main Case ECF Doc. 136]
- Order Sanctioning Debtor for Violating Cease and Desist Order Concerning Improper Email Correspondence to Parties and the Court Without Use of Counsel by Debtor, dated August 24, 2026 [Main Case ECF Doc. 152]
- Order Sanctioning Debtor for Further Violating Cease and Desist Order Concerning Improper Email Correspondence to Parties and the

Court Without Use of Counsel by Debtor, dated September 22, 2026 [Main Case ECF Doc. 167]

10. The Debtor's conduct, as set forth above, and other similar conduct, has precluded Becker Glynn from fully attending to the prosecution of the chapter 11 case, including discussing with the Debtor the formulation and proposal of a chapter 11 plan.

11. Courts authorize withdrawal based on a client's lack of cooperation and the existence of an irreconcilable conflict between attorney and client. *WB Bridge Hotel*, 656 B.R. at 743; *see Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, 2026 WL 861176, at *4 (S.D.N.Y. Mar. 30, 2026) (irreconcilable differences). It is respectfully submitted, that the Debtor's conduct discussed above demonstrates that there is ample basis to grant the motion to withdraw based on the Debtor's lack of cooperation and irreconcilable differences.

12. To protect the Debtor's confidential information as defined by Rule 1.6, Becker Glynn believes that further specifics should not be provided in the absence of informed consent by the Debtor. Becker Glynn is willing to provide copies of communications between the Debtor and Becker Glynn to the Court for *in camera* review if requested by the Court to do so.

13. By continuing to represent the Debtor under such circumstances, Becker Glynn has been placed in an untenable position, being constantly at odds with and undermined by the client it is trying to represent effectively. Although Becker Glynn is not aware of the existence of any other counsel ready, willing, and able to represent the Debtor in this case, given the Debtor's lack of available resources, Becker Glynn should nevertheless not be compelled to represent the Debtor for the duration of the chapter 11 case and any existing or future adversary proceedings in light of the Debtor's conduct set forth above, and especially because it is clear that the Debtor no longer wishes Becker Glynn to represent him.

14. Rule 1.16(e) of the Rules of Professional Conduct of the State of Law provides that "when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client." Because there are impending deadlines and hearings in the main bankruptcy case and in the above-captioned adversary proceedings, Becker Glynn seeks provisional relief of suspension of these pending deadlines and hearings pending the hearing and determination of this motion. In this Court,[1] the litigation deadlines calendared by Becker Glynn are:

In the main case

- Watermill Capital Holdings, LLC's motion for relief from the automatic stay (response to be filed by Becker Glynn on October 22, 2026)

  Hearing Date: October 29, 2026, at 10:00 a.m.

- The Debtor's motion for a second extension of exclusivity:

  Response Date: November 5, 2026

  Hearing Date: November 12, 2026, at 10:00 a.m.

- 608941 NJ Inc. ("Oak")'s motion to convert to chapter 7, dismiss, or appoint a chapter 11 trustee (filed October 22, 2026)

  Response Date: November 25, 2026

  Hearing Date: December 3, 2026

[1] In the Second Circuit, Case No. 25-2388, entitled *Simpson v. Chassen,* an appeal from S.D.N.Y. Case No. 25-04004 (JMF/JAV), after Becker Glynn filed a notice of the bankruptcy automatic stay shortly after the Debtor's petition date, Becker Glynn was ordered to provide a stay status report every 30 days on the status of the automatic stay as affecting the appeal. The next stay status report is due on November 12, 2026. Becker Glynn will continue to file stay status reports until it is relieved as counsel by this Court, and then Becker Glynn will seek to be relieved of the obligation to file such reports in the Second Circuit.

In adversary proceeding 26-01013 (LGB)

- Argument on the fully-briefed motions of Jared Chassen and Eric Huebscher, as Receiver, to dismiss the second amended complaint on October 26, 2026, at 9:00 a.m.

In adversary proceeding 26-01045 (LGB)

- Pretrial conference: December 8, 2026, at 10:00 a.m.

In adversary proceeding 26-01046 (LGB)

- The Debtor's motion to dismiss the amended complaint:

  Response Date: November 12, 2026

  Hearing Date: December 2, 2026, at 10:00 a.m.

- Pretrial conference: January 27, 2027, at 10:00 a.m.

In adversary proceeding 26-01079 (LGB)

- Motions to dismiss from defendants Great American Insurance Company, Wiggin and Dana LLP, and Griffin LLP

  Response Date: November 5, 2026

  Hearing Date: November 12, 2026, at 10:00 a.m.

- Motion to dismiss from Arch Real Estate Holdings LLC and Jared Chassen

  Response Date: November 9, 2026

  Hearing Date: December 1, 2026, at 10:00 a.m.

- Pretrial conference: December 1, 2026, at 10:00 a.m.

<u>In adversary proceeding 26-01097 (LGB)</u>

- The Debtor's motion for a preliminary injunction

  Reply Date: October 26, 2026

  Evidentiary Hearing Date: October 29, 2026, at 11:00 a.m.

- The Defendants' motion to vacate the temporary restraining order (response to be filed by Becker Glynn on October 22, 2026)

  Hearing Date: October 29, 2026, at 11:00 a.m.

It is respectfully submitted that many of the above deadlines are not urgent, and that the Court should stay the proceedings or extend the relevant response dates and hearing dates.[2] The exceptions are the Debtor's motion for a preliminary injunction and the related evidentiary hearing, and the defendants' motion to vacate the temporary restraining order in adversary proceeding 26-01097 (LGB) (the "Preliminary Injunction Deadlines").

15. In the alternative, and especially with respect to the Preliminary Injunction Deadlines, Becker Glynn seeks provisional relief to enable the Debtor to act as his own counsel pending the hearing and determination of this motion. Indeed, the Debtor stated in Exhibit A discharging Becker Glynn that he wishes to serve as his own counsel.

16. In addition, if the Motion is granted, the Debtor should be given relief from the Cease and Desist Order, because it was predicated on the Debtor's being represented by counsel.

17. Notice of this motion is being given to the Debtor, the Office of the United States Trustee, and all counsel that have filed notices of appearance in the main bankruptcy case or have otherwise appeared in the main bankruptcy case or in any of the above-captioned adversary proceedings. It is respectfully submitted that such notice should be deemed sufficient.

---

[2] Because the Debtor is an individual, the deadline for a final ruling on a motion for relief from the automatic stay, absent the parties' consent or a finding by the court of cause, is 60 days after a request. 11 U.S.C. § 362(e)(2).

18. A declaration of Alec P. Ostrow attesting to the facts set forth herein is attached hereto as Exhibit B.

19. A proposed order granting the motion to withdraw as counsel is attached hereto as Exhibit C.

20. Although Becker Glynn previously stated in open court in August 2026 that it intended to seek to withdraw as counsel, that statement was subsequently retracted in open court, and Becker Glynn did not make a motion to withdraw then or at any other time. As a result, no previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, Becker Glynn respectfully requests that it be granted leave to withdraw as counsel for the Debtor as debtor and debtor in possession in the main bankruptcy case and in the above-captioned adversary proceedings, and that Becker Glynn be granted such other and further relief as is just.

Dated: New York, New York
October 22, 2026

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

By: */s/ Alec P. Ostrow*

Alec P. Ostrow
aostrow@beckerglynn.com
299 Park Avenue, 16th Floor
New York, NY 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255

*Attorneys for Jeffrey Solomon Simpson, as Debtor and Debtor in Possession*