At Part 3 of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York on the 2nd day of February 2024

PRESENT: Hon. Joel M. Cohen
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

--------------------------------------------------------------------x

JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ ARCH LLC,

*Plaintiffs*

-against-

JARED CHASSEN and FIRST REPUBLIC BANK,

*Defendants*

--------------------------------------------------------------------x

JARED CHASSEN, individually and derivatively on behalf of JJ ARCH LLC, as member, and derivatively on behalf of ARCH REAL ESTATE HOLDINGS LLC, as member of JJ ARCH,

*Counterclaim Plaintiff*

-against-

JEFFREY SIMPSON and YJ SIMCO LLC,

*Counterclaim Defendants*

Index No. 158055/2023

Mot. Seq. 007

Justice Joel M. Cohen

**ORDER TO SHOW CAUSE**

-and-

JJ ARCH LLC and
ARCH REAL ESTATE HOLDINGS LLC,

*Nominal Defendants*

---------------------------------------------------------------------x

608941 NJ, INC.

*Plaintiff*

-against-

JEFFREY SIMPSON, JJ ARCH LLC and ARCH REAL
ESTATE HOLDINGS LLC,

*Defendants*,
-and-

ARCH REAL ESTATE HOLDINGS LLC,

*Nominal Defendant*

---------------------------------------------------------------------x

**ORDER TO SHOW CAUSE**

Upon the annexed affirmation of Allen Schwartz, Esq., together with its exhibits, the annexed affirmation of Jared Chassen, together with its exhibits, the amended counterclaims, the memorandum of law, and all documents cited therein, the opposition filed on February 1, 2024, and all pleadings and proceedings had herein, and for the reasons stated on the record at the February 2, 2024 hearing:

LET Jeffrey Simpson ("Simpson") and JJ Arch LLC and its counsel show cause before this Court, at Part 3, Room 208, at the Courthouse located at 60 Centre Street, New York, New York **on June 6, , 2024, at 9:30 a.m.** or as soon thereafter as counsel can be heard, why an order should not be entered:

(1) pursuant to CPLR 6401 and the court's plenary power appointing a temporary receiver (the "Receiver") to: (a) manage and take control of JJ Arch LLC's ("JJ Arch") membership and managerial interests in 225 HPR LLC, 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC aka 550 Metropolitan Ave LLC, 146 E. 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, 146 E. 89 Borrower 3 LLC, and any subsidiaries of the aforementioned entities (together "the JJ Arch Controlled Entities"), and any properties or assets held or owned by the JJ Arch Controlled Entities, (b) manage and take control of JJ Arch's and the JJ Arch Controlled Entities' funds, records, and bank accounts; (c) make or proceed with any and all insurance claims on behalf of JJ Arch and the JJ Arch Controlled Entities, and manage any such claims; (d) select, retain, and manage the legal representation for JJ Arch in this action and for 146 E. 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, 146 E. 89 Borrower 3 LLC in the foreclosure proceeding captioned *146 89 Funding LLC v. 146 E. 89 Borrower 1 LLC, et. al.*, Index No. 850101/2024 (N.Y. Co.) (the "Foreclosure Action") in consultation with Chassen and Simpson (collectively, the "Property"), on the grounds that JJ Arch's assets cannot be properly safeguarded, preserved and protected, and there is danger that the Property will be materially injured or destroyed, without a Receiver during the pendency of the proceeding and the resolution of the claims between the two members of JJ Arch;

(2) issuing a temporary restraining order and preliminary injunction barring and enjoining Simpson without Chassen's consent (a) from transferring, encumbering, selling, or otherwise disposing of any JJ Arch or JJ Arch Controlled Entities

assets, (b) from transferring, encumbering, selling, or otherwise disposing of assets that are or were to be conveyed to Chassen under the August 1, 2023 contract between Simpson and YJ Simco LLC and Chassen (the "August 1 Contract"), (c) from taking any distributions from JJ Arch or the JJ Arch Controlled Entities assets, (d) from interfering with Chassen's right to co-manage HPR LLC as provided in the August 1 Contract; and (e) from paying for Simpson's counsel in this action from JJ Arch funds without posting an undertaking to JJ Arch as required by Section 10.3 of the JJ Arch LLC Operating Agreement;

