SCHWARTZ LAW PLLC

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

**VIA ECF**

October 29, 2026

Honorable Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re: Letter Regarding Debtor Jeffrey Simpson's Latest Request for a Criminal Investigation of Jared Chassen, *In re Simpson*, Case No. 26-10359 (LGB) (Bankr. S.D.N.Y.).**

Dear Judge Beckerman:

I write on behalf of Jared Chassen to briefly address Debtor Jeffrey Simpson's latest request to this Court to refer Mr. Chassen for a criminal investigation. ECF No. 191. In July 2026, Your Honor forwarded Mr. Simpson's letter containing baseless allegations of criminal misconduct against Mr. Chassen to the US Attorney's Office and New York Attorney General at Mr. Simpson's request, and over Mr. Chassen's objection that doing so would only encourage Mr. Simpson's vexatious behavior. *See* ECF Nos. 120, 125-127. This week, Mr. Simpson told the Court that he just wishes to be left alone and to move on, complaining that "[i]f they would just go away, I can move on . . . But they won't go away because there's no money to grab from me, they just want to hurt me. But when people are vindictive, that is a crime. You know it and I know it." Ex. 1, *In re Simpson*, 26-10359-lgb (Bankr. S.D.N.Y.), Oct. 26, 2026 Conf. Tr. at 112:5-10. But Mr. Simpson's actions speak louder than his words: rather than seek to avoid litigation with Mr. Chassen, he has initiated multiple, wasteful civil actions against Mr. Chassen in this bankruptcy proceeding, whereas Mr. Chassen has not filed a proof of claim. And now, Mr. Simpson is again asking this Court to recommend criminal actions against Mr. Chassen.[1]

As Mr. Chassen predicted in July 2026, Mr. Simpson was not placated by Your Honor's July 2026 letter to law enforcement. ECF Nos. 120, 125-127. Mr. Simpson's latest request comes on the heels of his attempted emotional blackmail of the Court, where he has implied that he may physically harm himself if the Court does not accede to his demands. Ex. 2, *Simpson v. Arch Real Estate Holdings, LLC*, 26-01097-lgb (Bankr. S.D.N.Y.), Oct. 19, 2026 Conf. Tr. at 36:14-21 (if this court is "the last stop on the train, its either you start listening or then what. Then put a bullet through my head and you're going to put up with that? Are you going to sleep at night?

[1]And since Mr. Simpson filed this bankruptcy, he has shirked his obligations as a debtor-in-possession and blown hundreds of thousands of dollars in estate resources for JJ Arch vehicles and tools he has said he deems to be junk. *See* ECF Nos. 180-182.

Because you wouldn't listen or the feds wouldn't listen. So please start listening. So please start listening. Start listening to what's happening here. My life's been ruined. And you're not doing anything about it."); *id.* at 38:20-21 ("If you're the last stop of the train, don't act like it. And give me a chance to deal with these pieces of crap who have ruined my life."); *id.* at 39:3-7 ("But I'm telling you right now, if I watch those questions and Wiener starts ducking them, I'm shutting it down and I'm sending whatever letter I have to do or I'm appealing and I'm done with you and done with this fucking process . . .").[2]

At a conference with the Court on Monday, October 26, 2026, Mr. Simpson yelled and cursed at the Court and counsel, in a display unlike anything the undersigned has ever witnessed. Ex. 1, Oct. 26, 2026 Conf. Tr. at 51:1-4 ("I'll represent myself. And I will rip them new assholes in front of you and use every damn document of every place they did criminality. And you will see it. And if you don't want to see it, recuse yourself. Do it now."); *id.* at 52:7-55-5 ("And you'd have the nerve to sanctioning me? Are you out of your mind? . . . Please recuse yourself on grounds of being prejudicial. And I'll make the motion. No problem. I'm tired of this crap for a year and a half now. A year and a half it's play this game. There's no more games . . . THE COURT: Okay. Mr. Simpson –– MR. SIMPSON: So do something about it finally, God damn it. THE COURT: Okay. Mr. Simpson, enough. MR. SIMPSON: Okay. And no. Enough from you . . . You're not fit for this case. I am asking for your recusal . . ."); *id.* at 55:19-24 ("No lawyer wants this because they can't believe that this is evidentiary record that's so in my favor, but the judges like you keep dealing against it because they spend more lawyers, and you love their lawyers. You love their lawyers. You're friends with Mr. Bunin, Mr. Koevary."); *id.* at 56:12-17 ("You go to your rule book, but you forget about everything that's judicial. You forget about everything that's lawful. You forget about the collusion. You forget about the collaboration they have against me. You forget about all of it. You don't care about anything they've done to get us here. You just care about your little rule book for today."); *id.* at 99:17-100:4 ("if you don't want to do the job, then I'll ask for recusal because you clearly don't want to do the job. You want to keep burning through my livelihood, wasting hundreds of thousands of dollars and my time to – to not deal with the issues because you're protecting Judge Cohen. You're protecting the Wieners, and the lawyers. I don't know what it is, but none of this is legal. None of this is proper. And you've allowed it for a year and a half. So I guess I try to do the best I can, and most likely it won't work because they all love you. They all love each other. And I'm part of your little club where you guys hold your conferences together. But yeah, I'm a smart guy, screwed because of you all.").

Mr. Chassen wishes to make clear for the record that he objects to Mr. Simpson's request, denies any allegation of wrongdoing, and reserves all his rights. Indeed, it is Mr. Simpson who has provided knowingly false testimony in this proceeding, not Mr. Chassen.[3] Mr. Chassen will

---

[2] Mr. Simpson has also implied that he may act violently towards Mr. Chassen, prompting Mr. Chassen to send a letter to this Court alerting the Court to Mr. Simpson's threatening behavior. ECF No. 164.

