**Objection Deadline: Nov 6, 2026**

**Jeffrey Simpson**
**1055 Park Ave, 4**
**New York, NY 10028**

**Regarding Motion to Withdraw as Counsel for Jeffrey Solomon Simpson, as debtor, and debtor in possession in the Main case and all Related Adversary Proceedings.**

**In Re, Motion prepared and filed Oct 22, 2026 by:**

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*As Prose to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB)<br>Adv Proceedings: 26-01013, 26-01015, 26-26-01045, 26-01046, 26-01097 |

**DEBTOR'S OBJECTION TO MOTION OF BECKER, GLYNN, MUFFLY, CHASSIN, &HOSINSKI, LLP TO WITHDRAW AS COUNSEL TO DEBTOR AND DEBTOR IN POSESSION**

Jeffrey Solomon Simpson, the debtor and debtor in possession herein (the "Debtor"), as Pro Se, as and for my objection (the "Objection") to the motion (the "Motion") of Becker, Glynn, Muffly, Chassin, & Hosinski ("Becker Glynn"), as Counsel for Debtor and Debtor in

Possession, for an Order to deny the withdrawal on the Main case and all Adversary Proceedings, except for 26-01097, Simpson vs. Arch Real Estate Holdings, respectfully sets forth and represents:

1. The Debtor **DOES NOT** object to an order granting relief sought of Becker Glynn's Motion for Withdrawal for the Adversary Proceeding 26-01097, for the reasons described below.

2. The Debtor **DOES** object to the relief sought by Becker Glynn on the Main case and all other Adversary proceedings, except as stated in 1 above (26-01097).

**Background / Relief Sought:**

3. Becker Glynn was retained by the Debtor and Debtor in Possession, subject to the proceedings in this Court and Court Approval, docket #63 dated May 8th, 2026 In conjunction with this representation, there was much opposition by alleged creditors related to the cases in this Court. The specific parties that raised these issues were the same group that collusively attack me for 3 years now and have no problem working tirelessly to make sure that I do not have counsel for representation, including but not limited to 35 Oak, AREH, Chassen, and Huebscher (as Receiver). During the retention application process, I reminded the Court that the only way to find compensation for Becker Glynn was to provide a mortgage against an indirect affiliated asset (1055 Park Ave St). Even though the real property is not owned by the Debtor, it has a relationship through the ownership structure of my wife, Yael Simpson. The Court asked for an affidavit from her, and it was provided.

4. If the Court refers to the Becker Glynn retention application, it states the reason why me, as Debtor require counsel [1] for this very intricate and complicated case. It is unquestionable that counsel is required to handle the procedures and processes to settle debts, claims, and finalize a restructuring / plan.

5. Unfortunately, as I have stated to this Court in the past, I believe that much of the legal costs incurred by Becker Glynn were caused by countless motions/ and or processes that required response, including but not limited to the disaster surrounding the receiver actions

6. It is not surprising that the moment the opposition see that the Debtor may have legal counsel troubles (again, based on their own frivolous actions to create a conflict), they seek a Motion to Dismiss. Of Course they could have sought this earlier, if they chose to but it is clearly situated that I will not be able to reply suitably (with counsel) and that causes great risk to the Debtor and the estate.

7. Conflict of Interest – the moment the collusive group of creditors or opposition (led by Oak / Wiener) sought to sue Becker Glynn in NYS, a conflict was formed instantly. Becker Glynn does have third party counsel defending this action but by default their motivation and that of the Debtor do not align. This commenced in June of 2026. The moment this started, it caused difficult conversations between me and Mr. Ostrow. The same case sues Mrs. Yael Simpson, personally and entities affiliated with the debtor and spouse.

---

[1] AREH sued Great American insurance for providing defense coverage for the Debtor and affiliates. Chassen made competing claim at the same time even though there is proof of payment from Oak to Chassen for legal costs – this is unlawful under NYS Law. This occurred during the JJ Arch bankruptcy proceedings in this District. Those events caused an interpleader request by the insurance carrier. There is currently a turnover adv. Proceeding to inquire resolution on this matter.

Additionally, related parties Chassen and Huebscher jointly suggested criminal contempt of the Debtor and former counsel Benjamin Rajotte in the main NYS action. Mr. Rajotte was released by NYS State judge Joel Cohen, but that was also intended to cause conflict and to be malicious.

8. Next steps – Becker Glynn wants to be dismissed from the case, this is an objection for the Motion for Withdrawal and the proposed prayer for relief is stated, it is the belief of the debtor that Becker Glynn ultimately will need a path to withdraw. The debtor believes that the timing does not work and causes irreparable harm in the short term here. To the extent that the Court agrees with the proposal by the debtor (above), the debtor has commenced dialogue with other Bankruptcy lawyers so that there can be a smooth transition and this will take time and compensation (subject to Court approval). The debtor will use best efforts to effectuate this transition solution, but it could easily hinged on the results of the insurance turnover action and if the Court approves funds for legal representation through the DIP funds.

The debtor appreciates the Court's time in carefully considering the ramification if Becker Glynn as allowed to be withdrawn in the near future.

The debtor pleads to the Court to STOP the debtor's counsel withdrawal as stated and pray for relief, pursuant to the bankruptcy code.

WHEREFORE, the Debtor respectfully requests that the relief sought in this Opposition to Withdrawal of Counsel.

Dated: New York, New York
November 6, 2026

Jeffrey Solmon Simpson as Debtor and
Debtor in Possession

By: *Jeffrey Simpson*

Jeffrey Simpson
1055 Park Avenue, 4
New York, New York 10028
6467532872
Jsimpson001@icloud.com



4920-2497-3500 v.1