BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Jeffrey Solomon Simpson,*
*as Debtor and Debtor in Possession*

**Hearing Date: November 13, 2026, at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, and JARED CHASSEN,<br><br>Defendants. | Adversary No. 26-01013 (LGB) |
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY SIMPSON, JAREN CHASSEN, WIGGIN AND DANA LLP, GRIFFIN LLP, And OFFIT KURMAN P.A.<br><br>Defendants. | Adversary No. 26-01015 (LGB) |

| | |
|---|---|
| ERIC HUEBSCHER, as Receiver,<br>Plaintiff,<br>- against -<br>JEFFREY SOLOMON SIMPSON,<br>Defendant. | Adversary No. 26-01045 (LGB) |
| 608941 NJ INC.,<br>Plaintiff,<br>- against -<br>JEFFREY SOLOMON SIMPSON,<br>Defendant. | Adversary No. 26-01046 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br>Plaintiff,<br>- against -<br>GREAT AMERICAN INSURANCE COMPANY, ARCH REAL ESTATE HOLDINGS, LLC, JARED CHASSEN, WIGGIN AND DANA, LLP, GRIFFIN LLP, OFFIT KURMAN PA, and JOHN DOES 1-10,<br>Defendants. | Adversary No. 26-01079 (LGB) |

| | |
|---|---|
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB) |

**REPLY OF BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP IN FURTHER SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR JEFFREY SOLOMON SIMPSON, AS DEBTOR AND DEBTOR IN POSSESSION IN MAIN CASE AND ALL RELATED ADVERSARY PROCEEDINGS**

The reply (the "Reply") of Becker, Glynn, Muffly, Chassin & Hosinski LLP ("Becker Glynn") in further support of its motion (the "Motion") to withdraw as counsel for Jeffrey Solomon Simpson (the "Debtor"), as debtor and debtor in possession in the main case and all related adversary proceedings, pursuant to Local Bankruptcy Rule 2090-1(e), and for preliminary relief pending the hearing and determination of the Motion, respectfully sets forth and represents:

1. Three objections have been filed to Becker Glynn's motion to withdraw, one by the Debtor, and the other two by creditors, Gregg Stuart and Sima Reid, the Debtor's aunt. Notably, none of these objections deals with the grounds for withdrawal, namely, that Becker Glynn was discharged by the Debtor and that there has been an irreparable breakdown in the attorney-client relationship.

2. Little need be said about the creditors' objections. They are not privy to the attorney-client relationship. They neither can nor do dispute the basis for the Motion. Any theoretical disadvantage they may suffer as creditors from the granting of the Motion is not a

basis to deny the Motion. These creditors are not parties to any pending motion in the bankruptcy case or to any of the pending adversary proceedings. As a result, these creditors cannot complain, and have not complained, that they are directly prejudiced as parties in any pending litigation in this court. *See Charles Weiner Corp. v. D. Jack Davis Corp.*, 113 Misc.2d 263, 266, 448 N.Y.S.2d 998, 1000 (N.Y. Civ. Ct. N.Y. Cnty. 1982) ("Generally, a party has no right to object to the withdrawal of their opponent's counsel because their rights would not be affected by the withdrawal.") Their objections should be overruled.

3. As to the Debtor, notably, his objection does not challenge that he discharged Becker Glynn, the consequence of which was Becker Glynn's requirement under Rule 1.16(a)(4) of the New York Rules of Professional Conduct, to seek to withdraw. This is an independent ground for granting the Motion. Nor does the Debtor challenge Becker Glynn's statement that there has been an irreparable breakdown in the attorney-client relationship. This is also an independent ground for granting the Motion. Indeed, in paragraph 7 of the Debtor's objection, the Debtor refers to the litigation against Becker Glynn in state court, and states, "The moment this started, it caused difficult conversations between me and Mr. Ostrow." The Debtor's objection also does not challenge the statement in the Motion that "the Debtor has repeatedly taken actions with which Mr. Ostrow profoundly disagrees and against the advice of counsel."

