**Hearing Date: December 1, 2026, at 10:00 a.m.**
**Objection Deadline: November 24, 2026**

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |

**DEBTOR'S THIRD MOTION TO EXTEND THE TIME TO FILE**
**<u>NOTICES OF REMOVAL OF CIVIL ACTIONS</u>**

Jeffrey Solomon Simpson, the debtor and debtor in possession herein (the "Debtor"), by his counsel, as and for his third motion to extend the time to file notices of removal of civil actions (the "Motion"), respectfully sets forth and represents:

## Introduction

1. On February 19, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. As a result, the Debtor became a debtor in possession, pursuant to section 1101(1) of the Bankruptcy Code, and has continued in possession of his property, pursuant to section 1107 of the Bankruptcy Code. No trustee or committee has been appointed.

## Jurisdiction and Venue

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3. The Debtor seeks an order, pursuant to section 105(a) of the Bankruptcy Code, 28 U.S.C. § 1452, Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of this Court, extending the time for the Debtor to file notice of removal of civil actions for 90 days to February 25, 2027, without prejudice to further extensions. A proposed order granting the relief requested is attached hereto as Exhibit A.

## Basis for Relief Requested

4. The bankruptcy removal statute provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

5. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of action under the bankruptcy removal statute, and provides in pertinent part:

> If a claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these time periods:
>
> (A) 90 days after the order for relief in the bankruptcy case;



4920-6638-1024 v.1

> (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay has been entered; or
>
> (C) in a Chapter 11, 30 days after a trustee qualifies – but not later than 180 days after the order for relief.

6. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend unexpired time period, including the one for removals under the bankruptcy removal statute. It states:

> This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may – at time and for cause – extend the time to act if:
>
> (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or
>
> (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Significantly, neither paragraph (2) nor paragraph (3) provides an exception to the above general rule for notice of removal under Bankruptcy Rule 9027.

7. Courts have recognized the ability of the bankruptcy court extend the time for filing of notices of removal under the above-cited authority or its predecessors. *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989).

8. As a result of the Order Extending Time to File Notices of Removal of Civil Actions, entered on May 26, 2026 [ECF Doc. 69], which was granted in response to the first motion for an extension of time, the deadline for filing notices of removal under Bankruptcy

Rule 9027(a)(2)(A), is currently August 17, 2026. The order provides that the extension was without prejudice to further extension. The Debtor is a party to numerous prepetition lawsuits. A list of lawsuits as set forth in the Debtor's Statement of Financial Affairs [ECF Doc. 22], is attached hereto Exhibit B. Only the state court lawsuits that are on such list would be eligible for removal under the bankruptcy removal statute. One lawsuit that will not be removed is *Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Sup. Ct., N.Y. Ctny.), because the Debtor is the subject of an anti-removal injunction issued in *Simpson v. Chassen*, No. 25 Civ. 04004 (JAV). The Debtor sought and was denied relief from the anti-removal injunction.

9. The Debtor seeks an extension of an additional 90 days because the Debtor has been involved in a significant litigation in the main case and in several adversary proceedings pending in this court. Such litigation includes regarding several motion for relief from the automatic stay (or clarification that the stay is not in effect), an evidentiary hearing in adversary proceeding 26-01013 (LGB) regarding the determination of property of the estate and subsequent proceedings following the determination with respect the removal of the property, motions to dismiss in adversary proceeding 26-01046 (LGB) regarding a nondischargeability complaint, motions to dismiss in adversary proceeding 26-01079 (LGB) regarding an insurance turnover complaint, and a motion for a preliminary injunction in adversary proceeding 26-01097 (LGB) regarding a state court lawsuit.

10. As a result, the Debtor has not been able to analyze which of the other numerous prepetition actions would be suitable or desirable for removal. This is the third such motion for an extension of time made by the Debtor.

## Notice

11. The Debtor intends to provide notice of this application to the (i) United States Trustee; (ii) the 20 largest creditors as set forth on Official Form 104 as filed with the Petition, as corrected, where applicable, by the addresses supplied in the proofs of claim filed by such creditors; (iii) all persons who have filed a notice of appearance in this case; and (iv) counsel for all parties to civil actions that the Debtor may seek to remove. It is respectfully submitted that notice to such persons constitutes good and sufficient notice of this application.

## Proposed Order

12. A proposed order granting the relief requested in attached hereto as Exhibit A.

## No Prior Request

13. Except for the first motion seeking an extension of time described above, no prior request for the relief sought in this application has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant an order extending the Debtor's time to file notices of removal for 90 days to February 25, 2027, without prejudice to further extensions, and that the Court grant such other and further relief as is just.

Dated: New York, New York
November 12, 2026

BECKER, GLYNN, MUFFLY, CHASSIN
& HOSINSKI LLP

By: */s/ Alec P. Ostrow*
Alec P. Ostrow
299 Park Avenue
New York, New York 10171
(212) 888-3033
aostrow@beckerglynn.com

*Counsel for Debtor and Debtor in Possession*