(3) issuing a temporary restraining order and preliminary injunction requiring that Simpson provide Chassen with full viewing access of the bank accounts of JJ Arch and the JJ Arch Controlled Entities and that Simpson provide Chassen with the JJ Arch and JJ Arch Controlled Entities' books and records as requested by Chassen in his books and records demand;

(4) disqualifying Steven Altman, Esq., Altman & Company P.C., and DLA Piper US LLP, and any other counsel, from representing JJ Arch or Simpson as conflicted by their representation of both Simpson and JJ Arch in this proceeding and in the event a receiver is not appointed to retain counsel for JJ Arch, requiring that Chassen consent to any retention for JJ Arch pursuant to Section 3.1(b) of the JJ Arch LLC Operating Agreement and conflict waiver rules;

(5) pursuant to CPLR 2201 staying this action for at least 30 days to enable JJ Arch to obtain independent counsel; and

(6) granting such other and further relief as the Court deems just and proper.

**SUFFICIENT CAUSE THEREFORE APPEARING**, it is

**ORDERED** that, pending the hearing of this motion, Simpson, and all acting in concert with him, are enjoined and restrained from: (1) selling, transferring, or encumbering JJ Arch assets, or assets owned or controlled by the JJ Arch Controlled Entities, without Chassen's written consent under Section 3.2 of the JJ Arch Operating Agreement (as amended), which consent shall not be unreasonably withheld; (2) making distributions to themselves from JJ Arch's or the JJ Arch Controlled Entities' accounts in a way that contravenes Article 5 of the JJ Arch Operating Agreement (as amended); and (3) using JJ Arch's or JJ Arch Controlled Entities' funds, or other money drawn directly from JJ Arch or JJ Arch Controlled Entities' accounts to make payments to counsel representing Simpson in a personal capacity; and it is further

HON. JOEL M. COHEN J.S.C.

**ORDERED** that, pending the hearing of this motion, Simpson shall: (1) ensure and continue to ensure that Chassen is provided with online viewing access for all bank accounts of JJ Arch and the JJ Arch Controlled Entities, and (2) provide and continue to provide Chassen with the JJ Arch and JJ Arch Controlled Entities' books and records under the process detailed in Article 6 of the JJ Arch Operating Agreement (as amended); and it is further

HON. JOEL M. COHEN J.S.C.

**ORDERED** that except as provided herein, nothing abrogates or supersedes the Court's November 22, 2023 Decision and Order, NYSCEF No. 419, which otherwise remains in full force and effect; and it is further

**ORDERED** that nothing herein abrogates or supersedes paragraph 2 of the Court's November 22, 2023 Amended Decision and Order, NYSCEF No. 418, which remains in full force and effect; it is further

**ORDERED** that opposition briefs supplementing those already filed in connection with the motion-in-chief and principal briefs on cross-motions, if any, be served, noticed, filed, and uploaded to NYSCEF as appropriate **on or before March 22, 2024**; it is further

**ORDERED** that reply briefs in further support of the motion-in-chief and opposition to cross-motions, if any, be served, noticed, filed, and uploaded to NYSCEF as appropriate **on or before April 19, 2024**; it is further

**ORDERED** that the parties shall confer and submit a joint proposed witness list (in connection with both MS 007 **and** MS 008) **on or before April 30, 2024**, which list shall identify the witnesses and which party intends to call them and may include one brief sentence explaining why that witness is necessary; it is further

**ORDERED** that reply briefs in further support of cross-motions, if any, be served, noticed, filed, and uploaded to NYSCEF as appropriate **on or before May 17, 2024**; it is further

**ORDERED** that the parties shall confer and submit one joint filing (in connection with both MS 007 **and** MS 008), including all pre-marked exhibits, and indicating whether they are Joint Exhibits ("JX"), plaintiff Simpson's proposed exhibits ("PX"), defendant Chassen's proposed exhibits ("DX"), or intervenor Oak's proposed exhibits ("IX"), **on or before May 23, 2024**; it is further

**ORDERED** that the parties upload a copy of the transcript of the February 2, 2024 hearing to NYSCEF upon receipt; it is further

**ORDERED** that service of this Order and annexed affidavits upon the parties and their counsel via NYSCEF **and via email to counsel for all parties** **on or before February 9, 2024**, be deemed good and sufficient service thereof.

[Signature page follows.]

ENTER:

Hon. Joel M. Cohen, J.S.C.

Date: 2/7/24