[3] *See, e.g.*, ECF No. 19, Official Form 106 A/B at pg. 89, 107 (Mr. Simpson swearing YJ Simco LLC is the 100 percent owner of JJ Arch LLC when in prior proceedings he repeatedly swore YJ Simco had nothing to do with JJ Arch). In the YJ Simco bankruptcy proceeding, this Court even warned Mr. Simpson that it might have to report him for potentially violating 18 U.S.C. § 157 if he continued to submit sworn statements that YJ Simco was the 100% owner of JJ Arch. *See In re YJ Simco*, 25-10437-lgb (Bankr. S.D.N.Y.), Jan. 14, 2026 Conf. Tr. at 11:1-2. In prior proceedings, Mr. Simpson swore YJ Simco had no ownership of JJ Arch. *See In re JJ Arch LLC*, Case No. 24-10381

respond in greater detail should the Court be inclined to entertain Mr. Simpson's baseless request. But to be clear, Mr. Simpson's own submission confirms that Mr. Chassen's testimony to this Court was not false, let alone knowingly and fraudulently false.

Mr. Chassen testified that he took a vehicle from Rever Motors after March 2025, a 1993 230GE Mercedes, that belonged to Mr. Chassen and his family. Mr. Simpson asserts, however, that this is false because this "G-Wagon" vehicle belongs to Mr. Simpson. ECF No. 191 at 2. But Mr. Simpson admits that he conveyed title to Mr. Chassen in February 2024 "with the hope of settling disputes with him." *Id.* at 12. Thus, by his own testimony, as of February 2024, Mr. Chassen had title to the vehicle. Moreover, Mr. Simpson contends that even before that he "allowed Mr. Chassen to use this car from time to time" and Mr. Chassen was "supposed to receive the vehicle back from me in a somewhat of a restored condition . . ." *Id.* at 14.

Mr. Simpson also claims that the "[t]he deposition testimony of Mr. Chassen about two G-Wagons contradicts his testimony in open court about one G-Wagon." ECF No. 191 at 17. Specifically, according to Mr. Simpson, Mr. Chassen contradicted himself when he was asked "did the receiver let you take any other vehicle" and Mr. Chassen responded "No." *Id.* Mr. Simpson does not explain how this testimony about vehicles the receiver allowed him to take is contradictory, must less willfully or fraudulently so. At his deposition, Mr. Chassen testified that Mr. Simpson, "out of spite, from what he told me in person, removed the motor, the grill, the seats, the wheels [of Mr. Chassen's G-Wagon] and put it into another shell of a car, so I took the shell of the car on the trailer that I also personally owned that I showed Mr. Huebscher the title." June 2, 2026 Chassen Dep. Tr. at 122:13-19. When asked "if he totally stripped the wagon, what did you take back and how did you take it back," Mr. Chassen responded, "I took the shell of the car that was mine with -- I -- I had to tow it 'cause it was not drivable. And then I took a second G-Wagon with all the parts from my car. It was a parked car, and I took that car with all the parts on it." *Id.* at 123:5-24.[4] At the hearing, Mr. Ostrow asked Mr. Chassen about this deposition testimony and Mr. Chassen confirmed that this was his testimony. *Simpson v. Huebscher*, 26-01013-lgb (Bankr. S.D.N.Y.), June 25, 2026, Hr. Tr. at 11:4-12:10. In other words, Mr. Chassen testified at his deposition that he took a shell that belonged to Rever Motors that had his engine and parts and a shell that he had title to that was now missing all of its parts because of Mr. Simpson. It is not apparent how Mr. Chassen even purportedly contradicted himself when he was asked "did the receiver let you take any other vehicle" and he responded "No." *Id.*

Mr. Simpson, by his own admission in this request and elsewhere, has already brought his baseless allegations, nearly all of which do not involve this bankruptcy, to numerous law enforcement agencies, without success even after the Court's July 2026 letter. Mr. Simpson appears to believe that if Your Honor is seen to give the Court's stamp of approval to Mr. Simpson's baseless allegations of criminality, he will get special treatment, and that it will

---

(JPM) (Bankr. S.D.N.Y.), ECF No. 1, JJ Arch Bankruptcy Petition; *See* JJ Arch at ECF No. 184, JJ Arch Proposed Disclosure Statement and Plan of Reorganization; *See* JJ Arch at ECF No. 174-1, Section 341 Creditors Meeting Tr. at 54:19-21; *see also id.* at p. 55; *see also Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) ("State Court Action"), NYSCEF Doc. No. 1374 at 70:7-73:19; *id.* at 140:7-11 (emphasis added); *see also id.* at 140:14-143:9. Simpson also lied to the Court about Chassen not investing in 1640 Motors LLC a/k/a Rever Motors. *See* June 10, 2026 Hr. Tr. at 87:5-88:15, 126:1-15.

[4] Mr. Simpson himself has testified that he "chose to pull the engine out" of that car. *See* June 6, 2026, Simpson Dep. Tr. at 247:4-10.

prompt law enforcement to do that which law enforcement has not seen fit to do in the ordinary course. In other words, Mr. Simpson has sought to weaponize this Court, treating it not as an impartial arbiter of disputes. This Court should not intervene with law enforcement to pursue criminal investigations of Mr. Chassen at Mr. Simpson's baseless requests. This is even more true in the backdrop of Mr. Simpson's repeated abuse, defiance, and contempt of the Court.[5]

Mr. Chassen reserves all his rights.

Sincerely,
/s/ Allen Schwartz
Allen Schwartz, Esq.

cc: counsel of record via ECF.

[5] *See, e.g.*, ECF Nos. 152, 167.