4. Moreover, the Debtor's objection states that he does not object to Becker Glynn's withdrawal in adversary proceeding 26-01097. Debtor's Objection ¶ 1. The Debtor's objection to Becker Glynn's withdrawal from the main case and the other adversary proceedings, however, is not based on the merits, but on timing. The Debtor thus acknowledges the basis for Becker Glynn's withdrawal, but limits his opposition to when the withdrawal takes effect, stating:

"Becker Glynn ultimately will need a path to withdraw. The debtor believes that the timing does not work and causes irreparable harm in the short term here." *Id.* ¶ 8.

5. It is respectfully submitted that the way to address the Debtor's timing issue is to give him more time to deal with pending matters and to try to obtain replacement counsel, not to require Becker Glynn to work involuntarily and indefinitely despite the fact that the attorney-client relationship has uncontestably, irreparably broken down.

6. As stated in the Motion, the publicly disseminated email from the Debtor, dated October 21, 2026, in which he states, "there will be no more Mr. Ostrow in this case," is not the only publicly disseminated statement evidencing his discharge of Becker Glynn or the irreparable breakdown of the attorney-client relationship. On October 23, 2026, the day after the Motion was filed, the Debtor filed an email in the main case at ECF Doc. 186, a copy of which is annexed hereto as Exhibit A, which states in relevant part:

> Mr. Ostrow did not seek what was necessary from Kevin Wiener, I voiced it on multiple occasions and I was ignored. I advised that the attorney relationship was deteriorating on multiple occasions and I gave notice in advance of the Wiener deposition of the agenda of the debtor. My wishes were not respected by any party including Mr. Ostrow and this Court.

The reference to Mr. Wiener concerned his deposition in connection with the motion for a preliminary injunction in adversary proceeding 26-01097, which occurred on October 20, 2026. Indeed in the morning of October 20, 2026, the Debtor publicly disseminated an email regarding the upcoming deposition of Mr. Weiner, a copy of which is annexed hereto as Exhibit B, which states in relevant part:

> I do not believe Mr. Ostrow is prepared and I have not had communication with him (post the Conference) after multiple attempts. He knows my questions and my concerns and I'll leave it at that.



4935-7761-9935 v.1

* * * * * * * * *

> If Mr. Ostrow is not willing to ask the questions relating to the vindictive actions that these people have taken on my family for three years, without merit or authority, he is hereby terminated (subject to the court who said yesterday that I have every opportunity to terminate if I need to.)

7. In addition, at the hearing held before this Court on October 26, 2026, on the interim relief requested in the Motion, the Debtor displayed his dissatisfaction with Becker Glynn's representation of him. A copy of the transcript of this hearing has been filed with the Court in the main case on October 29, 2026, as ECF Doc. 193-1, as an exhibit to a letter to Judge Beckerman from Allen Schwartz, Esq.

8. In short, the grounds for granting Becker Glynn leave to withdraw are both undisputed and mandatory under the New York Rules of Professional Conduct. This Court should not compel Becker Glynn to continue an attorney-client relationship, which definitionally must be based on trust and confidence when it is clear that neither trust nor confidence is present.[1]

[The remainder of this page is intentionally left blank.]

[1] The fact that Becker Glynn has acted after the filing of the Motion on behalf of the Debtor, by filing a monthly operating report and a motion to extend a deadline expiring shortly after the hearing on this Motion, does not support forcing Becker Glynn to continue involuntarily as the Debtor's counsel while he searches for a replacement. In accordance with Rule 1.16(e) of the New York Rules of Professional Conduct, "[e]ven when withdrawal is otherwise permitted or required," Becker Glynn has taken "steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client." Becker Glynn's having taken such steps as required by these rules does not belie the irreparable breakdown of the attorney-client relationship, and the upcoming deadlines in the main case and the adversary proceedings will likely require significant attorney-client on matters with which the Debtor and counsel do not agree.

WHEREFORE, Becker Glynn respectfully requests the Court grant it leave to withdraw as counsel for the Debtor as debtor and debtor in possession in the main bankruptcy case and in the above-captioned adversary proceedings, and that the Court grant Becker Glynn such other and further relief as is just.

Dated: New York, New York
November 10, 2026

BECKER, GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP

By: */s/ Alec P. Ostrow*
Alec P. Ostrow
aostrow@beckerglynn.com
299 Park Avenue, 16th Floor
New York, NY 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255

*Attorneys for Jeffrey Solomon Simpson,
as Debtor and Debtor in Possession*